# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

2009 JAN 29 PM 2:55

*B. West*

|  |  |  |
|---|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | **CV409 - 021** |
| v. | ) ) | Civil Action No. _____ |
| ARROWHEAD CLINIC, INC., ARROWHEAD MANAGEMENT, INC., HARRY W. BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC., HARRY W. BROWN, JR., HARRY W. BROWN, SR., LEGAL COUNSEL, INC., ROBERT D. STEIN and ROBERT D. STEIN d/b/a ROBERT D. STEIN & ASSOCIATES, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendant Harry W. Brown, Sr. ("Brown, Sr.") hereby removes this action from the State Court of Liberty County, Georgia, Case No. 08-SV-523 ("State Court Action"), to the United States District Court for the Southern District of Georgia. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). As grounds for this removal, Brown, Sr. shows the Court as follows:

### I.     BACKGROUND

1.     On November 21, 2008, Plaintiffs commenced this putative class action in the State Court of Liberty County, in the State of Georgia, against nine separate

Defendants.  Brown, Sr. acknowledged service of Plaintiffs' Complaint on December 30, 2008.

2.      In their Complaint, Plaintiffs allege that they were in a car accident, and thereafter visited the Brown Arrowhead Chiropractic Clinic in Hinesville, Georgia for treatment.  (Compl. ¶ 22).  They hired Defendants Robert D. Stein ("Stein") and Robert D. Stein & Associates ("Stein Firm") after they spoke with a representative of the Stein Firm at the Arrowhead Clinic.[1]  (Compl. ¶¶ 25, 26).  Plaintiffs further alleged that they incurred expenses for chiropractic treatment, that payments made to the chiropractic clinic on their behalf exceeded the expenses incurred, and a refund of $100.00 was wrongfully retained before it was paid.  (Compl. ¶¶ 27, 29, 31).

3.      Plaintiffs bring their claims on behalf of themselves and on behalf of two separate proposed classes.  Class A is defined as follows:

> All persons who have formerly been treated at chiropractic clinics affiliated with the Arrowhead Clinic, Incorporated, Arrowhead Management, Inc., Harry W. Brown, Inc., Harry W. Brown, Sr., Harry W. Brown, Jr. and who entered attorney client contracts with Defendant Stein, the Stein Firm, and/or Legal Counsel, Inc., from September 4, 2004, up to and including the date of class certification, whose claims were settled with an insurance carrier for an individual or entity allegedly responsible for the client patient's personal injury and where a portion of the proceeds of said settlement were used to pay chiropractic expenses incurred by the Brown entities and attorney fees to Defendant Stein, the Stein Firm, and/or Legal Counsel, Inc.

(Compl. ¶ 32).  Class B is defined as follows:

> All persons or entities, whether chiropractic patients, family members, insurers, or third party payors (hereinafter "Payors"), who have paid for chiropractic services rendered to patients at chiropractic clinics affiliated with the Arrowhead Clinic, Incorporated, Arrowhead Management, Inc.,

---

[1]      Harry W. Brown, Inc. ("HWBI") is a corporation operating chiropractic clinics in the Savannah and Brunswick areas, whereas Arrowhead Clinic, Inc. ("ACI") is a corporation operating chiropractic clinics in the Greater Atlanta area. *See* Declaration of Dr. Harry W. Brown, Jr. ("Brown, Jr. Decl.") at ¶ 4, attached hereto as Exhibit "B."

> Harry W. Brown, Inc., Harry W. Brown, Sr., and/or Harry W. Brown, Jr., and where the patient account was not initially credited with these sums received by the chiropractic entity from the Payors, and for which the Payor ultimately received reimbursement, which did not include interest on the funds withheld.

(Compl. ¶32).

4.     This Court has subject-matter jurisdiction over this action, and all claims asserted against all Defendants, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

5.     Because this Court has subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 90(c)(3) and § 1441(a) because the United States District Court for the Southern District of Georgia is the federal judicial district embracing the State Court of Liberty County, in the State of Georgia, where the State Court Action was filed.

7.     This Notice of Removal ("Notice") is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty days after December 30, 2008, the date Brown, Sr. acknowledged service of the Complaint.

8.     Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Brown, Sr. in the State Court Action as of the date of this filing are attached hereto as Exhibit "A."

9.     Pursuant to 28 U.S.C. § 1446(d), Brown, Sr. has filed this Notice with this Court, is serving a copy of this Notice upon counsel for all parties, and is filing a copy of this Notice in the State Court of Liberty County, in the State of Georgia.

- 3 -

10.     The Court may consider the allegations in the notice of removal and any summary judgment type evidence offered by the parties. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

> The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing *Sierminski*, 216 F.3d at 949).

## II.     JURISDICTION UNDER CAFA

11.     This Court's removal jurisdiction is invoked under 28 U.S.C. § 1441 and the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in scattered sections of Title 28 of the United States Code. CAFA became effective on February 18, 2005, and applies to any civil action commenced on or after its date of enactment. Because this action was commenced on November 21, 2008, CAFA applies to it.

12.     Congress enacted CAFA to expand federal jurisdiction over proposed class actions.[2] CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive

---

[2]     Plaintiffs' Complaint constitutes a civil case brought as a class action. Under Section 1332(d), a "class action" includes "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

- 4 -

of interest and costs. *See* U.S.C. §§ 1332(d)(2), (d)(5) & 1453(b); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006).

13.     This action satisfies all the requirements under CAFA for federal jurisdiction.

### A.     The Proposed Class Exceeds 100 Class Members.

14.     The putative class contains at least 100 class members.   Although Plaintiffs do not allege a specific number of members of the two putative classes, Class A is defined as "all persons who have formerly been treated at chiropractic clinics affiliated with ACI, AMI, HWBI, Brown, Sr. [and/or] Brown, Jr., and who entered into attorney client contracts with Defendant Stein, the Stein Firm, and/or Legal Counsel, Inc. from September 4, 2004, up to and including the date of class certification...." (Compl. ¶ 32). As evidenced by the Declaration of Harry W. Brown, Jr., over 2,200 persons have been both patients of ACI or HWBI and clients of Stein or the Stein Firm since September 2004.   (Brown, Jr. Decl. at ¶¶ 6, 8).   If only those patients who actually obtained resolution of their personal injury claim and used a portion of the proceeds to pay chiropractic expenses are included, the number of those patients exceeds 1700.  (Brown, Jr. Decl. at ¶¶ 12, 13).   Accordingly, the requirement that the putative class contain at least 100 class members is satisfied.

### B.     Diversity of Citizenship Exists Under 28 U.S.C § 1332(d)(2)(A)

15.     The minimum diversity of citizenship criteria under CAFA requires that any member of the putative class must be a citizen of a state different from that of any defendant.  Here, Plaintiffs are citizens of the State of Georgia (Compl. ¶ 1).  Brown, Sr. is a citizen of the state of Florida. *See* Declaration of Dr. Harry W. Brown, Sr. ("Brown,

- 5 -

Sr. Decl."), attached hereto as Exhibit "C."   Defendant Stein is a citizen of the state of South Carolina.  *See* Declaration of Robert D. Stein ("Stein Decl."), attached hereto as Exhibit "D"; *see also* Ex. A., Notice of Filing, Exhibit "A", Response to Plaintiffs' First Interrogatories of Defendants Robert D. Stein, Legal Counsel, Inc., and Robert D. Stein d/b/a The Law Offices of Robert D. Stein and Associates, at p. 5.  Accordingly, CAFA's requirement of minimum diversity is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

C.     **The Aggregate Amount in Controversy, Exclusive of Interest and Costs, Exceeds the $5,000,000 Jurisdictional Threshold.**

17.     Plaintiffs' Complaint states that they seek damages, "including, but not limited to," compensatory damages, "disgorgement" of any attorneys' fees or payments obtained by Defendants, punitive damages, and attorney fees. (Compl., pp. 14-15).

18.     Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy is satisfied.  *See* 28 U.S.C. § 1332(d)(6). Courts may include punitive damages and attorneys' fees in determining the amount in controversy when they are pled.  *Blank v. Preventive Health Programs, Inc.*, 504 F. Supp. 416, 421 (S.D. Ga. 1980).  In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. Am. Bankers Ins. Co. of Fla.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); *see also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability").

19.     Although Plaintiffs allege that less than $5,000,000 is in controversy (Compl. ¶ 3), that averment can be overcome by competent proof.  *See Burns*, 31 F.3d at

- 6 -

1095; *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 682 (7th Cir. 2006).  "Even if []  plaintiff[s] state that [their] claims fall below the threshold, this Court must look to see if the plaintiff[s'] actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff[s] state[] that the demands do not. Key to the present matter is that the plaintiff[s'] pleadings are not dispositive.... This Court's task is to examine not just the dollar figure offered by the plaintiff[s] but also [their] actual legal claims." *Morgan v. Gay*, 471 F.3d 469, 474-75 (3rd Cir. 2006) (emphasis added).

20.     **It is clear from the allegations in the Complaint that the amount in controversy exceeds $5 million.**[3] Plaintiffs' Complaint clearly establishes the requisite $5,000,000 amount in controversy using any potential method of calculating controverted damages, including: (1) calculating the total amount of medical charges incurred by all patients of ACI and HWBI that are also clients of the Stein Firm; (2) calculating the total medical charges incurred by all patients of ACI and HWBI that actually obtained settlement through the Stein Firm and used a portion of the proceeds to pay chiropractic expenses; and (3) determining the total amount of money obtained by ACI and HWBI from the Stein Firm in payment of putative class members' medical claims, together with punitive damages and attorneys' fees that are permissibly included when determining the amount in controversy.

21.     **First**, Plaintiffs allege professional negligence against Brown, Sr., Brown, Jr. and the chiropractic clinics, pleading that the chiropractic bills charged by the clinics

---

[3]     Brown, Sr. disputes that Plaintiffs are entitled to bring this action, vehemently denies liability, and contends that neither Plaintiffs nor any putative class members can recover damages on the Complaint; however, for purposes of removal only, Plaintiffs' allegations and the relief sought by Plaintiffs is to be considered in determining the amount in controversy as plead.

are "inflated" and chiropractic services were "overutilized." (Compl. ¶¶ 33, 47). The affidavit of Alan Bragman, D.C. avers that "the course of treatment prescribed exceeds the need for treatment," specifically alleging that putative class members were harmed by Defendants' actions that caused patients to "incur medical bills that are not justified by their physical condition." (Compl., Ex. D, at ¶ 7(a), (b)). Further, Plaintiffs allege they were subjected to a fraudulent "scheme" that caused them to "sustain[] damage… including, but not limited to incurring liability … for chiropractic treatments." (Compl. ¶ 53). In short, Plaintiffs challenge the validity and value of the medical expenses they incurred. Thus, for purposes of determining jurisdictional amount, all medical charges incurred by all putative class members have been put into controversy by Plaintiffs in this dispute.

22.     In total, to date, the common patient-clients of ACI, HWBI and the Stein Firm have incurred medical charges at ACI and HWBI totaling $9,047,864.48. (Brown, Jr. Decl., ¶ 10). This total alone obviously exceeds $5,000,000. Further, this total does not include medical bills incurred by any individuals that may become putative class members from January 1, 2009 "up to and including the date of class certification," as the putative class is defined by Plaintiffs, were a class to be certified. (Compl. ¶ 32). It similarly does not include any medical bills for those putative class members that have not completed their course of treatment. (Brown, Jr., Decl., n. 1). Consequently, this figure will necessarily increase.[4]

23.     **Secondly**, and alternatively, if the putative class is defined more narrowly – including only those patients who are also clients of the Stein Firm that actually

---

[4]     Moreover, it does not include attorneys' fees or punitive damages, both of which may be included in determining the amount in controversy. *Blank*, 504 F. Supp. at 421; *see infra* ¶ 26.

- 8 -

obtained resolution of their personal injury claim – the total medical charges incurred by those individuals totals $7,351,076.85. (Brown, Jr. Decl., ¶ 14). Again, this total alone obviously exceeds $5,000,000, not even including the punitive damages and attorneys' fees that have been pled.

24. **Thirdly**, and again alternatively, even if the amount in controversy is construed in the narrowest manner – by determining the value of payments made to ACI and HWBI by the Stein Firm – those sums still exceed the jurisdictional threshold under the law when the attorneys' fees and punitive damages alleged in the Complaint are included.

25. ACI has received $1,915,400.39 from the Stein Firm in payment of medical bills accrued by their clients that were patients of ACI. (Brown, Jr. Decl., ¶ 12). HWBI has received $1,203,468.73 from the Stein Firm in payments for medical bills incurred by their clients that were patients of HWBI. (Brown, Jr. Decl., ¶ 13). Collectively, these payments currently total $3,118,869.12.

26. It is well established that attorney's fees and punitive damages, when allowed by applicable state law, may be included in determining the amount in controversy. *Blank*, 504 F. Supp. at 421. Here, the attorneys' fees and punitive damages demanded by Plaintiffs will result in the amount in controversy exceeding $5,000,000 under any potential calculation of the amount in controversy.

27. Plaintiffs specifically seek attorneys' fees pursuant to O.C.G.A. § 13-6-11. (Compl. ¶ 68). When a statute entitles a party to recover attorneys' fees, the attorneys' fees are included in determining the amount in controversy. *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga. 1988); *Conable v. U.S. Foodservice, Inc.*,

105CV02887MHS, 2006 WL 149052 (N.D. Ga. Jan. 18, 2006) (considering attorneys' fees pled pursuant to O.C.G.A. § 13-6-11 in determining the amount in controversy). Assuming a conservative contingency fee of 33% of potential damages, the amount in controversy would now total $4,158,482. *See Home Depot U.S.A., Inc. v. Tvrdeich*, 602 S.E.2d 297 (Ga. Ct. App. 2004) (contingency fee agreement is evidence of usual and customary fee in determining the amount of an award for attorneys' fees).

28.     Further, in addition to the compensatory damages and attorneys' fees described above, Plaintiffs also seek punitive damages.  (Compl. at p. 14).  Punitive damages may be included when determining the amount in controversy. *Holley Equip. Co. v. Credit Alliance Corp.* 821 F.2d 1531, 1535 (11th Cir. 1987).  Here, using a conservative multiplier of merely doubling potential compensatory damages to estimate punitive damages, *see LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542 (7th Cir. 2008), it is clear that the amount in controversy surpasses the $5 million threshold.[5]

29.     Consequently, under any possible calculation of the potential damages in dispute in this controversy, the amount certainly exceeds $5,000,000, and thus surpasses the jurisdictional threshold of CAFA.

### III.     CONCLUSION

30.     In conclusion, Brown, Sr. respectfully submits that: (1) CAFA applies to this action because Plaintiffs filed their Complaint after CAFA's effective date; (2) the proposed class contains at least 100 members; (3) at least one member of the proposed class is a citizen of a state different from the state of Brown, Sr.'s and Robert Stein's domicile; (4) the aggregate amount in controversy exceeds $5 million, exclusive of

---

[5]      Indeed, under this third formulation, the potential "disgorgement" equals $3,118,869.12, potential punitive damages also equal $3,118,869.12, and potential attorneys' fees equal $1,039,612.9, bringing the total amount in controversy to $7,277,351.10.

LEGAL02/31112807v3

interest and costs; and (5) the procedural requirements for removal under 28 U.S.C. § 1446 are met.  For these reasons, Harry W. Brown, Sr. respectfully requests that this Court assume full jurisdiction over this action as provided by law.


DATED this 29 day of January, 2009.

James C. Grant
Georgia Bar No. 305410
(*Pro Hac Vice Application Pending*)
Tracy M. Elliott
Georgia Bar No. 140944
(*Pro Hac Vice Application Pending*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000 (Phone)
(404) 881-7777 (Facsimile)

G. Mason White
Georgia Bar No. 754581
BRENNAN, HARRIS & ROMINGER, LLP
P.O. Box 2784
Savannah, Georgia 31402
(912) 233-3399 (Phone)
(912) 236-4558 (Facsimile)

**Attorneys for Defendants Arrowhead Management, Inc., Arrowhead Clinic, Inc., Harry W. Brown, Inc., H. Brown Management Company, LLC, Harry W. Brown, Jr., and Harry W. Brown, Sr.**

- 11 -

IN THE STATE COURT OF LIBERTY COUNTY
STATE OF GEORGIA

2008 NOV 21  PM 3: 18

KENNETH WAITHE and LINDA
WAITHE, Individually and on behalf of All
Others Similarly Situated,

      Plaintiff,

-vs-

ARROWHEAD CLINIC, INC.,
ARROWHEAD MANAGEMENT, INC.,
HARRY W. BROWN, INC., H. BROWN
MANAGEMENT COMPANY, LLC.,
HARRY W. BROWN, JR., HARRY W.
BROWN, SR., LEGAL COUNSEL, INC.,
ROBERT D. STEIN, and ROBERT. D.
STEIN d/b/a ROBERT D. STEIN &
ASSOCIATES,

      Defendants.

Civil Action No. __08 SV 523__

COMPLAINT- CLASS ACTION

## COMPLAINT

**COMES NOW**, the Plaintiffs KENNETH WAITHE and LINDA WAITHE, Individually

and on Behalf of Other Plaintiffs Similarly Situated, and shows the Court the following as his

Complaint:

### I. PARTIES, JURISDICTION AND VENUE

1.     Plaintiffs **KENNETH WAITHE** and **LINDA WAITHE** (hereinafter "Waithes")

are citizens and residents the State of Georgia, residing in the State of Georgia.

2.     This action is brought on behalf of the Plaintiffs and on behalf of a group consisting

of patients and/or former patients of chiropractic clinics owned, managed, and/or operated by the

Defendants.  Plaintiffs are natural persons and are adequate representatives of the class of purported

former clients of the Defendants.


EXHIBIT A

3.    This lawsuit seeks less than $5,000,000.00 in the aggregate on therefore in non-removable to Federal Court.

4.    Defendant **ARROWHEAD CLINICS, INCORPORATED** is a corporation organized and existing under the laws of the State of Georgia and is subject to the jurisdiction and venue of this Court. Arrowhead Clinics, Incorporated may be served with process through its registered agent Walter N. Cohen, 750 Hammond Drive, Building 7, Suite 200, Atlanta, Georgia 30328.

5.    Defendant **ARROWHEAD MANAGEMENT, INC.** is a corporation organized and existing under the laws of the State of Georgia and is subject to the jurisdiction and venue of this Court. Arrowhead Management, Inc. may be served with process through its registered agent Walter N. Cohen, 750 Hammond Drive, Building 7, Suite 200, Atlanta, Georgia 30328.

6.    Defendant **HARRY W. BROWN, INC.** is a corporation organized and existing under the laws of the State of Georgia and is subject to the jurisdiction and venue of this Court. Harry W. Brown, Inc. may be served with process through its registered agent Walter N. Cohen, 750 Hammond Drive, Building 7, Suite 200, Atlanta, Georgia 30328.

7.    Defendant **H. BROWN MANAGEMENT COMPANY, LLC** is a Georgia Limited Liability Company, with its principal place of business at, and is subject to the jurisdiction and venue of this Court. H. BROWN MANAGEMENT COMPANY, LLC may be served with process through its registered agent, Walter N. Cohen, 750 Hammond Drive, Building 7, Suite 200, Atlanta, Georgia 30328. On information and belief it is shown that this Defendant at relevant times was responsible for the management of the Harry W. Brown, Inc. chiropractic clinics operating in South Georgia.

Page 2 of 15

8.      Defendant **HARRY W. BROWN, JR.** is a citizen and resident of Chatham County, Georgia and can be served with process at 3 Crooked Creek Lane, Savannah, Georgia 31411.

9.      Defendant **HARRY W. BROWN, SR.** is a citizen and resident of Clayton County, Georgia and can be served with process at 750 Mount Zion Road, Jonesboro, Georgia 30236.

10.     Defendant **LEGAL COUNSEL, INC.** is a Georgia Corporation with its principal place of business in Morrow, Clayton County, Georgia.  This Defendant may be served with process by and through its registered agent, Wesley C. Hargrave, at 121 North Main Street, Jonesboro, Georgia 30236.

11.     Defendant **ROBERT D. STEIN** is an attorney licensed to practice law in the State of Georgia.  This Defendant may be served with process at 1497 John Robert Drive, Suite C, Morrow, Georgia, 30260.

12.     Upon information and belief Defendant **ROBERT D. STEIN** operates law offices in Savannah, Chatham County, Georgia, and in Morrow, Clayton County, Georgia.  It is further believed that this firm, identified as "Robert D. Stein and Associates," is a "doing business as" name for Defendant Robert D. Stein.  He has a number of clients who were acquired through the outlined arrangement in Liberty County, Georgia.

13.     Jurisdiction is proper in this Court.

14.     Venue and jurisdiction are proper in this Court.

## II.  FACTUAL ALLEGATIONS

15.  At all times relevant hereto, Defendant Robert D. Stein (hereinafter "STEIN") was an attorney licensed to practice law in the State of Georgia.

16.  Upon information and belief, Defendant STEIN held himself out to the public and did business under the name of "Law Offices of Robert D. Stein and Associates" (hereinafter "STEIN

FIRM"). The STEIN FIRM is a law firm comprised of STEIN and other attorneys authorized to practice law in the State of Georgia.

17.  Upon information and belief, Defendant LEGAL COUNSEL, INC. (hereinafter "LEGAL COUNSEL") is a corporation related to STEIN, and created for the purpose of managing and/or administering the accounts of STEIN and the STEIN FIRM.

18.  Defendant Arrowhead Clinic, Incorporated (hereinafter "ARROWHEAD CLINIC") is a corporation providing chiropractic services to patients. The ARROWHEAD CLINICS operate offices in Hinesville, Liberty County, Georgia; Brunswick, Glynn County, Georgia; Savannah, Chatham County, Georgia; and Garden City, Chatham County, Georgia.

19.  On information and belief, Defendants Harry W. Brown, Sr. (hereinafter "BROWN, SR.") and Harry W. Brown, Jr. (hereinafter "BROWN, JR.") are each chiropractors licensed by the State of Georgia, who provide services to patients through ARROWHEAD CLINIC, and are responsible for implementing policies and procedures utilized by the Arrowhead Chiropractic Clinics throughout the State of Georgia.

20.  Upon information and belief, Defendants Arrowhead Management, Inc. (hereinafter "ARROWHEAD MANAGEMENT"), and Harry W. Brown, Inc. (hereinafter "BROWN, INC."), H. BROWN MANAGEMENT COMPANY, LLC, are corporate entities established for the purpose of managing Defendant ARROWHEAD CLINICS. For the purposes of this Complaint, Defendants ARROWHEAD CLINICS INCORPORATED, ARROWHEAD MANAGEMENT, INC., H. BROWN MANAGEMENT COMPANY, LLC, and HARRY W. BROWN, INC. will hereinafter be collectively referred to as "the BROWN ENTITIES."

21.  On or about January 1, 2005, Plaintiffs KENNETH WAITHE and LINDA WAITHE were involved in an automobile collision.

22.  Shortly thereafter, Plaintiffs contacted the Brown Arrowhead Chiropractic Clinic in Hinesville, Georgia, to schedule an appointment for evaluation of the injuries she sustained.

23.  Upon information and belief, the Brown Arrowhead Chiropractic Clinic is operated by the BROWN ENTITIES.

24.  At this time, neither Plaintiff authorized anyone at the Arrowhead Chiropractic Clinic to speak to anyone on their behalf regarding their medical condition.

25.  While at the Arrowhead Chiropractic Clinic, the Plaintiffs spoke to an individual whom they were lead to believe was a representative of Defendant STEIN and the STEIN LAW FIRM. Plaintiffs did not request such a meeting at any time.

26.  Defendant STEIN and the STEIN LAW FIRM undertook the legal representation  of the Plaintiffs.  Plaintiffs only hired STEIN and the STEIN LAW FIRM after being solicited in the waiting room of the Arrowhead Clinic.

27.  Through the course of their treatment, each Plaintiff incurred expenses for chiropractic treatment.

28.  Defendant HARRY W. BROWN, INC. obtained an assignment to collect monies for this chiropractic treatment from Plaintiffs' "med pay" insurance carrier State Farm Insurance.

29.  Defendants HARRY W. BROWN, INC. collected funds from a number of sources to pay for Plaintiffs' chiropractic care, to such a point that the amount of the funds collected from third party payors exceeded the actual expenses incurred.

30.  This fact was not timely disclosed to Plaintiffs.

31.  Sometime after the presentation of the affidavit of Shela Gibbs, a copy of which is attached hereto as Exhibit "A" to the Brown Entities, Plaintiffs each received a refund in the amount of $100.00. On information and belief, these amounts represented a "refund" of amounts

received by Harry W. Brown, Inc. for chiropractic treatment rendered to the Waithes. These funds had been wrongfully retained by Defendant Harry W. Brown, Inc. until exposure of their wrongful behavior. These refunds, however, did not include any interest for the time these funds were improperly retained.

### III.  CLASS DEFINITION AND ALLEGATIONS

32.  Upon information and belief, STEIN, the STEIN FIRM, and/or LEGAL COUNSEL, INC. together with BROWN ENTITIES, have devised a scheme through which patients of Brown, Sr., Brown, Jr., and/or the Chiropractic Clinics associated with the BROWN ENTITIES were improperly referred, as clients, to STEIN, the STEIN FIRM, and/or LEGAL COUNSEL, INC. The scheme devised by the Defendants is as follows:

a.  Upon the patients' initial visit at a chiropractic clinic a chiropractic clinic affiliated with BROWN, SR., BROWN, JR., and/or the BROWN ENTITIES due to a car accident or other tort, he or she would be directed to meet with a representative of STEIN, the STEIN FIRM, and/or LEGAL COUNSEL. At this point,  he or she would be given certain paperwork to complete.

b.  Either before or after the patient met with a chiropractor (or member of the clinic staff), the patient was told to meet with a representative of STEIN, the STEIN FIRM, and/or LEGAL COUNSEL.  At this point, the patient would be presented with and encouraged to sign, an attorney client contract, entitling the attorney a contingency fee interest, and granting the attorney the absolute and irrevocable right to pay the clients' medical expenses.

c. The meeting with the representative of STEIN, the STEIN FIRM, and/or

LEGAL COUNSEL, was scheduled without the patient's prior knowledge or consent, and

for the purpose inducing the patient to pursue legal actions.

d. The business relationship between STEIN, the STEIN FIRM, and/or LEGAL

COUNSEL, and **BROWN, SR., BROWN, JR.** and the **BROWN ENTITIES** was not

properly disclosed to the client/patient.

33. Pursuant to this scheme, the Waithes and others similarly situated, were solicited by

STEIN, the STEIN FIRM, and/or LEGAL COUNSEL, for the purpose of prosecuting civil claims

that they and others similarly situated were vested with. STEIN, the STEIN FIRM, and/or LEGAL

COUNSEL, was contacted to do such solicitation by the Brown Entities so that the STEIN, the

STEIN FIRM, and/or LEGAL COUNSEL, would look after the interest of the Brown entities and

ensure the Brown Entities were compensated for the inflated chiropractic bills, which is contrary to

the best interest of the clients.

34. This relationship occurred in Brown Arrowhead Chiropractic Clinics in Liberty County,

Georgia, as well as in other clinics operated by the Brown Entities throughout the State of Georgia.

35. As evidenced by the Affidavit of Shelah Gibbs, attached hereto as Exhibit A, the Brown

Entities accepted funds in payment of patient chiropractic bills from third party insurers. These

payments were not properly credited to the patient accounts, and payments were in fact improperly

retained by the Brown Entities until eventually refunded once these improprieties came to light.

36. The Waithes bring this action individually and on behalf of others similarly situated. The

class definition of those whom they seek to represent is as follows:

Class A: All persons who have formerly been treated at chiropractic clinics

affiliated with the Arrowhead Clinic, Incorporated, Arrowhead Management, Inc.,

Page 7 of 15

Harry W. Brown, Inc., Harry W. Brown, Sr., Harry W. Brown, Jr., and who entered attorney client contracts with Defendant Stein, the Stein Firm, and/or Legal Counsel, Inc. from September 4, 2004, up to and including the date of class certification, whose claims were settled with an insurance carrier for an individual or entity allegedly responsible for the client patient's personal injury and where a portion of the proceeds of said settlement were used to pay chiropractic expenses incurred by the Brown entities and attorney fees to Defendant Stein, the Stein Firm, and/or Legal Counsel, Inc.

      **Class B:** All persons or entities, whether chiropractic patients, family members, insurers, or third party payors (hereinafter "Payors"), who have paid for chiropractic services rendered to patients at chiropractic clinics affiliated with the Arrowhead Clinic, Incorporated, Arrowhead Management, Inc., Harry W. Brown, Inc., Harry W. Brown, Sr., and/or Harry W. Brown, Jr., and where the patient account was not initially credited with these sums received by the chiropractic entity from the Payors, and for which the Payor ultimately received reimbursement, which did not include interest on the funds withheld.

33. A class action is the appropriate method of resolving this dispute, in that

      a. The described class is so numerous that joinder of all members is impracticable;

      b. There are questions of law and/or fact common to the class;

      c. The claims of the representative party are typical of the claims and defenses of the class; and

      d. The representative party will fairly and adequately protect the interests of the class.

37.  The questions of law and fact alleged in this Complaint predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## IV.  CLAIMS

### COUNT ONE -
### *Professional Negligence as to Defendants*
### STEIN, the STEIN FIRM, and/or LEGAL COUNSEL

38.  Pursuant to the standards of the practice of law generally accepted in the State of Georgia, an attorney has an affirmative duty to protect the interest of his client as a fiduciary.

39.  Pursuant to the standards of the practice of law generally accepted in the State of Georgia, an attorney owes his client a fiduciary duty to handle all financial matters of the client with the reasonable degree of care and skill employed by attorneys within the State of Georgia.

40.  Defendant STEIN, the STEIN FIRM, and/or LEGAL COUNSEL, did breach these duties when they required the client to sign a contract of representation authorizing STEIN, the STEIN FIRM, and/or LEGAL COUNSEL, to pay all of the client's medical expenses knowing that they were brought into the case by the Brown entities.  This arrangement served the interest of the Brown Entities over and above the interest of the clients.

41.  Defendant STEIN, the STEIN FIRM, and/or LEGAL COUNSEL, breached the applicable standard of care by wrongfully soliciting clients within the physical confines of the office of a medical provider.

42.  Pursuant to O.C.G.A. § 9-11-9.1, Plaintiff hereby incorporates all exhibits and conclusions as presented in the Affidavit of Dewey Hayes, which is attached hereto as Exhibit B.

## COUNT TWO -
### Professional Negligence as to
### DEFENDANTS BROWN, SR. AND BROWN, JR., and the BROWN ENTITIES

43. Defendants Brown, Sr. and Brown, Jr. and chiropractors licensed by the State of Georgia

44. As medical providers, Brown, Sr. and Brown, Jr. are responsible to maintain the confidences of their patients, and those who seek treatment from them.

45. Through the unauthorized disclosure to attorneys (and members of their staff) of the fact that an individual is seeking treatment from a medical provider, Brown, Sr. and/or Brown, Jr. (and individuals acting under their direction) breached the duty to maintain patient confidences. Specifically, but not by way of limitation, the Brown Entities breached the applicable standard of care by arranging for the patient to meet with an attorney on the premises of the physician's office, before the patient is evaluated by the chiropractor.

46. It is a breach of the applicable standard of care for these Defendants to place a profit motive over and above the interest of the patient.

47. Patients, including Named Plaintiffs, suffered harm as a result of this unauthorized disclosure of private information and through the overutilization of chiropractic services.

48. Pursuant to O.C.G.A. § 9-11-9.1, Plaintiff hereby incorporates all exhibits and conclusions as presented in the Affidavit of Alan Bragman, D.C., which is attached hereto as Exhibit C.

## COUNT THREE -
### Fraud/Constructive Fraud as to All Defendants
### Failure to Disclose Relationship between Defendants

49.  On information and belief, a business relationship existed between the Defendants wherein the Brown Entities improperly referred clients to STEIN, the STEIN FIRM, and/or LEGAL COUNSEL.

50.  This business relationship constituted a fee-sharing arrangement which is contrary to public policy of the State of Georgia.

51.  This business relationship was not disclosed to the patients/client, thereby inducing them to enter the attorney-client contract without a full disclosure of the pertinent facts.

52.  This business relationship was not disclosed to the patient/client, thereby inducing them to treat with the Chiropractic Defendants without knowledge of their interest in the arrangement.

53.  Plaintiff has sustained damage from this fraudulent scheme, including but not limited to incurring liability for attorneys fees and expenses, and for chiropractic treatment.

## COUNT FOUR -
### Fraud/Constructive Fraud as to All Defendants
### Failure to Properly Credit Patient Accounts

54.  The Defendants accepted funds from third party providers which were to be utilized for the sole purpose of paying for chiropractic services rendered to the Plaintiff.

55.  Failure to properly credit the patient accounts caused the Defendants to be over-compensated for chiropractic services provided.

56.  Upon discovery of this over-compensation, Plaintiff was entitled to full repayment of excess sums including interest. Plaintiff received no interest on the sums wrongfully collected by Defendants that constituted the excess billing.

57.    Plaintiff, and those similarly situated to him, have sustained damage from this fraudulent scheme, including but not limited to lacking full and complete compensation for the fraudulent over-billing by Defendants, as Plaintiff has not been paid interest on the wrongfully received sums.

## COUNT FIVE -
### Negligence as to All Defendants

58.  STEIN, the STEIN FIRM, and/or LEGAL COUNSEL, had the duty to insure that their clients were adequately represented and had a duty not to solicit, harass and invade the privacy of potential clients who were patients of the Brown entities.

59.  Similarly, the Brown, Sr., Brown, Jr., and the BROWN ENTITIES owed a duty to their patients to protect and respect their privacy, and to adequately maintain their patient accounts so as to adequately reflect all funds received in payment for chiropractic services.

60.  Defendants breached these duties by entering a business arrangement with Brown, Sr., Brown, Jr., and/or the other Brown Entities, the purpose of which was to protect the interest of the chiropractor/medical provider ahead of the interests of the client. .

61.  As the proximate result of such breach, Named Plaintiffs and others similarly situated, have been caused serious and substantial injury entitling them to damages as pleaded herein.

## COUNT SIX -
### Breach of Fiduciary Duty as to All Defendants

62.  Defendants STEIN, the STEIN FIRM, and/or LEGAL COUNSEL, and those employed thereby, owed a fiduciary duty to their clients to adequately protect the interest of the client.

63. Defendants BROWN, SR., BROWN, JR. and the BROWN ENTITIES owed fiduciary duties to their patients to protect their privacy and to provide adequate chiropractic services placing the well-being of the patient as their highest priority.

64. By placing their own financial interests above that of their patients/clients, all Defendants breached this fiduciary duty.

65. Defendants BROWN, SR., BROWN, JR. and the BROWN ENTITIES breached this fiduciary duty by disclosing private information to STEIN, the STEIN FIRM, and/or LEGAL COUNSEL, without the consent of the patient.

66. Defendants STEIN, the STEIN FIRM, and/or LEGAL COUNSEL, breached this duty by receiving private information concerning a potential client, without authorization, and using it to their economic advantage.

67. Named Plaintiffs, and those similarly situated, have sustained damage as a result of this breach of fiduciary duty, for which they are entitled to recover.

### COUNT SEVEN -
### *Claim for Attorney's Fees As to All Defendants*

68. Defendants have acted in bad faith, have been stubbornly litigious, or have caused the Plaintiff, and others similarly situated unnecessary trouble and expense. As such, Plaintiff and others similarly situated are entitled to recovery of attorney fees pursuant to O.C.G.A. §§13-6-11.

## COUNT EIGHT -
### *Punitive Damages as to All Defendants*

69.  The actions of Defendants as set forth in this Complaint have been willful, intentional, fraudulent, and/or wanton, and have been done with such entire want of care which raises the presumption of conscious indifference to consequences.

70.  Plaintiff and other similarly situated are entitled to recover in addition to the damages that naturally and normally flow from the breach of fiduciary duty, professional negligence and negligence, a sum in order to deter the said Defendants from similar conduct in the future.

## IV. CLAIMS FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

(a) that process issue and Defendants be served as provided by law;

(b) that the Plaintiff be allowed to pursue this case in her individual capacity, and on behalf of all others similarly situated pursuant to O.C.G.A. § 9-11-23;

(c) that Plaintiffs recover of the Defendants damages for their injuries;

(d) that Plaintiffs recover of the Defendants damages flowing from their fraudulent conduct, including but not limited to, disgorgement of any attorneys fees and/or payments on medical liens obtained by the Defendants pursuant to their scheme;

(e) that Plaintiffs recover of the Defendants punitive damages to deter Defendants from committing similar actions in the future;

(f) that Plaintiffs recover attorney fees for the bringing and maintenance of this action; and for causing Plaintiffs unnecessary trouble and expense, and acting in bad faith;

(g) that Plaintiffs have a trial by jury on all issues raised in this complaint; and

(h) that Plaintiffs have any and all other relief the Court may deem just and proper under the circumstances.

THIS THE _____20__ DAY OF NOVEMBER, 2008.

SAVAGE, TURNER, PINSON & KARSMAN

BY: _____
Brent J. Savage
Georgia Bar No. 627450

LLOYD D. MURRAY & ASSOCIATES

By: _____
Lloyd D. Murray
Georgia Bar No. 531955

10164 Ford Ave., Suite A
Post Office Box 1569
Richmond Hill, Georgia 31324

Savage, Turner, Pinson & Karsman
304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140

Page 15 of  15

A

STATE OF GEORGIA                              )
                                              )
COUNTY OF CLAYTON                             )

## AFFIDAVIT OF SHELAH GIBBS

COMES NOW, Shelah Gibbs, who personally appearing before an individual duly authorized to administer oaths, after being sworn, does testify as follows:

1.      My name is Shelah Gibbs. I am over eighteen years of age, and base this affidavit upon my own personal knowledge of the facts contained herein.

2.      I was employed with Arrowhead Management for nine years.  My job title when I left was insurance collector.

3.      It was the common practice at Arrowhead Clinics to use a select few hand picked attorneys.  Of these attorneys, Robert Stein, John King and John Foy received the bulk of the referrals.  It was also a common practice for Arrowhead Clinics to turn away patients unless the patients would either choose one of the select attorneys, or, in the alternative, have the patient's outside attorney agree to sign a lien in favor of Arrowhead Clinics.

4.      The attorney to which the patients were referred was picked by Dr. Gonzalo Prados. He made his decisions based upon the number of referrals previously given to the selected attorneys. The number of referrals were documented in a monthly referral report.  After consulting the report, if a single attorney was lagging behind, Dr. Prados would instruct the call center personnel to give a certain number of referrals to that attorney to evenly distribute the referrals to the selected attorneys.

5.      Once the attorney was selected, the call center staff would fax a new patient intake form to the attorneys office.  The sheet would have, in addition to other information, the patient's name, the date of the accident, address, insurance information, the clinic the patient would be going to, the date and time of the scheduled appointment, and the manner in which the patient heard about the Arrowhead Clinics.

6.      Once the attorney's office received this information, the attorney's office would send over a runner to meet the patient at the clinic to sign them up for representation.  The patient had no knowledge of this attorney coming to see them.

7.      In order to induce the patients to sign up with the attorney, it was common practice for the attorney and the chiropractor to tell the patient they would not have to pay the chiropractic bill if the attorney was not successful.  I know this because angry patients would call me complaining when they would receive chiropractic bills after having the attorneys terminate the representation.

8.      In the course of the representation, the attorneys would have to receive the medical records of the patients in order to make demands on insurance policies.  The records were transmitted in several ways.  However, it was common practice for the attorneys to send single letters out to Arrowhead requesting records for multiple patients without medical records releases for each patient and Arrowhead would send the records.  It was also common practice for Arrowhead to automatically send out a patient's records once the patient's treatment ended without a medical release.

9.      When a patient's case was settled with one of the selected attorneys, the settlement proceeds were divided into thirds, with the attorney, patient and Arrowhead Clinics each receiving roughly one third each.  If the Arrowhead Clinics' bill was not totally satisfied, the remainder was immediately written off.   Arrowhead had no intention of enforcing their bills.

10.      Furthermore, it was the common practice at Arrowhead Clinics that if a selected attorney requested medical bills, the bills that were sent out to the selected attorneys would be cleansed, showing no credits for any money taken.  This resulted in bills being overpaid due to settlement funds being received over and above insurance payments, such as PIP and Medical Payments coverage, previously received.  Cleansed bills were never given to outside attorneys unless

the outside attorneys requested the cleansed bill.

11.     As of May 11, 2007, the credit balance on Arrowhead Clinics' books due to over payments was $34,646.54 in the Atlanta area (all of the Atlanta area clinics are held in the Brown Arrowhead Clinic entity) and $204,018.10 in the Savannah area (which the Savannah area clinics are contained in the Harry W. Brown, Inc entity).  The reports are attached hereto as Exhibits A and B.

12.     The credit balance at one time for the Atlanta area was at least one million dollars. However, in the last year and a half in order to clean up the books, Arrowhead clinics zero-ed out the accounts.  That is the reason the Atlanta balance is so low.  To my knowledge, the Savannah area credit balances were not balanced out in the last year and a half.  It is my belief that Arrowhead kept the credit balances because no checks were written to the individual patients and their files were not documented regarding any refunds, which would have been done in my department.

13.     The John King law firm is owned by Harry Brown, Jr. Because of this fact, the John King law firm never paid for any medical records in the past.  However, sometime in or around March or April of 2007, Harry Brown , Jr. had all of the old records request pulled so that he could pay for the records to get the books straight.  This occurred because of the lawsuits filed against him.

Further affiant sayeth naught.

Sworn and subscribed to this 5th day of October, 2007.

_Shelah Gibbs_
Shelah Gibbs, Affiant

Sworn to this 5d day
of October, 2007 before

My commission expires

JEREMY McKENZIE
Notary Public, Chatham County, GA
My Commission Expires November 19, 2010

Exhibit A

AGED TRIAL BALANCE - USER
BROWN ARROWHEAD CLINIC

For Practice# ATL   BROWN ARROWHEAD CLINIC (ATL)

r Financial.Class CB
r transactions posted thru 05/11/07

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUF |
|---|---|---|---|---|---|
| 47509 | | -150.00 | -150.00 | | -15 |
| 55193 | | -253.60 | 145.00 | -398.60 | -25 |
| 53538 | | -1268.33 | 0.00 | -1268.33 | -126 |
| 54806 | | -2378.00 | 0.00 | -2378.00 | -237 |
| 57185 | | -18.00 | 0.00 | -18.00 | -1 |
| 48937 | | -556.00 | -496.00 | -60.00 | -55 |
| 56786 | | -5.00 | 0.00 | -5.00 | - |
| 50884 | | -328.00 | 0.00 | -328.00 | -32 |
| 51693 | | -65.00 | 0.00 | -65.00 | -6 |
| 53895 | | -225.00 | -225.00 | 0.00 | -22 |
| 49487 | | -1000.00 | 0.00 | -1000.00 | -100( |
| 55730 | | -2983.29 | 0.00 | -2983.29 | -298: |
| 55779 | | -20.00 | 0.00 | -20.00 | -2( |
| 51981 | | -0.52 | 0.00 | -0.52 | -( |
| 48908 | | -40.00 | 0.00 | -40.00 | -40 |
| 48951 | | -60.00 | 0.00 | -60.00 | -60 |
| 56126 | | -40.47 | -65.00 | 24.53 | -40 |
| 58289 | | -102.00 | 0.00 | -102.00 | -102 |
| 55513 | | -124.16 | 0.00 | -124.16 | -124 |
| 55158 | | -75.00 | 0.00 | -75.00 | -75 |
| )98 | | -140.34 | -140.34 | 0.00 | -140 |
| 894 | | -460.00 | 0.00 | -460.00 | -460. |
| 54211 | | -255.00 | 0.00 | -255.00 | -255. |
| 54210 | | -325.00 | 0.00 | -325.00 | -325. |
| 48467 | | -60.00 | 0.00 | -60.00 | -60. |
| 53976 | | -282.22 | 0.00 | -282.22 | -282. |
| 50766 | | -200.00 | -200.00 | 0.00 | -200. |
| 56503 | | -160.00 | 0.00 | -160.00 | -160. |
| 53822 | | -48.00 | 0.00 | -48.00 | -48. |
| 58525 | | -50.00 | -50.00 | 0.00 | -50.( |
| 56086 | | -5.00 | 0.00 | -5.00 | -5.( |
| 56744 | | -550.29 | 0.00 | -550.29 | -550.: |
| 53929 | | -5.00 | 0.00 | -5.00 | -5.( |
| 51982 | | -24.00 | 459.00 | -483.00 | -24.( |
| 53119 | | -1569.04 | 0.00 | -1569.04 | -1569.( |
| 51168 | | -250.00 | 0.00 | -250.00 | -250.( |
| 48128 | | -206.09 | 0.00 | -206.09 | -206.( |
| 51791 | | -225.00 | -225.00 | 0.00 | -225.( |
| 50536 | | -336.00 | -316.00 | -20.00 | -336.( |
| 51676 | | -220.00 | -220.00 | | -220.( |
| 50444 | | -228.29 | 0.00 | -228.29 | -228.2! |
| 56927 | | -88.00 | 0.00 | -88.00 | -88.0( |
| 55739 | | -80.00 | -80.00 | | -80.0( |
| 48901 | | -250.00 | -250.00 | 0.00 | -250.0( |
| 47794 | | -40.00 | 0.00 | -40.00 | -40.0( |
| 17 | | -0.96 | 0.00 | -0.96 | -0.96 |
| 2 | | -395.00 | 0.00 | -395.00 | -395.0( |
| 985 | | -117.27 | -117.27 | | -117.27 |

REDACTED

AGED TRIAL BALANCE - USER
BROWN ARROWHEAD CLINIC

For Practice# ATL   BROWN ARROWHEAD CLINIC (ATL)

r Financial.Class CB
r transactions posted thru 05/11/07

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---------|---------|---------|---------|---------|-----|
| 49408 | | -2332.03 | 0.00 | -2332.03 | -233. |
| 53963 | | -297.23 | -297.23 | 0.00 | -29 |
| 48751 | | -20.00 | -150.00 | 130.00 | -2( |
| 55921 | | -285.00 | 0.00 | -285.00 | -28 |
| 53202 | | -0.35 | 0.00 | -0.35 | -( |
| 56867 | | -70.00 | 0.00 | -70.00 | -7( |
| 51913 | | -1760.00 | 0.00 | -1760.00 | -176( |
| 50086 | | -65.00 | 0.00 | -65.00 | -65 |
| 56069 | | -275.00 | 0.00 | -275.00 | -275 |
| 53600 | | -285.00 | 0.00 | -285.00 | -285 |
| 56680 | | -306.46 | 0.00 | -306.46 | -306 |
| 56815 | | -7.66 | -7.66 | 0.00 | -7 |
| 55595 | | -195.00 | 0.00 | -195.00 | -195 |
| 56324 | | -662.21 | 0.00 | -662.21 | -662 |
| 56330 | | -105.00 | -105.00 | | -105 |
| 55738 | | -110.00 | -110.00 | | -110 |
| 56465 | | -715.00 | 0.00 | -715.00 | -715. |
| 56080 | | -45.00 | 0.00 | -45.00 | -45. |
| 47849 | | -1.00 | 0.00 | -1.00 | -1. |
| ¯642 | | -249.06 | 0.00 | -249.06 | -249. |
| ¯96 | | -2356.17 | 0.00 | -2356.17 | -2356. |
| ¯¯177 | | -490.00 | -490.00 | | -490. |
| 53784 | | -60.00 | 0.00 | -60.00 | -60. |
| 56040 | | -300.00 | 0.00 | -300.00 | -300. |
| 46829 | | -30.00 | -30.00 | | -30. |
| 56562 | | -948.14 | 0.00 | -948.14 | -948. |
| 55278 | | -25.00 | -25.00 | | -25. |
| 56587 | | -380.00 | 0.00 | -380.00 | -380.( |
| 47875 | | -230.00 | 0.00 | -230.00 | -230.( |
| 53552 | | -2057.00 | -2057.00 | 0.00 | -2057.( |
| 49615 | | -25.00 | 0.00 | -25.00 | -25.( |
| 46803 | | -515.00 | -515.00 | | -515.( |
| 52252 | | -190.00 | 0.00 | -190.00 | -190.( |
| 55714 | | -0.02 | 185.98 | -186.00 | -0.( |
| 56877 | | -692.34 | 0.00 | -692.34 | -692.3 |
| 48214 | | -136.00 | 0.00 | -136.00 | -136.( |
| 45242 | | -60.00 | -60.00 | | -60.( |
| 55025 | | -105.00 | 0.00 | -105.00 | -105.( |
| 56254 | | -676.00 | 0.00 | -676.00 | -676.( |
| 52554 | | -62.00 | 0.00 | -62.00 | -62.0( |
| 55137 | | -1260.00 | 0.00 | -1260.00 | -1260.0( |

GRAND TOTALS:   278095.00  -34646.54   -5591.52  -29055.02  -34646.54

Exhibit B

AGED TRIAL BALANCE - USER
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

r Financial.Class CB
r transactions posted thru 05/11/07

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---|---|---|---|---|---|
| 21566 | | -503.00 | -503.00 | 0.00 | -50 |
| 23696 | | -42.70 | -42.70 | 0.00 | -4 |
| 25727 | | -55.00 | -55.00 | | -5 |
| 23282 | | -3.00 | -3.00 | | - |
| 22511 | | -300.00 | -300.00 | | -30 |
| 22685 | | -95.00 | -95.00 | | -9 |
| 22498 | | -15.00 | -15.00 | | -1 |
| 23765 | | -64.90 | 1503.20 | -1568.10 | -6. |
| 24952 | | -65.55 | -65.55 | 0.00 | -6! |
| 24759 | | 56.55 | 56.55 | | ( |
| 24826 | | -360.00 | -46.90 | -313.10 | -36( |
| 23741 | | -49.95 | -49.95 | 0.00 | -49 |
| 26533 | | -20.00 | 165.00 | -185.00 | -2( |
| 26940 | | -296.57 | -296.57 | | -296 |
| 23443 | | -64.90 | -64.90 | 0.00 | -64 |
| 23444 | | -35.00 | -35.00 | 0.00 | -35 |
| 28220 | | -0.06 | -0.06 | | -0 |
| 22715 | | -5.38 | -36.75 | 31.37 | -5 |
| 28119 | | -442.00 | 0.00 | -442.00 | -442 |
| 26624 | | -55.00 | -55.00 | | -55 |
| 826 | | -353.20 | -353.20 | 0.00 | -353 |
| 520 | | -110.00 | -110.00 | | -110 |
| 24377 | | -284.40 | -284.40 | | -284 |
| 28121 | | -175.00 | 0.00 | -175.00 | -175. |
| 28117 | | -843.00 | 0.00 | -843.00 | -843. |
| 28124 | | -175.00 | 0.00 | -175.00 | -175. |
| 25572 | | -104.80 | 0.00 | -104.80 | -104. |
| 25243 | | -630.00 | -630.00 | | -630. |
| 25246 | | -133.98 | -338.98 | 205.00 | -133. |
| 27941 | | -85.86 | -85.86 | | -85. |
| 25214 | | -422.65 | -422.65 | 0.00 | -422. |
| 25215 | | -426.08 | -426.08 | 0.00 | -426. |
| 24036 | | -60.35 | 989.65 | -1050.00 | -60. |
| 22200 | | -147.40 | -147.40 | | -147. |
| 22451 | | -1125.17 | -1125.17 | | -1125. |
| 25318 | | -63.36 | -70.00 | 6.64 | -63. |
| 22525 | | -125.00 | -125.00 | 0.00 | -125.( |
| 22582 | | -25.00 | -25.00 | | -25.( |
| 27853 | | -666.66 | 0.00 | -666.66 | -666.6 |
| 25060 | | -230.00 | -230.00 | 0.00 | -230.( |
| 23316 | | -75.30 | 3348.70 | -3424.00 | -75.3 |
| 24806 | | -154.75 | -154.75 | | -154.7 |
| 22384 | | -633.52 | 0.00 | -633.52 | -633.5 |
| 16794 | | 27.72 | 27.72 | 0.00 | 0.0 |
| 23579 | | -11.80 | -11.80 | | -11.8 |
| 927 | | -0.80 | -0.80 | | -0.8 |
| B9 | | -65.55 | 204.44 | -269.99 | -65.5 |
| 342 | | -44.27 | 353.76 | -398.03 | -44.2 |

REDACTED

```
                                        AGED TRIAL BALANCE - USER
                                           HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

  Financial.Class CB
  transactions posted thru 05/11/07
=================================================================
ACCOUNT   PATIENT                  BALANCE   DUE.PAT   DUE.INS    CUF
=================================================================
25986                              -72.87    -72.10     -0.77     -7
24972                             -200.00   -200.00      0.00    -20
22528                              -66.66      0.00    -66.66     -6
27131                             -547.00  -3787.00   3240.00    -54
27103                             -415.60   -415.60              -41
23135                             -112.00    295.00   -407.00    -11
29230                              -66.82      0.00    -66.82     -6
24445                            -2049.36    895.25  -2944.61   -204
22545                             -208.74   -208.74      0.00   -20
27837                               -0.91      0.00     -0.91     -
26541                             -905.00      0.00   -905.00   -905
28846                            -1847.00      0.00  -1847.00  -1847
29107                              -64.70     20.00    -84.70    -64
27058                              -65.00    -65.00      0.00    -65
25779                             -562.30   -622.00     59.70   -562
24813                              -30.00    -30.00             -30
24993                             -105.40      0.00   -105.40   -105
22296                             -248.68    -52.62   -196.06   -248
24989                             -310.00      0.00   -310.00   -310
24896                             -153.94    -93.94    -60.00   -153
  32                              -240.66      0.00   -240.66   -240
  30                                0.66    810.66   -810.00      0
28077                             -516.15      0.00   -516.15   -516
28076                             -516.15      0.00   -516.15   -516.
25376                             -205.00   -205.60      0.60   -205.
23825                             -200.00   -200.00      0.00   -200.
22106                               -6.00     -6.00      0.00     -6.
16329                              -15.30    -15.30      0.00    -15.
21297                             -332.25   -360.00     27.75   -332.
27628                             -264.00   -264.00             -264.
17614                              -65.00    -65.00      0.00    -65.
25836                             -249.79   -249.79             -249.
29106                              -35.78     83.22   -119.00    -35.
25680                             -475.00   -475.00      0.00   -475.
26727                             -165.00   -165.00             -165.
24032                              -69.45    980.55  -1050.00    -69.
24297                             -460.00   -460.00             -460.
24296                            -1201.00  -1201.00            -1201.
22252                              -58.04      0.00    -58.04    -58.
23438                              -62.95    142.05   -205.00    -62.
28951                              -83.18    -83.18      0.00    -83.1
26365                             -366.82   -366.82            -366.8
23039                              -55.50    -55.50      0.00    -55.
23639                              -51.25    -51.25      0.00    -51.2
18355                               -0.29     -0.29      0.00     -0.2
  08                              -177.24    127.60   -304.84   -177.2
  12                               -50.00    -50.00             -50.0
  02           GI               -643.20    354.00   -997.20   -643.2
```

AGED TRIAL BALANCE - USER S
HARRY W BROWN, INC

For Practice# SAV   HARRY W BROWN, INC

Financial.Class CB
transactions posted thru 05/11/07
=================================================================
| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---------|---------|---------|---------|---------|-----|
| 22537 |  | -188.39 | -188.39 | 0.00 | -18 |
| 22684 |  | -45.00 | -45.00 | 0.00 | -4. |
| 24877 |  | -109.20 | 0.00 | -109.20 | -10: |
| 20465 |  | -0.80 | -0.80 | 0.00 | -( |
| 18404 |  | -30.00 | -30.00 |  | -3( |
| 20160 |  | -15.00 | -15.00 |  | -1! |
| 11704 |  | -56.40 | -56.40 | 0.00 | -56 |
| 18761 |  | -118.00 | -118.00 | 0.00 | -118 |
| 15295 |  | -246.80 | -246.80 | 0.00 | -246 |
| 12625 |  | -925.60 | -925.60 | 0.00 | -925 |
| 12910 |  | -25.00 | -25.00 | 0.00 | -25 |
| 10970 |  | -25.00 | -25.00 | 0.00 | -25 |
| 16854 |  | -10.00 | -10.00 | 0.00 | -10 |
| 24782 |  | -59.70 | -59.70 | 0.00 | -59 |
| 17006 |  | -1.00 | -1.00 | 0.00 | -1 |
| 17173 |  | -234.00 | -234.00 | 0.00 | -234 |
| 22939 |  | -120.00 | 0.00 | -120.00 | -120 |
| 20376 |  | -370.00 | -370.00 | 0.00 | -370 |
| 13994 |  | -1.00 | 0.00 | -1.00 | -1 |
| ?03 |  | -10.30 | 992.35 | -1002.65 | -10 |
| 7 |  | -266.00 | -266.00 | 0.00 | -266 |
| 2414 |  | -216.16 | 66.24 | -282.40 | -216 |
| 12018 |  | -47.20 | -47.20 | 0.00 | -47. |
| 11463 |  | -25.00 | 0.00 | -25.00 | -25. |
| 16410 |  | -12.67 | 0.00 | -12.67 | -12. |
| 19586 |  | -198.00 | -198.00 |  | -198. |
| 27782 |  | -125.00 | 0.00 | -125.00 | -125. |
| 17561 |  | -15.00 | -15.00 | 0.00 | -15. |
| 19044 |  | -533.33 | 0.00 | -533.33 | -533. |
| 15296 |  | 540.00 | 540.00 |  | 0. |
| 9485 |  | -80.00 | -80.00 | 0.00 | -80. |
| 16202 |  | -1100.00 | -1100.00 | 0.00 | -1100. |
| 11623 |  | -203.05 | -203.05 | 0.00 | -203. |
| 22960 |  | -652.85 | 0.00 | -652.85 | -652. |
| 21248 |  | -55.00 | -55.00 |  | -55. |
| 15337 |  | -699.98 | -699.98 | 0.00 | -699. |
| 17353 |  | -1068.13 | -1068.13 | 0.00 | -1068. |
| 10143 |  | -15.00 | -15.00 | 0.00 | -15.( |
| 22722 |  | -63.00 | -63.00 | 0.00 | -63.( |
| 13268 |  | -823.27 | -823.27 | 0.00 | -823. |
| 13535 |  | -10.00 | -10.00 | 0.00 | -10.( |
| 25145 |  | -5.00 | -5.00 |  | -5.( |
| 20151 |  | -5.00 | -5.00 | 0.00 | -5.( |
| 26961 |  | -103.00 | -103.00 |  | -103.( |
| 12344 |  | -357.00 | -357.00 | 0.00 | -357.( |
| 81 |  | -81.00 | -81.00 | 0.00 | -81.( |
| 9 |  | -1095.00 | -1095.00 | 0.00 | -1095.( |
| 26647 |  | -1859.90 | 0.00 | -1859.90 | -1859.9 |

REDACTED

AGED TRIAL BALANCE - USER
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

) Financial.Class CB
_ . transactions posted thru 05/11/07

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---|---|---|---|---|---|
| 22138 | | -90.00 | -90.00 | | -9 |
| 14234 | | -19.00 | -19.00 | 0.00 | -1 |
| 18454 | | -5.00 | -5.00 | 0.00 | - |
| 20594 | | -9.00 | -9.00 | 0.00 | - |
| 28847 | | -630.00 | 0.00 | -630.00 | -63 |
| 11073 | | -256.75 | -256.75 | 0.00 | -25 |
| 20001 | | -90.00 | -90.00 | 0.00 | -9 |
| 19048 | | -364.00 | -364.00 | | -364 |
| 7479 | | -686.00 | -686.00 | 0.00 | -686 |
| 17359 | | -150.00 | -150.00 | | -150 |
| 22439 | | -95.00 | -95.00 | | -95 |
| 22943 | | -62.30 | -62.30 | | -62 |
| 12718 | | -27.75 | -27.75 | 0.00 | -27 |
| 17260 | | -98.00 | -98.00 | 0.00 | -98 |
| 29517 | | -25.61 | 0.00 | -25.61 | -25 |
| 12739 | | -740.00 | -740.00 | 0.00 | -740 |
| 13626 | | -42.60 | -42.60 | 0.00 | -42 |
| 11490 | | -1527.05 | -1527.05 | 0.00 | -1527 |
| 19524 | | -46.00 | -46.00 | | -46 |
| `56 | | -72.80 | -72.80 | 0.00 | -72 |
| 35 | | -100.00 | -100.00 | 0.00 | -100 |
| 22849 | | -39.00 | -39.00 | 0.00 | -39 |
| 18250 | | -1000.00 | -1000.00 | 0.00 | -1000. |
| 13379 | | -60.00 | -60.00 | 0.00 | -60. |
| 8048 | | -561.40 | -561.40 | 0.00 | -561. |
| 13167 | | -10.00 | -10.00 | 0.00 | -10. |
| 28357 | | -38.69 | 0.00 | -38.69 | -38. |
| 18471 | | -5.00 | -5.00 | 0.00 | -5. |
| 15949 | | -140.00 | -140.00 | 0.00 | -140. |
| 7639 | | -549.00 | -549.00 | 0.00 | -549. |
| 25976 | | -191.36 | -191.36 | 0.00 | -191. |
| 9233 | | -545.20 | -545.20 | 0.00 | -545. |
| 15857 | | -487.55 | -487.55 | 0.00 | -487. |
| 16516 | | -272.75 | -272.75 | 0.00 | -272. |
| 24912 | | -37.05 | -37.05 | 0.00 | -37. |
| 23499 | | -400.00 | -400.00 | 0.00 | -400. |
| 18722 | | -1.00 | -1.00 | 0.00 | -1. |
| 21039 | | -5.00 | 0.00 | -5.00 | -5. |
| 10589 | | -455.40 | -455.40 | 0.00 | -455.4 |
| 10670 | | -332.00 | -332.00 | 0.00 | -332. |
| 12949 | | -1000.00 | -1000.00 | 0.00 | -1000. |
| 12948 | | -1000.00 | -1000.00 | 0.00 | -1000. |
| 14835 | | -42.20 | -42.20 | 0.00 | -42.2 |
| 21173 | | -15.91 | 0.00 | -15.91 | -15.9 |
| 17066 | | -115.00 | -115.00 | 0.00 | -115. |
| 5 | | -23.00 | -23.00 | 0.00 | -23. |
| 3 | | -275.00 | -275.00 | 0.00 | -275. |
| 20609 | | -64.80 | -64.80 | 0.00 | -64.8 |

REDACTED

AGED TRIAL BALANCE - USER S
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

Financial.Class CB
transactions posted thru 05/11/07

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---|---|---|---|---|---|
| 18947 | | -5.00 | -5.00 | 0.00 | - |
| 10245 | | -49.40 | -49.40 | 0.00 | -4 |
| 13388 | | -674.40 | -674.40 | 0.00 | -67 |
| 9051 | | -291.45 | -291.45 | 0.00 | -29 |
| 10903 | | -665.00 | -665.00 | 0.00 | -66! |
| 15484 | | -50.00 | -50.00 | 0.00 | -5( |
| 7196 | | -125.00 | -125.00 | 0.00 | -125 |
| 7518 | | -571.06 | -571.06 | 0.00 | -571 |
| 10372 | | -29.00 | -29.00 | 0.00 | -29 |
| 15310 | | -10.00 | -10.00 | 0.00 | -1( |
| 23935 | | -60.00 | -60.00 | 0.00 | -6( |
| 14909 | | -10.00 | -10.00 | 0.00 | -10 |
| 12694 | | -608.00 | -608.00 | 0.00 | -608 |
| 19540 | | -222.76 | 1225.04 | -1447.80 | -222 |
| 17015 | | -410.00 | -410.00 | 0.00 | -410 |
| 23154 | | -20.00 | 0.00 | -20.00 | -20 |
| 25148 | | 331.22 | 331.22 | 0.00 | 0 |
| 11845 | | -925.25 | -925.25 | 0.00 | -925 |
| 12171 | | -94.28 | 0.00 | -94.28 | -94 |
| .52 | | -180.00 | -180.00 | 0.00 | -180 |
| 46 | | -403.00 | -205.00 | -198.00 | -403 |
| 2/226 | | -80.17 | 3.00 | -83.17 | -80. |
| 15589 | | -190.05 | -190.05 | 0.00 | -190. |
| 28315 | | -600.00 | -600.00 | | -600. |
| 15583 | | -270.00 | -270.00 | 0.00 | -270. |
| 24088 | | -44.75 | 715.50 | -760.25 | -44. |
| 11848 | | -115.00 | -115.00 | 0.00 | -115. |
| 13262 | | -129.00 | -129.00 | 0.00 | -129. |
| 27130 | | -146.19 | 273.78 | -419.97 | -146. |
| 11795 | | -446.00 | -446.00 | 0.00 | -446. |
| 27117 | | -160.26 | -160.26 | | -160. |
| 16803 | | -15.00 | -15.00 | 0.00 | -15. |
| 19380 | | -20.70 | -20.70 | | -20. |
| 22757 | | -177.46 | -26.97 | -150.49 | -177. |
| 16608 | | -30.00 | -30.00 | 0.00 | -30.( |
| 16738 | | -50.00 | -50.00 | 0.00 | -50.( |
| 22654 | | -558.90 | -742.90 | 184.00 | -558.! |
| 17563 | | -190.00 | -190.00 | 0.00 | -190.( |
| 22161 | | -16.40 | -16.40 | 0.00 | -16.4 |
| 17974 | | -863.80 | -863.80 | 0.00 | -863.8 |
| 17264 | | -15.00 | -15.00 | 0.00 | -15.0 |
| 23692 | | -15.00 | 0.00 | -15.00 | -15.0 |
| 20084 | | -690.00 | -690.00 | 0.00 | -690.0 |
| 15356 | | -10.00 | -10.00 | 0.00 | -10.0 |
| 20298 | | -5.00 | -5.00 | 0.00 | -5.0 |
| .38 | | -645.00 | -645.00 | 0.00 | -645.0 |
| .6 | | -2147.17 | 0.00 | -2147.17 | -2147.1 |
| 23184 | | -465.00 | 0.00 | -465.00 | -465.0 |

REDACTED

```
                                      AGED TRIAL BALANCE - USER
                                        HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

  r Financial.Class CB
  or transactions posted thru 05/11/07
==========================================================================
ACCOUNT    PATIENT                    BALANCE   DUE.PAT   DUE.INS    CUF
==========================================================================
15170                                  -25.00    -25.00      0.00    -2
17129                                  -15.00    -15.00      0.00    -1
15644                                 -135.00   -135.00      0.00   -13
18881                                  -10.00    -10.00      0.00    -1
11217                                 -585.00   -585.00      0.00   -58
16352                                 -215.00   -215.00              -21
26758                                  -20.33    -20.33               -2
18501                                   -8.00     -8.00      0.00      -
16242                                  -40.00    -40.00      0.00    -4
13564                                 -129.00   -129.00      0.00   -12
27025                                -1718.39      0.00  -1718.39  -171:
15099                                  -43.65    -43.65      0.00    -4
15158                                 -425.00   -425.00      0.00   -425
23756                                  -52.55    -52.55      0.00    -52
20897                                  -10.00    -10.00              -10
24541                                 -200.00   -200.00             -200
24628                                   -8.00     -8.00               -8
27209                                 -105.11    106.65   -211.76  -105
12480                                 -285.00   -285.00      0.00   -285
941                                    -50.00    -50.00              -50
39                                     -25.00    -25.00      0.00   -25
21956                                 -150.00   -150.00      0.00   -150
11686                                 -316.00   -316.00      0.00   -316
15289                                  -90.00    -90.00      0.00   -90.
16978                                 -210.00   -210.00      0.00   -210.
21242                                 -194.80      0.00   -194.80  -194.
15341                                  -97.94    -97.94      0.00   -97.
26251                                  -64.80      0.00    -64.80   -64.
22175                                  -20.00    -20.00              -20.
20021                                  -49.00    -49.00      0.00   -49.
17810                                 -375.00   -375.00      0.00   -375.
15352                                 -220.00   -220.00      0.00   -220.
28143                                -1067.32      0.00  -1067.32  -1067.
26739                                 -299.00      0.00   -299.00   -299.
18982                                 -230.00   -230.00      0.00   -230.(
20183                                 -830.00   -830.00      0.00   -830.(
11159                                 -215.00   -215.00      0.00   -215.(
22959                                -1000.00    240.00  -1240.00  -1000.(
22653                                 -681.80   -681.80      0.00   -681.8
22257                                  -38.00    -38.00              -38.0
17157                                 -752.00   -752.00      0.00   -752.0
18718                                 -248.00   -248.00      0.00   -248.0
16474                                  -10.00    -10.00      0.00   -10.0
15098                                  -55.00    -55.00              -55.0
28113                                  -79.80    -79.80      0.00   -79.8
80                                    -187.50   -187.50      0.00   -187.5
85                                    -264.00   -279.00     15.00   -264.0(
14317                                  -20.00    -20.00      0.00   -20.0(
```

REDACTED

AGED TRIAL BALANCE - USER .
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

r Financial.Class CB
r transactions posted thru 05/11/07

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---------|---------|---------|---------|---------|-----|
| 29395   |         | -500.00  | 0.00     | -500.00  | -50 |
| 21796   |         | -79.25   | -125.00  | 45.75    | -7  |
| 10115   |         | -75.80   | -75.80   | 0.00     | -7  |
| 9471    |         | -342.30  | -342.30  | 0.00     | -34 |
| 17225   |         | -84.00   | -84.00   | 0.00     | -8  |
| 14385   |         | -1462.65 | -1462.65 | 0.00     | -146 |
| 12503   |         | -119.73  | -116.25  | -3.48    | -11 |
| 12831   |         | -70.84   | -70.84   | 0.00     | -7  |
| 23657   |         | -1281.00 | 0.00     | -1281.00 | -128 |
| 10000   |         | -768.40  | -768.40  | 0.00     | -76 |
| 13810   |         | -330.50  | -330.50  | 0.00     | -33 |
| 18107   |         | -1010.00 | -1010.00 | 0.00     | -1010 |
| 23328   |         | -10.00   | -10.00   |          | -10 |
| 25095   |         | -150.00  | -150.00  |          | -150 |
| 6848    |         | -110.06  | -110.06  | 0.00     | -110 |
| 20105   |         | -5.00    | -5.00    | 0.00     | -5  |
| 14109   |         | -404.80  | -404.80  | 0.00     | -404 |
| 18112   |         | -149.00  | -74.00   | -75.00   | -149 |
| 29362   |         | -25.50   | -25.50   | 0.00     | -25 |
| ``276   |         | -1016.05 | 614.07   | -1630.12 | -1016 |
| `205    |         | -30.00   | -30.00   | 0.00     | -30 |
| ``1764  |         | -1327.00 | -1327.00 |          | -1327 |
| 12634   |         | -30.00   | -30.00   | 0.00     | -30 |
| 22328   |         | -625.00  | -76.80   | -548.20  | -625 |
| 15042   |         | -200.00  | -200.00  | 0.00     | -200. |
| 15510   |         | -83.50   | -83.50   | 0.00     | -83. |
| 26294   |         | -12.30   | 0.00     | -12.30   | -12. |
| 24865   |         | -68.80   | -68.80   | 0.00     | -68. |
| 24507   |         | -0.71    | -0.71    |          | -0. |
| 17996   |         | -12.00   | -12.00   | 0.00     | -12. |
| 25908   |         | -36.15   | -36.15   |          | -36. |
| 26266   |         | -735.00  | 0.00     | -735.00  | -735. |
| 26265   |         | -45.00   | 0.00     | -45.00   | -45. |
| 26315   |         | -1000.00 | 0.00     | -1000.00 | -1000. |
| 20196   |         | -25.00   | -25.00   | 0.00     | -25. |
| 21873   |         | -5.85    | -5.85    |          | -5. |
| 9823    |         | -392.00  | -392.00  | 0.00     | -392. |
| 10949   |         | -2218.60 | -2218.60 | 0.00     | -2218. |
| 15537   |         | -385.91  | -385.91  | 0.00     | -385. |
| 19387   |         | -199.72  | -199.72  | 0.00     | -199. |
| 13899   |         | -8.00    | -8.00    | 0.00     | -8. |
| 21769   |         | -950.00  | 0.00     | -950.00  | -950. |
| 18137   |         | -2069.88 | -2069.88 | 0.00     | -2069. |
| 12331   |         | -150.00  | -150.00  | 0.00     | -150. |
| 12207   |         | -32.50   | -32.50   | 0.00     | -32. |
| `56     |         | -571.00  | -571.00  | 0.00     | -571. |
| 9       |         | -36.40   | -36.40   | 0.00     | -36. |
| `19     |         | -244.04  | -244.04  | 0.00     | -244. |

REDACTED

AGED TRIAL BALANCE - USER ：
HARRY W BROWN, INC

For Practice# SAV   HARRY W BROWN, INC

Financial.Class CB
transactions posted thru 05/11/07

========================================================

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---------|---------|---------|---------|---------|-----|
| 16967 | | -135.00 | -135.00 | 0.00 | -13 |
| 16573 | | -58.00 | -58.00 | 0.00 | -5. |
| 9012 | | -205.00 | -205.00 | 0.00 | -20! |
| 25873 | | -200.25 | -200.25 | | -20( |
| 15627 | | -78.00 | -78.00 | 0.00 | -78 |
| 11942 | | -136.25 | -136.25 | 0.00 | -136 |
| 25844 | | -46.17 | -95.24 | 49.07 | -46 |
| 22142 | | -170.00 | 1140.00 | -1310.00 | -17C |
| 22415 | | -619.60 | 680.00 | -1299.60 | -619 |
| 22416 | | -811.35 | 680.00 | -1491.35 | -811 |
| 17595 | | -10.00 | -10.00 | 0.00 | -10 |
| 13845 | | -179.40 | -179.40 | 0.00 | -179 |
| 23289 | | -510.22 | -902.22 | 392.00 | -510 |
| 18100 | | -15.00 | -15.00 | 0.00 | -15 |
| 13770 | | -200.00 | -200.00 | 0.00 | -200 |
| 12007 | | -1059.15 | -1059.15 | 0.00 | -1059 |
| 14706 | | -171.40 | -171.40 | 0.00 | -171 |
| 15362 | | -176.00 | -176.00 | 0.00 | -176 |
| 26518 | | -225.00 | -225.00 | 0.00 | -225 |
| ¨¨553 | | -962.80 | -962.80 | 0.00 | -962. |
| )16 | | -1600.00 | -1600.00 | 0.00 | -1600. |
| ¨¨418 | | 45.00 | 0.00 | 45.00 | 0. |
| 12217 | | -967.00 | -967.00 | 0.00 | -967. |
| 15016 | | -30.50 | -30.50 | 0.00 | -30. |
| 24300 | | -785.00 | -620.00 | -165.00 | -785. |
| 22054 | | -54.50 | -54.50 | 0.00 | -54. |
| 11685 | | -1584.49 | -1584.49 | 0.00 | -1584. |
| 21870 | | -214.45 | -255.50 | 41.05 | -214. |
| 10520 | | -1051.00 | -1051.00 | 0.00 | -1051. |
| 19445 | | -261.28 | -261.28 | 0.00 | -261. |
| 20484 | | -49.00 | -49.00 | 0.00 | -49. |
| 18037 | | -6.00 | -6.00 | 0.00 | -6. |
| 14403 | | -138.00 | -138.00 | 0.00 | -138. |
| 14954 | | -50.00 | -50.00 | 0.00 | -50. |
| 22145 | | -1890.00 | 0.00 | -1890.00 | -1890. |
| 15994 | | -10.00 | -10.00 | 0.00 | -10. |
| 8490 | | -223.10 | -223.10 | 0.00 | -223.1 |
| 17248 | | -481.33 | -481.33 | 0.00 | -481.3 |
| 14263 | | -56.80 | -56.80 | 0.00 | -56.8 |
| 18335 | | -60.80 | -60.80 | 0.00 | -60.8 |
| 16148 | | -10.00 | -10.00 | 0.00 | -10.0 |
| 22551 | | -10.00 | -10.00 | | -10.0 |
| 14260 | | -435.00 | -435.00 | 0.00 | -435.0 |
| 12303 | | -26.00 | -26.00 | 0.00 | -26.0 |
| 18773 | | -49.00 | -49.00 | 0.00 | -49.0 |
| ¨66 | | -35.00 | -35.00 | | -35.0 |
| ¨¨8 | | -1.00 | -1.00 | 0.00 | -1.00 |
| 2?81 | | -70.10 | -70.10 | 0.00 | -70.10 |

REDACTED

AGED TRIAL BALANCE - USER S:
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

Financial.Class CB
transactions posted thru 05/11/07

=========================================================================
| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---------|---------|---------|---------|---------|-----|
=========================================================================
| 17024 | | 1214.00 | 1214.00 | | 0 |
| 28313 | | -30.92 | 0.00 | -30.92 | -30 |
| 13175 | | -531.00 | -531.00 | 0.00 | -531 |
| 8732 | | -49.00 | -49.00 | 0.00 | -49 |
| 6385 | | -12.00 | -12.00 | 0.00 | -12 |
| 20351 | | -115.00 | -115.00 | 0.00 | -115 |
| 11807 | | -848.00 | -848.00 | 0.00 | -848 |
| 12010 | | -0.08 | -0.08 | 0.00 | -0 |
| 25044 | | -372.75 | -262.75 | -110.00 | -372 |
| 28674 | | -253.00 | 0.00 | -253.00 | -253 |
| 17373 | | -25.00 | -25.00 | 0.00 | -25 |
| 19916 | | -120.00 | -120.00 | 0.00 | -120. |
| 13314 | | -149.00 | -149.00 | 0.00 | -149. |
| 22999 | | -532.00 | -532.00 | 0.00 | -532. |
| 22568 | | -15.00 | -25.00 | 10.00 | -15. |
| 27761 | | -21.00 | 0.00 | -21.00 | -21. |
| 15141 | | -60.00 | -60.00 | 0.00 | -60. |
| 12897 | | -25.82 | -25.82 | 0.00 | -25. |
| 15840 | | -311.01 | -311.01 | 0.00 | -311. |
| 2635 | | -525.00 | -525.00 | 0.00 | -525. |
| 13 | | -56.00 | -56.00 | 0.00 | -56. |
| 18 | | -1886.70 | -1885.59 | -1.11 | -1886. |
| 22149 | | -176.00 | -176.00 | | -176. |
| 24020 | | -328.32 | -678.35 | 350.03 | -328. |
| 24740 | | -55.80 | -55.80 | 0.00 | -55. |
| 19221 | | -11.00 | -11.00 | 0.00 | -11. |
| 19954 | | -135.00 | -135.00 | 0.00 | -135. |
| 16361 | | -25.00 | -25.00 | 0.00 | -25. |
| 19944 | | -10.00 | -10.00 | 0.00 | -10. |
| 20087 | | -30.00 | -30.00 | | -30. |
| 22435 | | -70.00 | -70.00 | 0.00 | -70. |
| 17938 | | -15.00 | -15.00 | 0.00 | -15. |
| 20071 | | -50.00 | -50.00 | | -50. |
| 13076 | | -120.00 | -120.00 | 0.00 | -120. |
| 28312 | | -1020.46 | 0.00 | -1020.46 | -1020.4 |
| 15030 | | -106.80 | -106.80 | 0.00 | -106.8 |
| 26665 | | -38.16 | -38.16 | 0.00 | -38.1 |
| 12981 | | -669.73 | -669.73 | 0.00 | -669.7 |
| 13007 | | -255.47 | -255.47 | 0.00 | -255.4 |
| 10036 | | -310.00 | -310.00 | 0.00 | -310.0 |
| 13482 | | -1.52 | -16.50 | 14.98 | -1.5 |
| 25601 | | -74.91 | -112.71 | 37.80 | -74.9 |
| 11662 | | -105.00 | -105.00 | 0.00 | -105.0 |
| 20253 | | -380.00 | -380.00 | 0.00 | -380.00 |
| 24443 | | -514.35 | 131.44 | -645.79 | -514.35 |
| 1 | | -890.00 | -890.00 | 0.00 | -890.00 |
| 0 | | -123.62 | 0.00 | -123.62 | -123.62 |
| 20192 | | -188.50 | 0.00 | -188.50 | -188.50 |

REDACTED

AGED TRIAL BALANCE - USER S
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

Financial.Class CB
transactions posted thru 05/11/07

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---|---|---|---|---|---|
| 9640 | | -1005.00 | -1005.00 | 0.00 | -1005 |
| 22919 | | -1531.00 | 0.00 | -1531.00 | -1531 |
| 27783 | | -125.00 | 0.00 | -125.00 | -125 |
| 22547 | | -1044.25 | -1044.25 | 0.00 | -1044 |
| 26118 | | -388.71 | -266.43 | -122.28 | -388 |
| 21945 | | -14.80 | -14.80 | | -14 |
| 19129 | | -5.00 | -5.00 | 0.00 | -5 |
| 29260 | | -78.86 | -78.86 | 0.00 | -78 |
| 13029 | | -27.00 | -27.00 | 0.00 | -27 |
| 15182 | | -17.50 | -17.50 | 0.00 | -17 |
| 14844 | | -35.00 | 0.00 | -35.00 | -35 |
| 17486 | | -189.12 | 0.00 | -189.12 | -189 |
| 24107 | | -65.00 | -65.00 | 0.00 | -65 |
| 18051 | | -7.00 | -7.00 | | -7 |
| 24849 | | -50.00 | -50.00 | | -50 |
| 13551 | | -766.60 | -766.60 | 0.00 | -766 |
| 27055 | | -115.00 | 0.00 | -115.00 | -115 |
| 20052 | | -714.60 | -714.60 | 0.00 | -714 |
| 20144 | | -49.00 | -49.00 | 0.00 | -49 |
| ..78 | | -100.00 | -100.00 | 0.00 | -100 |
| 62 | | -384.81 | -384.81 | | -384 |
| ..683 | | -5.00 | -5.00 | | -5 |
| 15111 | | -137.00 | -137.00 | 0.00 | -137. |
| 15629 | | -20.00 | -20.00 | 0.00 | -20. |
| 27799 | | -93.00 | 0.00 | -93.00 | -93. |
| 21117 | | 355.00 | 355.00 | | |
| 17004 | | -25.00 | -25.00 | 0.00 | -25. |
| 14367 | | -1391.00 | -1391.00 | 0.00 | -1391. |
| 12967 | | -35.00 | -35.00 | 0.00 | -35. |
| 20317 | | -187.00 | 42.00 | -229.00 | -187. |
| 26360 | | -60.01 | 0.00 | -60.01 | -60. |
| 8360 | | -469.20 | 0.00 | -469.20 | -469. |
| 8359 | | -469.20 | 0.00 | -469.20 | -469. |
| 8358 | | -469.20 | 0.00 | -469.20 | -469. |
| 16601 | | -10.00 | -10.00 | 0.00 | -10. |
| 16571 | | -891.00 | -891.00 | 0.00 | -891. |
| 20206 | | -5.00 | -5.00 | | -5. |
| 17577 | | -22.50 | -22.50 | 0.00 | -22. |
| 13289 | | -57.00 | -57.00 | 0.00 | -57. |
| 19579 | | -796.00 | -796.00 | 0.00 | -796. |
| 16199 | | -446.80 | -446.80 | 0.00 | -446. |
| 3879 | | -35.00 | -35.00 | 0.00 | -35. |
| 14320 | | -10.00 | -10.00 | 0.00 | -10. |
| 13610 | | -2.58 | 0.00 | -2.58 | -2. |
| ..654 | | -5.00 | -5.00 | | -5. |
| 95 | | -5.00 | -5.00 | 0.00 | -5. |
| 6 | | -384.00 | -384.00 | 0.00 | -384. |
| 12659 | | -75.00 | -75.00 | | -75. |

REDACTED

AGED TRIAL BALANCE - USER S
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

Financial.Class CB
transactions posted thru 05/11/07

=====================================================================
| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---------|---------|---------|---------|---------|-----|
| 19139 | | -10.00 | 0.00 | -10.00 | -1 |
| 20241 | | -804.00 | 0.00 | -804.00 | -80 |
| 22863 | | -20.00 | -20.00 | | -2 |
| 27064 | | -858.82 | -911.20 | 52.38 | -85 |
| 23746 | | -3042.60 | -3042.60 | | -304 |
| 21284 | | -105.00 | 0.00 | -105.00 | -105 |
| 24033 | | -59.05 | 990.95 | -1050.00 | -5 |
| 25617 | | -214.28 | -214.28 | | -214 |
| 15422 | | -10.00 | -10.00 | 0.00 | -10 |
| 16238 | | -440.00 | -440.00 | 0.00 | -440 |
| 11187 | | -10.00 | -10.00 | 0.00 | -10 |
| 17153 | | -5.00 | -5.00 | | -5 |
| 28999 | | -97.62 | 0.00 | -97.62 | -97 |
| 19724 | | -70.00 | -95.00 | 25.00 | -70 |
| 17326 | | -77.73 | 0.00 | -77.73 | -77 |
| 14242 | | -42.00 | -42.00 | 0.00 | -42 |
| 23247 | | -86.48 | -86.48 | | -86 |
| 12792 | | -329.50 | -329.50 | 0.00 | -329 |
| 14541 | | -175.00 | -175.00 | 0.00 | -175 |
| ~~497 | | -75.11 | -75.11 | | -75 |
| )94 | | -106.20 | -106.20 | | -106 |
| __007 | | -137.15 | -137.15 | | -137 |
| 13656 | | -91.20 | -91.20 | 0.00 | -91 |
| 23114 | | -907.40 | -907.40 | | -907. |
| 23120 | | -489.88 | -489.88 | | -489. |
| 22203 | | -309.03 | -309.03 | 0.00 | -309. |
| 8273 | | -1205.00 | -1205.00 | 0.00 | -1205. |
| 16813 | | -10.00 | -10.00 | 0.00 | -10. |
| 11370 | | -1000.00 | -1000.00 | 0.00 | -1000. |
| 11393 | | -1000.00 | -1000.00 | 0.00 | -1000. |
| 27926 | | -280.20 | 87.80 | -368.00 | -280. |
| 25141 | | -1000.00 | 0.00 | -1000.00 | -1000. |
| 25142 | | -1000.00 | 0.00 | -1000.00 | -1000. |
| 21166 | | -260.00 | -285.00 | 25.00 | -260. |
| 19125 | | -70.00 | -70.00 | 0.00 | -70. |
| 25317 | | -65.75 | 0.00 | -65.75 | -65. |
| 18071 | | -16.92 | -16.92 | 0.00 | -16. |
| 15571 | | -52.00 | -52.00 | 0.00 | -52. |
| 15626 | | -10.00 | -10.00 | 0.00 | -10. |
| 15714 | | -252.00 | -252.00 | 0.00 | -252. |
| 22777 | | -466.80 | -686.80 | 220.00 | -466. |
| 11711 | | -12.00 | -12.00 | 0.00 | -12. |
| 22281 | | -360.48 | -360.48 | 0.00 | -360. |
| 17364 | | -55.70 | -1274.70 | 1219.00 | -55.7 |
| 22389 | | -155.00 | -52.75 | -102.25 | -155. |
| 48 | | -10.00 | -10.00 | 0.00 | -10. |
| 2 | | -48.00 | -48.00 | 0.00 | -48.0 |
| 21260 | | -35.00 | 0.00 | -35.00 | -35.0 |

REDACTED

AGED TRIAL BALANCE - USER S
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

r Financial.Class CB
r transactions posted thru 05/11/07

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---------|---------|---------|---------|---------|-----|
| 14298   |         | -84.00  | -84.00  | 0.00    | -8  |
| 22215   |         | -70.00  | -70.00  |         | -7  |
| 20339   |         | -395.00 | -117.00 | -278.00 | -39 |
| 12440   |         | -2.40   | -2.40   | 0.00    | -   |
| 24198   |         | -1070.00| -1070.00|         | -107(|
| 21002   |         | -90.00  | -90.00  |         | -9( |
| 18050   |         | -5.00   | -5.00   | 0.00    | -!  |
| 20885   |         | -50.00  | 0.00    | -50.00  | -5( |
| 12139   |         | -61.35  | -61.35  | 0.00    | -6] |
| 12900   |         | -1031.48| -1031.48| 0.00    | -103]|
| 20205   |         | -257.00 | -257.00 |         | -257|
| 14752   |         | -75.00  | 0.00    | -75.00  | -75 |
| 14791   |         | -169.00 | -169.00 | 0.00    | -169|
| 9222    |         | -928.00 | -928.00 | 0.00    | -928|
| 21857   |         | -273.00 | -273.00 |         | -273|
| 21902   |         | -66.40  | -195.00 | 128.60  | -66 |
| 25612   |         | -3.51   | -3.51   | 0.00    | -3  |
| 21897   |         | -75.00  | -75.00  | 0.00    | -75 |
| 25112   |         | -8.00   | -8.00   |         | -8  |
| '¹599   |         | -17.00  | -17.00  | 0.00    | -17 |
| )27     |         | -114.81 | -114.81 | 0.00    | -114|
| ι76     |         | -637.40 | 640.60  | -1278.00| -637|
| 15039   |         | -20.00  | -20.00  | 0.00    | -20.|
| 13000   |         | -110.00 | -110.00 | 0.00    | -110.|
| 24038   |         | -813.47 | 2420.53 | -3234.00| -813.|
| 11314   |         | -698.00 | -658.04 | -39.96  | -698.|
| 10870   |         | -470.00 | -470.00 | 0.00    | -470.|
| 24778   |         | -60.00  | 0.00    | -60.00  | -60. |
| 19281   |         | -330.00 | -330.00 | 0.00    | -330.|
| 24519   |         | -675.83 | -675.83 |         | -675.|
| 15511   |         | -10.00  | -10.00  | 0.00    | -10. |
| 26887   |         | -439.47 | -439.47 |         | -439.|
| 22670   |         | -125.00 | -375.00 | 250.00  | -125.|
| 18924   |         | -795.00 | -795.00 | 0.00    | -795.|
| 17063   |         | -20.00  | -20.00  | 0.00    | -20. |
| 19718   |         | -335.44 | -335.44 | 0.00    | -335.|
| 19719   |         | -446.06 | -446.06 | 0.00    | -446.(|
| 14133   |         | -57.00  | -57.00  | 0.00    | -57.(|
| 18647   |         | -15.00  | -15.00  | 0.00    | -15.(|
| 9198    |         | -27.20  | -27.20  | 0.00    | -27.2|
| 19988   |         | -5.00   | -5.00   | 0.00    | -5.0 |
| 10355   |         | -67.00  | -67.00  | 0.00    | -67.0|
| 14123   |         | -297.50 | -297.50 | 0.00    | -297.5|
| 12524   |         | -295.00 | -295.00 | 0.00    | -295.0|
| ⁻⁻208   |         | -159.30 | -159.30 | 0.00    | -159.3|
| ⁻50     |         | -31.65  | -31.65  |         | -31.6|
| ₂2      |         | -185.00 | -185.00 | 0.00    | -185.0|
| 22373   |         | -5.00   | -5.00   | 0.00    | -5.0 |

REDACTED

AGED TRIAL BALANCE - USER :
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

r Financial.Class CB
r transactions posted thru 05/11/07

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUF |
|---------|---------|---------|---------|---------|-----|
| 12112 | | -1450.00 | -1450.00 | 0.00 | -145 |
| 24444 | | -644.19 | 155.79 | -799.98 | -64 |
| 22806 | | -130.00 | -280.00 | 150.00 | -13 |
| 15630 | | -1314.00 | -1314.00 | 0.00 | -131 |
| 16420 | | -50.00 | -50.00 | 0.00 | -5 |
| 20807 | | -10.00 | -10.00 | 0.00 | -1 |
| 18742 | | -1.00 | -1.00 | 0.00 | - |
| 26904 | | -68.75 | 185.08 | -253.83 | -6 |
| 21029 | | -2.00 | -2.00 | 0.00 | - |
| 21055 | | -13.80 | -50.30 | 36.50 | -1. |
| 27148 | | -248.54 | -48.00 | -200.54 | -24. |
| 19094 | | -5.00 | -5.00 | 0.00 | -! |
| 22861 | | -129.25 | -129.25 | 0.00 | -12! |
| 21411 | | -10.00 | -10.00 | | -1( |
| 22353 | | -5.00 | -5.00 | | -! |
| 12138 | | -1389.80 | -1389.80 | 0.00 | -1389 |
| 19363 | | -511.50 | -511.50 | 0.00 | -511 |
| 15926 | | -225.40 | -225.40 | 0.00 | -225 |
| 16758 | | -151.64 | -151.64 | 0.00 | -151 |
| ¨¨23 | | -395.00 | -395.00 | 0.00 | -395 |
| )70 | | -185.00 | 65.00 | -250.00 | -185 |
| __856 | | -382.50 | 0.00 | -382.50 | -382 |
| 17254 | | -81.31 | 0.00 | -81.31 | -81 |
| 18943 | | -112.50 | -112.50 | 0.00 | -112 |
| 19190 | | -65.95 | 0.00 | -65.95 | -65 |
| 16091 | | -50.00 | -50.00 | 0.00 | -50 |
| 17456 | | -20.00 | -20.00 | 0.00 | -20 |
| 22117 | | -6.17 | -6.17 | 0.00 | -6 |
| 19151 | | -44.13 | -44.13 | | -44 |
| 23709 | | -76.60 | -76.60 | 0.00 | -76 |
| 22680 | | -20.00 | -20.00 | | -20 |
| 10204 | | -1265.00 | -1265.00 | 0.00 | -1265 |
| 13393 | | -29.00 | -29.00 | 0.00 | -29. |
| 11591 | | -279.72 | -279.72 | 0.00 | -279. |
| 10678 | | -818.00 | -818.00 | 0.00 | -818. |
| 26558 | | -100.00 | -100.00 | | -100. |
| 26557 | | -580.38 | -580.38 | | -580. |
| 21501 | | -15.00 | -15.00 | | -15. |
| 22556 | | -72.90 | -72.90 | 0.00 | -72. |
| 17788 | | -46.00 | -46.00 | | -46. |
| 27028 | | -380.38 | -380.38 | 0.00 | -380. |
| 11214 | | -1029.33 | -1029.33 | 0.00 | -1029. |
| 23182 | | -25.00 | -25.00 | | -25. |
| 15607 | | -30.00 | -30.00 | 0.00 | -30. |
| ¨3021 | | -735.00 | 161.00 | -896.00 | -735. |
| ¨10 | | -1496.00 | -1496.00 | 0.00 | -1496. |
| 11 | | -862.27 | -862.27 | 0.00 | -862. |
| 10209 | | -460.00 | -460.00 | 0.00 | -460. |

REDACTED

AGED TRIAL BALANCE - USER S
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

r Financial.Class CB
c transactions posted thru 05/11/07

| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---|---|---|---|---|---|
| 20222 | | -76.25 | 122.50 | -198.75 | -7 |
| 7339 | | -364.00 | -364.00 | 0.00 | -36 |
| 26416 | | -760.01 | -505.76 | -254.25 | -76 |
| 19403 | | -580.60 | -580.60 | 0.00 | -58( |
| 18778 | | -2.00 | -2.00 | 0.00 | -: |
| 19607 | | -25.00 | 0.00 | -25.00 | -2! |
| 23865 | | -313.15 | -313.15 | 0.00 | -31: |
| 25016 | | -100.00 | 0.00 | -100.00 | -10( |
| 15507 | | -647.00 | -647.00 | 0.00 | -64; |
| 11890 | | -53.10 | -53.10 | 0.00 | -53 |
| 12815 | | -295.00 | -295.00 | 0.00 | -295 |
| 17872 | | -10.00 | -10.00 | 0.00 | -1( |
| 15018 | | -616.00 | -616.00 | 0.00 | -616 |
| 21824 | | -5.00 | -5.00 | 0.00 | -5 |
| 11461 | | -330.00 | -330.00 | 0.00 | -330 |
| 11547 | | -413.99 | -413.99 | 0.00 | -413 |
| 17910 | | -75.00 | -75.00 | 0.00 | -75 |
| 17527 | | -10.00 | -10.00 | 0.00 | -10 |
| 10710 | | -357.04 | -357.04 | 0.00 | -357 |
| ˙650 | | -650.60 | -650.60 | 0.00 | -650 |
| )02 | | -40.00 | -40.00 | 0.00 | -40 |
| .895 | | -1042.80 | -1042.80 | 0.00 | -1042 |
| 21302 | | -63.45 | -63.45 | 0.00 | -63. |
| 7159 | | -1410.00 | -1410.00 | 0.00 | -1410. |
| 7614 | | -350.00 | -350.00 | 0.00 | -350. |
| 18836 | | -45.00 | -45.00 | 0.00 | -45. |
| 13397 | | -10.00 | -10.00 | 0.00 | -10. |
| 23019 | | -99.28 | -94.55 | -4.73 | -99. |
| 16222 | | -307.86 | -307.86 | 0.00 | -307. |
| 20567 | | -315.00 | 0.00 | -315.00 | -315. |
| 6376 | | -544.12 | -544.12 | 0.00 | -544. |
| 16466 | | -320.00 | -320.00 | 0.00 | -320. |
| 18073 | | -7.00 | -7.00 | 0.00 | -7. |
| 25103 | | -837.00 | -837.00 | 0.00 | -837. |
| 6374 | | -911.09 | -911.09 | 0.00 | -911.( |
| 17824 | | -5.00 | -5.00 | 0.00 | -5.( |
| 22544 | | -12.00 | -12.00 | | -12.( |
| 12014 | | -220.00 | -220.00 | 0.00 | -220.( |
| 15946 | | -60.00 | -60.00 | 0.00 | -60.( |
| 21814 | | -39.00 | -39.00 | | -39.( |
| 8588 | | -1525.00 | -1525.00 | 0.00 | -1525.( |
| 15945 | | -252.00 | -252.00 | 0.00 | -252.( |
| 19577 | | -29.80 | -29.80 | 0.00 | -29.8 |
| 8810 | | -1775.00 | -1775.00 | 0.00 | -1775.( |
| ˙110 | | -506.00 | -506.00 | 0.00 | -506.( |
| ˙5 | | -635.00 | -635.00 | 0.00 | -635.( |
| ˙3 | | -571.73 | -25.00 | -546.73 | -571.7 |
| ˙575 | | -960.65 | -960.65 | | -960.6 |

REDACTED

AGED TRIAL BALANCE - USER S1
HARRY W BROWN, INC

For Practice# SAV  HARRY W BROWN, INC

Financial.Class CB
transactions posted thru 05/11/07

============================================================================
| ACCOUNT | PATIENT | BALANCE | DUE.PAT | DUE.INS | CUR |
|---------|---------|---------|---------|---------|-----|
============================================================================
| 15692 | | -25.00 | -25.00 | 0.00 | -25 |
| 16970 | | -21.00 | -21.00 | 0.00 | -21 |
| 28118 | | -1000.00 | 0.00 | -1000.00 | -1000 |
| 15354 | | -27.80 | -27.80 | 0.00 | -27 |
| 24789 | | -15.00 | -15.00 | | -15 |
| 22323 | | -125.00 | -125.00 | 0.00 | -125 |
| 13769 | | -1709.20 | -1709.20 | 0.00 | -1709 |
| 12297 | | -4.61 | 0.00 | -4.61 | -4 |
| 22529 | | -5.00 | -5.00 | | -5 |
| 7356 | | -624.20 | -624.20 | 0.00 | -624 |
| 22574 | | -11.00 | -11.00 | 0.00 | -11 |
| 19865 | | -74.00 | -74.00 | | -74 |
| 27785 | | -280.00 | -280.00 | | -280 |
| 24037 | | -52.55 | 742.45 | -795.00 | -52 |
| 13870 | | -14.00 | -14.00 | 0.00 | -14 |
| 16482 | | -150.00 | -150.00 | 0.00 | -150 |
| 12637 | | -15.00 | -15.00 | 0.00 | -15. |
| 12731 | | -258.95 | -258.95 | 0.00 | -258. |
| 13853 | | -690.00 | -690.00 | 0.00 | -690. |
| 86 | | -203.69 | -203.69 | 0.00 | -203. |
| 70 | | -107.00 | -107.00 | 0.00 | -107. |
| 12844 | | -84.00 | -84.00 | 0.00 | -84. |
| 17932 | | -1111.62 | -1111.62 | 0.00 | -1111. |
| 18176 | | -15.00 | -15.00 | 0.00 | -15. |
| 17786 | | -49.88 | 0.00 | -49.88 | -49. |
| 2693 | | -20.00 | -20.00 | 0.00 | -20. |
| 27988 | | -19.83 | 0.00 | -19.83 | -19. |

GRAND TOTALS: 1624953.29-201447.95-134999.35 -66448.60-204018.

REDACTED

B

STATE OF GEORGIA            )
                           )
COUNTY OF *Coffee*          )

### AFFIDAVIT OF DEWEY HAYES

**COMES NOW DEWEY HAYES**, who after being duly sworn before an officer authorized to administer oaths, states as follows:

1.   My name is Dewey Hayes.  I am over the age of 18 and give this affidavit of my own personal knowledge.

2.   I am an attorney licensed to practice law in the State of Georgia, and have been so licensed since 1979.

3.   I am familiar with the standards of legal practice for attorneys practicing in the State of Georgia.

4.   In preparing to give this Affidavit, I have reviewed Complaint which is being filed in this action.

6.   For the purposes of this Affidavit, I assume that the following is true:

a.   Defendant Arrowhead Clinics, Incorporated (hereinafter "ARROWHEAD CLINICS") is a corporation providing chiropractic services to patients.  On information and belief, Defendants Harry W. Brown, Sr. (hereinafter "Brown, Sr.") and Harry W. Brown, Jr. (hereinafter "Brown, Jr.") are each chiropractors licensed by the State of Georgia, who provide services to patients through ARROWHEAD CLINICS.

### PAGE 1 OF 7

b.   Defendants Arrowhead Management, Inc. (hereinafter "ARROWHEAD MANAGEMENT"), Brown Enterprises, Inc. (hereinafter "BROWN ENTERPRISES"), and Harry W. Brown, Inc. (hereinafter "BROWN, INC."), are corporate entities established for the purpose of managing Defendant ARROWHEAD CLINICS.   These Defendants will hereinafter be collectively referred to as the "the BROWN ENTITIES."

c.   Robert D. Stein and/or Legal Counsel, Inc. together with entities affiliated with Harry W. Brown, Sr. and Harry W. Brown, Jr., have devised a scheme through which patients of Brown, Brown, Jr., and/or the ARROWHEAD CLINICS were improperly referred, as clients, to Robert D. Stein and/or Legal Counsel, Inc.   The scheme devised by the Defendants is as follows:

(1)   When a new patient scheduled an appointment with a chiropractic clinic affiliated with BROWN, SR., BROWN, JR., and/or the  BROWN ENTITIES due to a car accident or other tort, the BROWN ENTITIES would contact the LAW OFFICES.   The purpose of this contact was to inform the Office of Robert D. Stein and/or Legal Counsel, Inc.,  of the date at time of the patients initial chiropractic appointment, thus enabling a representative of Robert D. Stein and/or Legal Counsel, Inc. to be present at the chiropractic

**PAGE 2 OF 7**

clinic at the time of the patient's initial chiropractic appointment.

(2)  Upon the patients' arrival at the chiropractic clinic, he or she would be given certain paperwork to complete.

(3)  Either before or after the patient met with a chiropractor (or member of the clinic staff), the patient was told to meet with a representative of Robert D. Stein and/or Legal Counsel, Inc.  At this point, the patient would be presented with and encouraged to sign, with an attorney client contract to sign, entitling the attorney a contingency fee interest, the absolute and irrevocable right to pay the clients' medical expenses.

(4)  Upon information and belief, this attorney client contract is presented to the patient to sign in connection with his/or her being informed by members of the chiropractic staff that 1) a prolonged course of multiple chiropractic treatments are needed to address the patient's injury; 2) the patient should not miss any of these treatments; 3) of the patient did not attend all of the treatments, they would not be able to recover for their injuries; and 4)  the patient is responsible for the cost of these treatments.

**PAGE 3 OF 7**

(5)   This contract also gives Robert D. Stein and/or Legal Counsel, Inc. the irrevocable right to pay all of the client's medical expenses from the client's share of the gross recovery, and to pay any medical lien.

(6)   The meeting with the representative of Robert D. Stein and/or Legal Counsel, Inc. was scheduled without the patient's knowledge or consent, and for the purpose inducing the patient to pursue legal actions.

6.   I have also reviewed the affidavits of Kenneth and Linda Waithe and the attachments thereto.   These affidavits provide factual support for the allegations set forth in paragraph 5 of this affidavit.

7.   Based on my review of the above-described documents, and factual assumptions identified above, as well as my training and experience, it is my opinion within a reasonable degree of professional certainty that attorney Robert D. Stein, and individuals working under his supervision and/or direction, or on his behalf, breached the applicable standard of care generally employed by reasonably prudent attorneys both within the State of Georgia and nationally in the following ways:

a.   by soliciting clients through an arrangement with a chiropractor, wherein the chiropractor, Dr. Harry W. Brown and his clinic, contacted Mr. Stein's office or someone

**PAGE 4 OF 7**

acting on behalf of Mr. Stein, concerning potential chiropractic patients.  The purpose of this initial contact was to alert Mr. Stein to have a representative meet the patient on the premises of the chiropractic clinic to "sign this individual up" as a client of Mr. Stein and/or other attorneys working with him.  Once alerted, the representative of Mr. Stein and/or his law firm would actually appear at the chiropractic clinic to meet the patient, and to have the patient sign an attorney client fee contract with Mr. Stein and his firm, while actually at the chiropractic clinic.

b.  This type of conduct is harmful in that it provides Mr. Stein's representative with the opportunity to unduly influence the client's choice in attorney.  This harm inherent in this type of scheme is recognized by the Rules of the State Bar of Georgia:  By directly contacting a potential client at a physician's office, Mr. Stein (or his non-lawyer representative) takes unfair advantage of the situation wherein the patient/prospective client may feel "overwhelmed by the situation giving rise to the need for legal services, and may have an impaired capacity for reason, judgment and protective self-interest."  Ga. R. & Regs. St. Bar 4-102(d), 7.3 (a copy of this regulation is attached hereto as Exhibit B).

**PAGE 5 OF 7**

c.   This type of conduct is also harmful to the
patient/client because it creates a situation wherein the
attorney's loyalty is split between the client, and his
referral source.   This inherent conflict constitutes a
breach of the fiduciary duty an attorney owes his client.

8.   Each of the above-mentioned acts, omissions or failings
falls below and constitutes a deviation of the applicable
standard of care of attorneys practicing law in the State of
Georgia.   It is my opinion that, as a proximate cause of the
acts, omissions or failings set out above, Plaintiffs Linda
Waithe and Kenneth Waithe and those similarly situated to her,
have suffered damages through the Attorneys' lack of utmost total
loyalty.

9.   This affidavit is given in conformance with O.C.G.A.
§9-11-9.1 and is not dispositive of all of my opinions relative
to this case.

This _____18th_____ day of November, 2008.

_____
Dewey Hayes

Sworn to and subscribed
before me this _18_ day
of _November_____, 2008

_Catherine S. Otto_____
Notary Public

CATHERINE D. OTTO
Notary Public, Chatham County, GA
My Commission Expires August 17, **PAGE 6 OF 7**

LexisNexis* *Total Research System*

Switch Client ¦ Preferences ¦ Sign Out

My Lexis™ ▼ Search ▼ Research Tasks ▼ Get a Document ▼ Shepard's® ▼ Alerts ▼ Total Litigator ▼ Transactional Advisor ▼ Counsel Selector ▼ Dossier ¦ Hist

FOCUS™ Terms [                ]   Search Within [Original Results (1 - 1)  ▼] [Go ➡] Advanced...

Source: Georgia > Find Statute, Regulations, Administrative Materials & Court Rules > GA - Georgia Code, Constitution, Court Rules & ALS, Combined ¦
TOC: Georgia Code, Constitution, Court Rules & ALS, Combined > / . . . / > PART SEVEN-- INFORMATION ABOUT LEGAL SERVICES > **Rule 7.3 Direct Conta Prospective Clients.**

*Ga. R. & Regs. St. Bar Rule 7.3*

Retrieve State Legislative Impact®  ($)

GEORGIA RULES OF COURT ANNOTATED
Copyright (c) 2008 by Matthew Bender & Company, Inc.,
a member of the LexisNexis Group.
All rights reserved.

*** CURRENT THROUGH CHANGES RECEIVED THROUGH JULY 1, 2008 ***
*** ANNOTATIONS CURRENT THROUGH JUNE 13, 2008 ***

RULES AND REGULATIONS FOR THE ORGANIZATION AND GOVERNMENT OF THE STATE BAR OF GEORGIA
PART IV. DISCIPLINE
PART SEVEN -- INFORMATION ABOUT LEGAL SERVICES

*Ga. R. & Regs. St. Bar Rule 7.3 (2008)*

Review Court Orders which may amend this Rule

Rule 7.3 Direct Contact with Prospective Clients.

(a) A lawyer shall not send, or knowingly permit to be sent, on behalf of the lawyer, the lawyer's firm, lawyer's partner, associate or any other lawyer affiliated with the lawyer or the lawyer's firm, a written communication to a prospective client for the purpose o obtaining professional employment if:.

(1) it has been made known to the lawyer that a person does not desire to receive communications from the lawyer;

(2) the communication involves coercion, duress, fraud, overreaching, harassment, intimidation or undue influence;

(3) the written communication concerns an action for personal injury or wrongful death or otherwise relates to an accident or disast involving the person to whom the communication is addressed or a relative of that person, unless the accident or disaster occurred more than 30 days prior to the mailing of the communication; or.

(4) the lawyer knows or reasonably should know that the physical, emotional or mental state of the person is such that the person could not exercise reasonable judgment in employing a lawyer.

(b) Written communications to a prospective client, other than a close friend, relative, former client or one whom the lawyer reasonably believes is a former client, for the purpose of obtaining professional employment shall be plainly marked "Advertisement on the face of the envelope and on the top of each page of the written communication in type size no smaller than the largest type size used in the body of the letter.

(c) A lawyer shall not compensate or give anything of value to a person or organization to recommend or secure the lawyer's employment by a client, or as a reward for having made a recommendation resulting in the lawyer's employment by a client; except that the lawyer may pay for public communications permitted by Rule 7.1 and except as follows:.

(1) A lawyer may pay the usual and reasonable fees or dues charged by a bona fide lawyer referral service operated by an organization authorized by law and qualified to do business in this state; provided, however, such organization has filed with the State Disciplinary Board, at least annually, a report showing its terms, its subscription charges, agreements with counsel, the numbe of lawyers participating, and the names and addresses of lawyers participating in the service;

(2) A lawyer may pay the usual and reasonable fees or dues charged by a bar operated non profit lawyer referral service, including a fee which is calculated as a percentage of the legal fees earned by the lawyer to whom the service has referred a matter, provided such bar operated non profit lawyer referral service meets the following criteria:.

(i) the lawyer referral service shall be operated in the public interest for the purpose of referring prospective clients to lawyers, pro bono and public service legal programs, and government, consumer or other agencies who can provide the assistance the clients need. Such organization shall file annually with the State Disciplinary Board a report showing its rules and regulations, its subscriptic charges, agreements with counsel, the number of lawyers participating and the names and addresses of the lawyers participating in the service;

HAYES AFF - SK 'B'

(ii) the sponsoring bar association for the lawyer referral service must be open to all lawyers licensed and eligible to practice in this

state who maintain an office within the geographical area served, and who meet reasonable objectively determinable experience requirements established by the bar association;

(iii) The combined fees charged by a lawyer and the lawyer referral service to a client referred by such service shall not exceed the total charges which the client would have paid had no service been involved; and,.

(iv) A lawyer who is a member of the qualified lawyer referral service must maintain in force a policy of errors and omissions insurance in an amount no less than $ 100,000 per occurrence and $ 300,000 in the aggregate.

(3) A lawyer may pay the usual and reasonable fees to a qualified legal services plan or insurer providing legal services insurance a authorized by law to promote the use of the lawyer's services, the lawyer's partner or associates services so long as the communications of the organization are not false, fraudulent, deceptive or misleading;

(4) A lawyer may pay the usual and reasonable fees charged by a lay public relations or marketing organization provided the activiti of such organization on behalf of the lawyer are otherwise in accordance with these Rules.

(5) A lawyer may pay for a law practice in accordance with Rule 1.17: Sale of Law Practice.

(d) A lawyer shall not solicit professional employment as a private practitioner for the lawyer, a partner or associate through direct personal contact or through live telephone contact, with a non-lawyer who has not sought advice regarding employment of a lawye

(e) A lawyer shall not accept employment when the lawyer knows or it is obvious that the person who seeks to employ the lawyer does so as a result of conduct by any person or organization prohibited under Rules 7.3(c)(1), 7.3(c)(2) or 7.3(d): Direct Contact w Prospective Clients.

The maximum penalty for a violation of this Rule is disbarment. Comment

Direct Personal Contact

[1] There is a potential for abuse inherent in solicitation through direct personal contact by a lawyer of prospective clients known to need legal services. It subjects the lay person to the private importuning of a trained advocate, in a direct interpersonal encounter. prospective client often feels overwhelmed by the situation giving rise to the need for legal services, and may have an impaired capacity for reason, judgment and protective self-interest. Furthermore, the lawyer seeking the retainer is faced with a conflict stemming from the lawyer's own interest, which may color the advice and representation offered the vulnerable prospect.

[2] The situation is therefore fraught with the possibility of undue influence, intimidation, and overreaching. The potential for abuse inherent in solicitation of prospective clients through personal contact justifies its prohibition, particularly since the direct written contact permitted under paragraph (b) of this Rule offers an alternative means of communicating necessary information to those wh may be in need of legal services. Also included in the prohibited types of personal contact are direct personal contact through an intermediary and live contact by telephone.

Direct Mail Solicitation

[3] Subject to the requirements of Rule 7.1: Communications Concerning a Lawyer's Services and paragraphs (b) and (c) of this Ru 7.3: Direct Contact with Prospective Clients, promotional communication by a lawyer through direct written contact is generally permissible. The public's need to receive information concerning their legal rights and the availability of legal services has been consistently recognized as a basis for permitting direct written communication since this type of communication may often be the be and most effective means of informing. So long as this stream of information flows cleanly, it will be permitted to flow freely.

[4] Certain narrowly-drawn restrictions on this type of communication are justified by a substantial state interest in facilitating the public's intelligent selection of counsel, including the restrictions of sub-paragraph (a)(3) & (4) which proscribe direct mailings to persons such as an injured and hospitalized accident victim or the bereaved family of a deceased.

[5] In order to make it clear that the communication is commercial in nature, paragraph (b) requires inclusion of an appropriate affirmative "advertisement" disclaimer. Again, the traditional exception for contact with close friends, relatives and former clients is recognized and permits elimination of the disclaimer in direct written contact with these persons.

[6] This Rule does not prohibit communications authorized by law, such as notice to members of a class in class action litigation.

Paying Others to Recommend a Lawyer

[7] A lawyer is allowed to pay for communications permitted by these Rules, but otherwise is not permitted to pay another person fo channeling professional work. This restriction does not prevent an organization or person other than the lawyer from advertising or recommending the lawyer's services. Thus, a legal aid agency, a prepaid legal services plan or prepaid legal insurance organization may pay to advertise legal services provided under its auspices. Likewise, a lawyer may participate in lawyer referral programs and pay the usual fees charged by such programs, provided the programs are in compliance with the registration requirements of sub paragraph (c)(1) or (c)(2) of this Rule 7.3: Direct Contact with Prospective Clients and the communications and practices of the organization are not deceptive or misleading.

HAYES AFF - EX B

[8] A lawyer may not indirectly engage in promotional activities through a lay public relations or marketing firm if such activities would be prohibited by these Rules if engaged in directly by the lawyer.

earch - 1 Result - Rule 7.3 Direct Contact with Prospective Clients.

Case 4:09-cv-00021-LGW-GRS   Document 1   Filed 01/29/09   Page 59 of 124

Page

**NOTES:**
Editor's Note. -- This rule was adopted effective January 1, 2001.

This rule was amended effective June 9, 2004.

JUDICIAL DECISIONS
533 S.E.2d 711 (2000).

Source:  Georgia > Find Statute, Regulations, Administrative Materials & Court Rules > **GA - Georgia Code, Constitution, Court Rules & ALS, Combined** ;
   TOC:  Georgia Code, Constitution, Court Rules & ALS, Combined  > / . . . / > PART SEVEN-- INFORMATION ABOUT LEGAL SERVICES  > **Rule 7.3 Direct Co
         with Prospective Clients.**
  View:  Full
Date/Time:  Monday, November 17, 2008 - 5:04 PM EST

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

**LexisNexis**   About LexisNexis  | Terms & Conditions  | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

HAYES AFF   EX B

STATE OF GEORGIA                    )
                                   )
COUNTY OF _____          )

### AFFIDAVIT OF KENNETH WAITHE

COMES NOW, KENNETH WAITHE, who, after first being duly sworn before an officer authorized to administer oaths, states as follows:

1.

My name is Kenneth Waithe. I am over the age of 18, and give this Affidavit of my own personal knowledge.

2.

On January 1, 2005, I was injured in an automobile collision.

3.

Shortly thereafter, I called the Brown Arrowhead Chiropractic Clinic in Hinesville, Georgia, to schedule an appointment to be evaluated and treated for the injuries I had sustained.

4.

At this time, I did not authorize Arrowhead Clinic to speak to anyone on my behalf concerning my medical condition.

5.

On January 6, 2005, I went to the Arrowhead Clinic in Hinesville, Georgia, for treatment. While at this initial visit, I was met by a person who advised me that he was a representative for an attorney named Stein. This person took me into another room at the Arrowhead Clinic and gave me a contract to sign retaining the Stein Law Firm to

represent me in connection with the injuries I sustained in the automobile collision.

6.

The representative of the Stein Law Firm stressed to me that it was very important that I (1) complete my entire course of prescribed treatment with the Arrowhead Clinic; (2) keep all of my appointments at the Arrowhead Clinic; and (3) should not cancel or reschedule any appointments except under extreme circumstances such as a death in my family.

7.

The representative of the Stein Law Firm also advised me that the person responsible for my injuries probably had insurance coverage of $25,000.00, and that they would try to recover that amount as compensation for my injuries. He further advised me that I would receive one-third of the $25,000.00, Mr. Stein and his firm would get one-third of the $25,000.00, and the Arrowhead Clinic would get one-third of the $25,000.00.

8.

When I went to the Arrowhead Clinic office, I was told that I could not be evaluated for treatment until I had accepted their attorney.

9.

I had to travel from Baxley, Georgia, to Hinesville, Georgia, a distance of 75 miles one way and 150 miles round-trip, for my appointments at the Arrowhead Clinic.

10.

It was never disclosed to me that a large volume of the Stein Law Firm's business was being referred by the Arrowhead Clinic to that law firm.

11.

Attached to this affidavit as Exhibit "A" is a settlement statement I received when I settled my auto wreck case for injuries received on January 1, 2005. I was never informed by the Stein Law Firm or anyone at the Arrowhead Clinic that the chiropractic clinic had actually received funds from State Farm for my treatment. At that time, State Farm carried my automobile liability policy, which contained a "med pay" provision.

12.

On or about October 30, 2007, I received a "refund" check from the Arrowhead entities, which provided no explanation as to why I receiving this refund.

FURTHER, AFFIANT SAITH NOT.

This 22nd day of _October_, 2008.

_____
Kenneth Waithe

Sworn to and subscribed before me
this 23 day of _October_, 2008.

_____ [SEAL]
NOTARY PUBLIC   m. ann Addlspeger
Notary Public, ......, Georgia
My Commission Expires July 25, 2011
_____
My Commission Expires

## <u>SETTLEMENT STATEMENT</u>

We, Kenneth and Linda Waithe, accept the below disbursements acknowledging the same to b true and correct and herein release our Attorneys, Robert D. Stein, Robert W. Mayhue, Jr., and Christopher E. Ringue from any and all liability attaching thereto and give our Attorneys of recon Power of Attorney to sign our names on any settlement statement draft received, deposit same in their escrow account and give us a check from that account pursuant to this disbursement.

We have authorized our Attorneys, Robert D. Stein, Robert W. Mayhue, Jr., and Christopher E Ringue to settle our claim from an auto accident, which occurred on January 1, 2005 for a total o $7,750.00.

We further understand that if insurance companies pay or have paid medical benefits on our behalf, for which they have a right of reimbursement or subrogation, we agree to take full responsibility and handle all matters pertaining to reimbursement or subrogation as these matters may arise in the future.

For consideration Brown Arrowhead Chiropractic Clinic accepting the below disbursement as full and final payment of all balances we owe them, we agree to allow our attorney to provide them with a copy of this settlement statement.

We further understand that we are responsible for any unpaid medical bills.  We have instructed our Attorneys not to pay them out of the proceeds of this settlement and agree to take full responsibility and handle these matters as they may arise in the future.

We further authorize our Attorneys to distribute the above sum from their escrow account in the following manner:

| | |
|---|---|
| Settlement Amount to Kenneth Waithe | $7,750.00 |
| To our Attorneys:  as per original contract | <u>$3,100.00</u> |
| Total Rec'd. by Client | $4,650.00 |
| | |
| To Robert D. Stein as reimbursement for expenses | <u>$250.00</u> |
| | |
| To Kenneth Waithe Net to Client | $4,400.00 |

5-25-05
_____
Date

_____
Kenneth Waithe

5/-25/05
_____
Date

_____
Linda Waithe

1

STATE OF GEORGIA )
)
COUNTY OF _____ )

### AFFIDAVIT OF LINDA WAITHE

COMES NOW, LINDA WAITHE, who, after first being duly sworn before an officer authorized to administer oaths, states as follows:

1.

My name is Linda Waithe. I am over the age of 18, and give this Affidavit of my own personal knowledge.

2.

On January 1, 2005, both my husband and I were injured in an automobile collision.

3.

Shortly thereafter, I called the Brown Arrowhead Chiropractic Clinic in Hinesville, Georgia, to schedule an appointment to be evaluated and treated for the injuries I had sustained.

4.

At this time, I did not authorize Arrowhead Clinic to speak to anyone on my behalf concerning my medical condition.

5.

On January 6, 2005, I went to the Arrowhead Clinic in Hinesville, Georgia, for treatment. While at this initial visit, I was met by a person who advised me that he was a representative for an attorney named Stein. This person took me into another room at

the Arrowhead Clinic and gave me a contract to sign retaining the Stein Law Firm to

represent me in connection with the injuries I sustained in the automobile collision.

6.

The representative of the Stein Law Firm stressed to me that it was very

important that I (1) complete my entire course of prescribed treatment with the

Arrowhead Clinic; (2) keep all of my appointments at the Arrowhead Clinic; and (3)

should not cancel or reschedule any appointments except under extreme circumstances

such as a death in my family.

7.

The representative of the Stein Law Firm also advised me that the person

responsible for my injuries probably had insurance coverage of $25,000.00, and that

they would try to recover that amount as compensation for my injuries.  He further

advised me that I would receive one-third of the $25,000.00, Mr. Stein and his firm

would get one-third of the $25,000.00, and the Arrowhead Clinic would get one-third of

the $25,000.00.

8.

When I went to the Arrowhead Clinic office, I was told that I could not be

evaluated for treatment until I had accepted their attorney.

9.

I had to travel from Baxley, Georgia, to Hinesville, Georgia, a distance of 75

miles  one way and 150 miles round-trip, for my appointments at the Arrowhead Clinic.

10.

It was never disclosed to me that a large volume of the Stein Law Firm's business was being referred by the Arrowhead Clinic to that law firm.

11.

Attached to this affidavit as Exhibit "A" is a settlement statement I received when I settled my auto wreck case for injuries received on January 1, 2005. I was never informed by the Stein Law Firm or anyone at the Arrowhead Clinic that the chiropractic clinic had actually received funds from State Farm for my treatment. At that time, State Farm carried my automobile liability policy, which contained a "med pay" provision.

12.

On or about October 30, 2007, I received a "refund" check from the Arrowhead entities, which provided no explanation as to why I receiving this refund.

FURTHER, AFFIANT SAITH NOT.

This 22nd day of _October_, 2008.

_Linda Waithe_
Linda Waithe

Sworn to and subscribed before me
this 23 day of _October_, 2008.

_____ [SEAL]
NOTARY PUBLIC
Notary Public, Coffee County, Georgia
My Commission Expires July 25, 2011

My Commission Expires

## SETTLEMENT STATEMENT

We, Linda and Kenneth Waithe, accept the below disbursements acknowledging the same to l true and correct and herein release our Attorneys, Robert D. Stein, Robert W. Mayhue, Jr., ar Christopher E. Ringue from any and all liability attaching thereto and give our Attorneys of recor Power of Attorney to sign our names on any settlement statement draft received, deposit same their escrow account and give us a check from that account pursuant to this disbursement.

We have authorized our Attorneys, Robert D. Stein, Robert W. Mayhue, Jr., and Christopher E Ringue to settle our claim from an auto accident, which occurred on January 1, 2005 for a total c $7,750.00.

We further understand that if insurance companies pay or have paid medical benefits on ou behalf, for which they have a right of reimbursement or subrogation, we agree to take fu responsibility and handle all matters pertaining to reimbursement or subrogation as these matten may arise in the future.

For consideration Brown Arrowhead Chiropractic Clinic accepting the below disbursement as ful and final payment of all balances we owe them, we agree to allow our attorney to provide them with a copy of this settlement statement.

We further understand that we are responsible for any unpaid medical bills. We have instructed our Attorneys not to pay them out of the proceeds of this settlement and agree to take full responsibility and handle these matters as they may arise in the future.

We further authorize our Attorneys to distribute the above sum from their escrow account in the following manner:

| | |
|---|---|
| Settlement Amount to Linda Waithe | $7,750.00 |
| To our Attorneys:  as per original contract | $3,100.00 |
| Total Rec'd by Client | $4,650.00 |
| To Robert D. Stein as reimbursement for expenses | $250.00 |
| To Linda Waithe        Net to Client | $4,400.00 |

_5/25/05_
Date

_Linda Waithe_
Linda Waithe

_5-25-05_
Date

_Kenneth Waithe_
Kenneth Waithe

1

COUNTY OF FULTON      )
                           )
                           )
STATE OF GEORGIA      )

### AFFIDAVIT OF ALAN BRAGMAN, D.C.

COMES NOW ALAN BRAGMAN, D.C., who after being duly sworn before an officer authorized to administer oaths, states as follows:

     1.   My name is Alan Bragman.  I am over the age of 18 and give this affidavit of my own personal knowledge.

     2.   I am a Doctor of Chiropractic, and am currently licensed to practice chiropractic medicine in the state of Georgia.  I have been so licensed by the State of Georgia since 1982.  A copy of my curriculum vitae is attached hereto as Exhibit A.

     3.   Through education, training, and experience, I am familiar with the standards of chiropractic care for chiropractors practicing within the state of Georgia, and in the profession generally.

     4.   In preparing to give this Affidavit, I have reviewed the Affidavit of Linda Waithe (a copy of which is attached hereto as Exhibit B), and the Affidavit of Kenneth Waithe (a copy of which is attached hereto as Exhibit C).

     5.   I have also reviewed the following materials:

     a.   Medical Bills submitted by Harry W. Brown, Inc. for treatment rendered to Mrs. Linda Waithe, between January 6,

2005 and March 31, 2005.  This bill has a "rundate" of April
11, 2005:

　　　b.  Medical Bills submitted by Harry W. Brown, Inc. for
treatment rendered to Mrs. Linda Waithe, between January 6,
2005 and March 31, 2005.  This bill has a "rundate" of April
21, 2008.

　　　c.  Documents executed by Linda Waithe, on January 6,
2005, including Assignment of Benefits and Doctor's Lien,
Informed Consent to Medical and Chiropractic Treatment,
Agreement of Patient and Attorney Regarding Payment of
Benefits and Doctor's Lien, authorization issued to State
Farm to allow payments to be made directly to Harry W.
Brown, Inc. for chiropractic care;

　　　d.  Statement, dated April 14, 2005, from Harry W.
Brown, Inc. to Stein & Associates, representing charges for
"medical narrative;"

　　　e.  Medical Narratives for Linda Waithe, dated January
6, 2005 and March 31, 2005;

　　　f.  Documents concerning refund issued to Mrs. Waithe
on October 30, 2007.

　　　g.  Medical Bills submitted by Harry W. Brown, Inc. for
treatment rendered to Mr. Kenneth Waithe, between January 6,
2005 and March 31, 2005.  This bill has a "rundate" of April
11, 2005.

-2-

h.   Medical Bills submitted by Harry W. Brown, Inc. for treatment rendered to Mrs. Kenneth Waithe, between January 6, 2005 and March 31, 2005.  This bill has a "rundate" of April 21, 2008.

i.   Documents executed by Kenneth Waithe, on January 6, 2005, including Assignment of Benefits and Doctor's Lien, Informed Consent to Medical and Chiropractic Treatment, Agreement of Patient and Attorney Regarding Payment of Benefits and Doctor's Lien, authorization issued to State Farm to allow payments to be made directly to Harry W. Brown, Inc. for chiropractic care;

j.   Documents executed by Kenneth Waithe, "client forms," which include a form entitled "Permission to Attempt to Reduce Medical Bills Due," "Doctor Referral Confirmation," and "Attorney Recommendation."

k.   Statement, dated April 14, 2005, from Harry W. Brown, Inc. to Stein & Associates, representing charges for "medical narrative;"

l.   Medical Narratives for Kenneth Waithe, dated January 5, 2005 and March 31, 2005;

m.   Documents concerning refund issued to Mr. Waithe on October 30, 2007.

6.   For the purposes of this Affidavit, I assume that the following are true:

-3-

a.   When a new patient scheduled an appointment with a chiropractic clinic affiliated with Harry W. Brown, Inc. and/or the Brown Arrowhead Chiropractic Clinics due to a car accident or other tort, someone from the chiropractic clinic would contact the a representative of a law office.  The purpose of this contact was to inform the law office of the date at time of the patients initial chiropractic appointment, thus enabling a representative of the law office to be present at the chiropractic clinic at the time of the patient's initial chiropractic appointment.

b.   Upon the patients' arrival at the chiropractic clinic, he or she would be given certain paperwork to complete.

c.   Either before or after the patient met with a chiropractor (or member of the clinic staff), the patient was told to meet with a representative of the law firm.  At this point, the patient would be presented with and encouraged to sign, an attorney client contract, entitling the attorney a one third contingency fee interest, and granting the attorney the absolute and irrevocable right to pay the clients' medical expenses.

7.   Based on my review of the above-described documents, and factual assumptions identified above, as well as my training and experience, it is my opinion within a reasonable

-4-

degree of professional certainty that chiropractors associated with Harry W. Brown, Inc., and/or the Brown Arrowhead Clinics breached the applicable standard of care by:

a. Failing to clinically document the need for the level of care prescribed for Linda Waithe or Kenneth Waithe. Christy Toler. The notes prepared the chiropractors treating them failed to meet the applicable standard of care in that the did not provide clinical evidence to support the treatment actually provided to the Waithes. This creates a system of over utilization of chiropractic treatment. In other words, the course of treatment prescribed exceeds the need for treatment as evidenced by the records.

b. By providing services that were not necessitated by the patient's condition. This over-utilization of services causes harm to the patient, in that causes them to incur medical bills that are not justified by their physical condition. By the same token, it allows the practice to profit through the over utilization of services. It is a breach of the applicable standard of care to place a profit motive above the interest of the patient.

c. By arranging for the patient, in this case Linda Waithe and Kenneth Waithe, to meet with an attorney on the premises of the physician's office, before the patient is even evaluated by the chiropractor.

-5-

8.   Each of the above-mentioned acts, omissions or failings falls below and constitutes a deviation of the applicable standard of care of chiropractors practicing chiropractics law in the State of Georgia, and in the profession generally.   It is my opinion that, as a proximate cause of the acts, omissions or failings set out above, Plaintiffs Linda Waithe and Kenneth Waithe, and those similarly situated to them, have suffered damages through the creation of the false impression that each client needs representation by an attorney in order to receive treatment.

9.   This affidavit is given in conformance with O.C.G.A. §9-11-9.1 and is not dispositive of all of my opinions relative to this case.

THIS THE _12_ DAY OF _November_____, 2008.

_Alan Bya D.C._
ALAN BRAGMAN, D.C.

Sworn to and subscribed
before me this _12_ day
of _November____, 2008

_Janice R Cowart_
Notary Public
My Commission Expires November 18, 2010

-6-

**ALAN H. BRAGMAN, D.C.**
5500 Errol Place
Atlanta, Georgia  30327
(404) 257-9812; (678) 777-1161
Wise64875@aol.com

# BIOGRAPHICAL DATA

**PROFESSIONAL LICENSES:**     State of Georgia - Doctor of Chiropractic

**CONSULTING:**     Blue Cross/Blue Shield of Georgia and Blue Choice Plan: HMO administrator and clinical advisor, Member Lower Back Pain Study Panel. (1997-2004)

Alignis Health Care:  Southeastern Clinical Director, consultant and independent medical examiner. (1998-2005)

Unicare/Wellpoint:   long term disability/rehabilitation consultant. (1996-2004)

File review and utilization consultant:  for multiple insurance carriers, law firms, utilization management and review organizations.

**EXPERT WITNESS:**     Chiropractic negligence and utilization – review and testimony on standards of care and utilization in over 800 cases throughout the U.S., Puerto Rico and Canada.

**PROFESSIONAL EDUCATION:**     National University of Health Sciences, Lombard, Illinois.
Doctor of Chiropractic:  May 1982
National Lincoln School of Postgraduate
Education – over 450 hours in orthopedics, neurology, radiology, diagnosis, sports injuries and impairment rating

**EDUCATIONAL BACKGROUND:**     Eastern Michigan University, Ypsilanti, Michigan.  B.S.

**PROFESSIONAL ASSOCIATIONS:**     Georgia Chiropractic Association:
Vice President, District One (1984 – 1985)
President, District One (1985 – 1986)
Board of Directors (1986 – 1987)
Emory University, Graduate M.B.A. Program –
Assistant to Professor-Business Development course
Atlanta Track Club and Emory University Track Team: Medical and Injury consultant (1994 – 1997)
Treating Physician:  Numerous Olympic and World Class Athletes
Contributing Medical Writer and Advisory Staff Member for:
Bicycling Magazine; Road Bike Rider Online, Atlanta Sports & Fitness; Speed Skating Times; Author: Chiropractic Malpractice and the Role of the Expert Witness; Stroke Due to Cervical Manipulation.
Atlanta Bar Association – Guest Speaker
Georgia Chiropractic Association – Guest Speaker
National College of Chiropractic – Alumni Association

STATE OF GEORGIA              )
                                     )
COUNTY OF _____  )

## AFFIDAVIT OF LINDA WAITHE

COMES NOW, LINDA WAITHE, who, after first being duly sworn before an

officer authorized to administer oaths, states as follows:

1.

My name is Linda Waithe. I am over the age of 18, and give this Affidavit of my

own personal knowledge.

2.

On January 1, 2005, both my husband and I were injured in an automobile

collision.

3.

Shortly thereafter, I called the Brown Arrowhead Chiropractic Clinic in

Hinesville, Georgia, to schedule an appointment to be evaluated and treated for the

injuries I had sustained.

4.

At this time, I did not authorize Arrowhead Clinic to speak to anyone on my

behalf concerning my medical condition.

5.

On January 6, 2005, I went to the Arrowhead Clinic in Hinesville, Georgia, for

treatment. While at this initial visit, I was met by a person who advised me that he was

a representative for an attorney named Stein. This person took me into another room at

BEAGMAN AFF  EX  B

P. 1  OF  4

the Arrowhead Clinic and gave me a contract to sign retaining the Stein Law Firm to represent me in connection with the injuries I sustained in the automobile collision.

6.

The representative of the Stein Law Firm stressed to me that it was very important that I (1) complete my entire course of prescribed treatment with the Arrowhead Clinic; (2) keep all of my appointments at the Arrowhead Clinic; and (3) should not cancel or reschedule any appointments except under extreme circumstances such as a death in my family.

7.

The representative of the Stein Law Firm also advised me that the person responsible for my injuries probably had insurance coverage of $25,000.00, and that they would try to recover that amount as compensation for my injuries. He further advised me that I would receive one-third of the $25,000.00, Mr. Stein and his firm would get one-third of the $25,000.00, and the Arrowhead Clinic would get one-third of the $25,000.00.

8.

When I went to the Arrowhead Clinic office, I was told that I could not be evaluated for treatment until I had accepted their attorney.

9.

I had to travel from Baxley, Georgia, to Hinesville, Georgia, a distance of 75 miles one way and 150 miles round-trip, for my appointments at the Arrowhead Clinic.

BRAGMAN AFF EX B
P. 2 OF 4

10.

It was never disclosed to me that a large volume of the Stein Law Firm's business was being referred by the Arrowhead Clinic to that law firm.

11.

Attached to this affidavit as Exhibit "A" is a settlement statement I received when I settled my auto wreck case for injuries received on January 1, 2005. I was never informed by the Stein Law Firm or anyone at the Arrowhead Clinic that the chiropractic clinic had actually received funds from State Farm for my treatment. At that time, State Farm carried my automobile liability policy, which contained a "med pay" provision.

12.

On or about October 30, 2007, I received a "refund" check from the Arrowhead entities, which provided no explanation as to why I receiving this refund.

FURTHER, AFFIANT SAITH NOT.

This _22nd_ day of _October_, 2008.

_Linda Waithe_
Linda Waithe

Sworn to and subscribed before me
this _23_ day of _October_, 2008.

_____ [SEAL]
NOTARY PUBLIC
Notary Public, Coffee County, Georgia
My Commission Expires July 25, 2011
_____

My Commission Expires

BRAGMAN AFF Ex B
P. 3 OF 4

## SETTLEMENT STATEMENT

We, Linda and Kenneth Waithe, accept the below disbursements acknowledging the same to l true and correct and herein release our Attorneys, Robert D. Stein, Robert W. Mayhue, Jr., an Christopher E. Ringue from any and all liability attaching thereto and give our Attorneys of reco Power of Attorney to sign our names on any settlement statement draft received, deposit same their escrow account and give us a check from that account pursuant to this disbursement.

We have authorized our Attorneys, Robert D. Stein, Robert W. Mayhue, Jr., and Christopher E Ringue to settle our claim from an auto accident, which occurred on January 1, 2005 for a total $7,750.00.

We further understand that if insurance companies pay or have paid medical benefits on ou behalf, for which they have a right of reimbursement or subrogation, we agree to take fu responsibility and handle all matters pertaining to reimbursement or subrogation as these matters may arise in the future.

For consideration Brown Arrowhead Chiropractic Clinic accepting the below disbursement as ful and final payment of all balances we owe them, we agree to allow our attorney to provide them with a copy of this settlement statement.

We further understand that we are responsible for any unpaid medical bills. We have instructed our Attorneys not to pay them out of the proceeds of this settlement and agree to take full responsibility and handle these matters as they may arise in the future.

We further authorize our Attorneys to distribute the above sum from their escrow account in the following manner:

| | |
|---|---|
| Settlement Amount to Linda Waithe | $7,750.00 |
| To our Attorneys: as per original contract | $3,100.00 |
| Total Rec'd. by Client | $4,650.00 |
| To Robert D. Stein as reimbursement for expenses | $250.00 |
| To Linda Waithe      Net to Client | $4,400.00 |

_5/25/05_
**Date**

_Linda Waithe_
**Linda Waithe**

_5-25-05_
**Date**

_[signature]_
**Kenneth Waithe**

BRAGMAN AFF  EX B
P. 4 OF 4

1

STATE OF GEORGIA                         )
                                         )
COUNTY OF _____                )

## AFFIDAVIT OF KENNETH WAITHE

**COMES NOW**, KENNETH WAITHE, who, after first being duly sworn before

an officer authorized to administer oaths, states as follows:

1.

My name is Kenneth Waithe.  I am over the age of 18, and give this Affidavit of

my own personal knowledge.

2.

On January 1, 2005, I was injured in an automobile collision.

3.

Shortly thereafter, I called the Brown Arrowhead Chiropractic Clinic in

Hinesville, Georgia, to schedule an appointment to be evaluated and treated for the

injuries I had sustained.

4.

At this time, I did not authorize Arrowhead Clinic to speak to anyone on my

behalf concerning my medical condition.

5.

On January 6, 2005, I went to the Arrowhead Clinic in Hinesville, Georgia, for

treatment.  While at this initial visit, I was met by a person who advised me that he was

a representative for an attorney named Stein.  This person took me into another room at

the Arrowhead Clinic and gave me a contract to sign retaining the Stein Law Firm to

BRAGMAN AFF EX. C

P. 1 OF 4

represent me in connection with the injuries I sustained in the automobile collision.

6.

The representative of the Stein Law Firm stressed to me that it was very important that I (1) complete my entire course of prescribed treatment with the Arrowhead Clinic; (2) keep all of my appointments at the Arrowhead Clinic; and (3) should not cancel or reschedule any appointments except under extreme circumstances such as a death in my family.

7.

The representative of the Stein Law Firm also advised me that the person responsible for my injuries probably had insurance coverage of $25,000.00, and that they would try to recover that amount as compensation for my injuries.  He further advised me that I would receive one-third of the $25,000.00, Mr. Stein and his firm would get one-third of the $25,000.00, and the Arrowhead Clinic would get one-third of the $25,000.00.

8.

When I went to the Arrowhead Clinic office, I was told that I could not be evaluated for treatment until I had accepted their attorney.

9.

I had to travel from Baxley, Georgia, to Hinesville, Georgia, a distance of 75 miles one way and 150 miles round-trip, for my appointments at the Arrowhead Clinic.

BRAGMAN AFF EX C

P. 2 OF 4

10.

It was never disclosed to me that a large volume of the Stein Law Firm's business was being referred by the Arrowhead Clinic to that law firm.

11.

Attached to this affidavit as Exhibit "A" is a settlement statement I received when I settled my auto wreck case for injuries received on January 1, 2005. I was never informed by the Stein Law Firm or anyone at the Arrowhead Clinic that the chiropractic clinic had actually received funds from State Farm for my treatment. At that time, State Farm carried my automobile liability policy, which contained a "med pay" provision.

12.

On or about October 30, 2007, I received a "refund" check from the Arrowhead entities, which provided no explanation as to why I receiving this refund.

FURTHER, AFFIANT SAITH NOT.

This 22ⁿᵈ day of _October_ , 2008.

_____
Kenneth Waithe

Sworn to and subscribed before me
this 23 day of _October_ , 2008.

_____ [SEAL]
NOTARY PUBLIC _M. Ann Addlepeeger_
Notary Public . . . . . . Georgia
My Commission Expires July 25, 2011
_____
My Commission Expires

BRAGMANN AFF EXC

P. 3 OF 4

## SETTLEMENT STATEMENT

We, Kenneth and Linda Waithe, accept the below disbursements acknowledging the same to b true and correct and herein release our Attorneys, Robert D. Stein, Robert W. Mayhue, Jr., ar Christopher E. Ringue from any and all liability attaching thereto and give our Attorneys of recor Power of Attorney to sign our names on any settlement statement draft received, deposit same i their escrow account and give us a check from that account pursuant to this disbursement.

We have authorized our Attorneys, Robert D. Stein, Robert W. Mayhue, Jr., and Christopher E Ringue to settle our claim from an auto accident, which occurred on January 1, 2005 for a total c $7,750.00.

We further understand that if insurance companies pay or have paid medical benefits on ou behalf, for which they have a right of reimbursement or subrogation, we agree to take ful responsibility and handle all matters pertaining to reimbursement or subrogation as these matter: may arise in the future.

For consideration Brown Arrowhead Chiropractic Clinic accepting the below disbursement as full and final payment of all balances we owe them, we agree to allow our attorney to provide them with a copy of this settlement statement.

We further understand that we are responsible for any unpaid medical bills. We have instructed our Attorneys not to pay them out of the proceeds of this settlement and agree to take full responsibility and handle these matters as they may arise in the future.

We further authorize our Attorneys to distribute the above sum from their escrow account in the following manner:

| | |
|---|---|
| Settlement Amount to Kenneth Waithe | $7,750.00 |
| To our Attorneys:  as per original contract | $3,100.00 |
| Total Rec'd. by Client | $4,650.00 |
| | |
| To Robert D. Stein as reimbursement for expenses | $250.00 |
| | |
| To Kenneth Waithe Net to Client | $4,400.00 |

5-25-05
**Date**

Kenneth Waithe

5/-25/05
**Date**

Linda Waithe

BEAGMAN AFF  EX  C
P. 4 OF 4
KENNETH WAITHE AFFIDAVIT

1

## LIBERTY COUNTY STATE COURT
## STATE OF GEORGIA

2008 DEC -3  AM 10: 37

| | | |
|---|---|---|
| KENNETH WAITHE and LINDA WAITHE,<br>Individually and on behalf of all<br>others similarly situated | **Plaintiffs** | Civil Action No. |
| | | |
| **vs.** | | **08SV523** |
| | | |
| ARROWHEAD CLINIC, INC. | **Defendants** | **CLASS ACTION** |
| ARROWHEAD MANAGEMENT, INC. | | |
| HARRY W. BROWN, INC. | | |
| H. BROWN MANAGEMENT COMPANY, LLC | | |
| HARRY W. BROWN, JR. | | |
| HARRY W. BROWN, SR. | | |
| LEGAL COUNSEL, INC. | | |
| ROBERT D. STEIN, and | | |
| ROBERT D. STEIN d/b/a ROBERT D. STEIN & ASSOCIATES | | |

## ACKNOLWEDGMENT of SERVICE of PROCESS for DEFENDANTS, H. BROWN MANAGEMENT COMPANY, LLC's and HARRY W. BROWN, JR.

GANNAM, GNANN & STEINMETZ LLC, as attorneys for Defendants, **HARRY W. BROWN, JR.** and **H. BROWN MANAGEMENT COMPANY, LLC** ("Defendants"), pursuant to express authority granted by these Defendants, on the behalf of these 2 Defendants, herewith **ACKNOWLEDGES SERVICE** of the Summons and Complaint filed in this case by the Plaintiffs on or about November 21, 2008 as well as Plaintiff's First Interrogatories and Requests for Production of Documents and waives all further service of the same in this case as for these 2 Defendants.

The parties hereto STIPULATE and AGREE that each of these 2 Defendants shall have until the close of business on **Friday, January 16, 2009** to file Answers and/or

responsive pleadings in this case, and these 2 Defendants shall retain the right to assert all defenses except those relating to service of process and the sufficiency and manner thereof.

Each of these 2 Defendants shall have until the close of business on **Friday, January 30, 2009** to serve responses to Plaintiff's Interrogatories and Requests for Production of Documents upon Plaintiff's counsel.

ACKNOWLEDGED and STIPULATED on this day, December 2, 2008.

SAVAGE, TURNER, PINSON & KARSMAN

By: BRENT J. SAVAGE
    Georgia Bar No. 627450
    KATHRYN H. PINCKNEY
    Georgia Bar No. 367110
304 East Bay Street
Savannah, Georgia 31401
Tel:   912.231.1140
Fax:   912.231.9157
Email: BSavage@savagelawfirm.net
       KPinkcney@savagelawfirm.net

ATTORNEYS FOR PLAINTIFFS

GANNAM, GNANN & STEINMETZ, LLC

By:   CHRISTIAN J. STIENMETZ III
      Georgia Bar No. 278260
Post Office Box 10085
Savannah, Georgia 31412-0285
Tel:   912.232.1192
Fax:   912.238.9917
Email: cjs@ggsattorneys.com

ATTORNEYS FOR DEFENDANTS,
H. BROWN MANAGEMENT COMPANY, LLC
and HARRY W. BROWN, JR.

**IN THE STATE COURT OF LIBERTY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) Civil Action ) File No.: 08-SV-523 |
| vs. | ) ) |
| ARROWHEAD CLINIC, INC., ET AL. | ) |
| Defendants. | |

COPY

## NOTICE OF APPEARANCE

Johannes S. Kingma, Georgia Bar No. 421650, John C. Rogers, Georgia Bar No. 612741, Lindsey P. Hettinger, Georgia Bar No. 122433 and the firm of Carlock, Copeland & Stair, LLP enter their appearance as counsel of record for Defendants Legal Counsel, Inc., Robert D. Stein, and Robert D. Stein d/b/a the Law Offices of Robert D. Stein & Associates.

This 17th day of December, 2008.

Respectfully submitted,

CARLOCK, COPELAND & STAIR, LLP

By: _____
JOHANNES S. KINGMA
State Bar No. : 421650
JOHN C. ROGERS
State Bar No.: 612741
LINDSEY P. HETTINGER
State Bar No.: 122433

Attorneys for Defendants Legal
Counsel, Inc., Robert D. Stein, and
Robert D. Stein d/b/a/ the Law
Offices of Robert D. Stein &
Associates

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
404-522-8220
. . . . . . . . . .
P.O. Box 56887
Atlanta, Georgia  30303

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2008, a copy of this Notice of Appearance was served by causing a true and accurate copy to be deposited in the United States mail, postage prepaid, addressed as follows:

> Brent J. Savage
> Savage, Turner, Pinson & Karsman
> P.O. Box 10600
> Savannah, GA 31412
>
> Lloyd D. Murray & Associates
> 10164 Ford Ave., Suite A
> Post Office Box 1569
> Richmond Hill, Georgia  31324

This 17th day of December, 2008.

CARLOCK, COPELAND & STAIR, LLP

By: _____
LINDSEY P. HETTINGER
State Bar No.:  122433

Attorney for Defendants Legal
Counsel, Inc., Robert D. Stein, and
Robert D. Stein d/b/a the Law Offices
of Robert D. Stein & Associates

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
Telephone:  (404) 522-8220
Facsimile:  (404) 523-2345
 . . . . . . . . .
P.O. Box 56887
Atlanta, Georgia  30303

## IN THE STATE COURT OF LIBERTY COUNTY
### STATE OF GEORGIA

2009 JAN -7  PM 3: 35

| | | |
|---|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action File No.: 08-SV-523 |
| vs. | ) ) | |
| ARROWHEAD CLINIC, INC., et al., | ) ) | |
| Defendants. | ) | **COPY** |

### ANSWER OF DEFENDANTS LEGAL COUNSEL, INC., ROBERT D. STEIN, AND ROBERT D. STEIN D/B/A/ THE LAW OFFICES OF ROBERT D. STEIN AND ASSOCIATES

COME NOW Defendants Legal Counsel, Inc., Robert D. Stein, and Robert D. Stein d/b/a The Law Offices of Robert D. Stein and Associates (jointly, "Defendants"), and file their answer to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim for relief and should be dismissed.

### SECOND DEFENSE

Venue in the State Court of Liberty County is improper as to these Defendants.

### THIRD DEFENSE

Process and service of process were insufficient.

## FOURTH DEFENSE

Plaintiffs failed to plead fraud with the specificity required by O.C.G.A. § 9-11-9(b).

## FIFTH DEFENSE

The claims of some or all putative class members are barred by applicable statutes of limitation or laches.

## I. PARTIES, JURISDICTION AND VENUE

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint, and thus they are denied.

2.

Defendants deny the allegations contained in paragraph 2 of Plaintiffs' Complaint. Defendants further deny that Plaintiffs are adequate representatives of any class or have any standing to bring this action on behalf of a group consisting of former patients and/or clients of Defendants.

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint, and thus they are denied.

4.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint, and thus they are denied.

5.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint, and thus they are denied.

6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint, and thus they are denied.

7.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Complaint, and thus they are denied.

8.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint, and thus they are denied.

9.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint, and thus they are denied.

10.

Defendants admit the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.

Defendants admit the allegations contained in the first sentence of paragraph 11 of Plaintiffs' Complaint.   Defendants deny the remaining allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.

Defendants admit that Robert D. Stein operates law offices in Savannah, Chatham County, Georgia and Morrow, Clayton County, Georgia.  Defendants also admit that Robert D. Stein does business under the name of Robert D. Stein and Associates.  Defendants otherwise deny the remainder of the allegations in paragraph 12.

13.

Defendants deny the allegations in paragraph 13 of Plaintiffs' Complaint.

14.

Defendants deny the allegations in paragraph 14 of Plaintiffs' Complaint.

-4-

## II. FACTUAL ALLEGATIONS

15.

Defendants admit the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.

Defendants admit the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny as stated the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiffs' Complaint, and thus they are denied.

19.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Complaint, and thus they are denied.

20.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiffs' Complaint, and thus

they are denied.

21.

On information and belief, Defendants admit the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiffs' Complaint, and thus they are denied.

23.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiffs' Complaint, and thus they are denied.

24.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiffs' Complaint, and thus they are denied.

25.

Regarding the first sentence of paragraph 25 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to respond as to what Plaintiffs were led to believe.  Defendants deny the allegations contained in the second

sentence of paragraph 25 of Plaintiffs' Complaint.

26.

Defendants admit that Defendant Robert D. Stein and/or Robert D. Stein d/b/a/ the Law Offices of Robert D. Stein & Associates undertook the legal representation of Plaintiffs.  All remaining allegations in paragraph 26 of Plaintiffs' Complaint not specifically admitted are denied.

27.

Defendants admit the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiffs' Complaint, and thus they are denied.

29.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiffs' Complaint, and thus they are denied.

30.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiffs' Complaint, and thus they are denied.

31.

Defendants admit that an affidavit attributed to Shelah Gibbs is attached to Plaintiffs' Complaint as Exhibit A.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of Plaintiffs' Complaint, and thus they are denied.

### III.  CLASS DEFINITION AND ALLEGATIONS

32.

Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Complaint.

32(a). Defendants deny the allegations contained in paragraph 32(a).

32(b). Defendants deny the allegations contained in paragraph 32(b).  Defendants further object to Plaintiffs' attempts to summarize or characterize any contracts into which Defendants might have entered.

32(c). Defendants deny the allegations contained in paragraph 32(c).

32(d). Defendants deny the allegations contained in paragraph 32(d).

33.

Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.

Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

Defendants admit that an affidavit attributed to Shelah Gibbs is attached to Plaintiffs' Complaint as Exhibit A.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of Plaintiffs' Complaint, and thus they are denied.

36.

Defendants admit that Plaintiffs purport to bring this action individually and on behalf of others similarly situated.  Defendants deny that Plaintiffs have standing to bring this lawsuit as a class action or that Plaintiffs are appropriate class representatives.  Defendants deny all remaining allegations in paragraph 36 of Plaintiffs' Complaint.

Class A:    Defendants do not accept the Plaintiffs' definition of "Class A" as set forth within paragraph 36 and deny that such classification is appropriate. Defendants deny any allegations contained in the definition of "Class A" within paragraph 36 of Plaintiffs' Complaint.

Class B:    Defendants do not accept the Plaintiffs' definition of "Class B" as set forth within paragraph 36 and deny that such classification is appropriate. Defendants deny any allegations contained in the definition of "Class B" within paragraph 36 of Plaintiffs' Complaint.

33.

Defendants deny the allegations contained in paragraph 33 of Plaintiffs'

Complaint.

37.

Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.

## IV.  CLAIMS

### COUNT ONE -
### *Professional Negligence as to Defendants*
### STEIN, the STEIN FIRM, and / or LEGAL COUNSEL

38.

Defendants suggest that Georgia law speaks for itself.  The allegations in Paragraph 38 only contain alleged statements of law and do not require a factual response from Defendants.

39.

Defendants suggest that Georgia law speaks for itself.  The allegations in Paragraph 39 only contain alleged statements of law and do not require a factual response from Defendants.

40.

Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.

Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.

Defendants admit that an affidavit attributed to Dewey Hayes is attached to Plaintiffs' Complaint as Exhibit B. All allegations contained in paragraph 42 of Plaintiffs' Complaint or in Exhibit B not specifically admitted are denied.

### COUNT TWO -
### *Professional Negligence as to*
### DEFENDANTS BROWN, SR. AND BROWN, JR., and the BROWN ENTITIES

43.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiffs' Complaint, and thus they are denied.

44.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiffs' Complaint, and thus they are denied.

45.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiffs' Complaint, and thus they are denied.

46.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiffs' Complaint, and thus

-11-

they are denied.

47.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiffs' Complaint, and thus they are denied.

48.

Defendants admit that an affidavit attributed to Alan Bragman, D.C. is attached to Plaintiffs' Complaint as Exhibit C. All allegations contained in paragraph 48 of Plaintiffs' Complaint or in Exhibit C not specifically admitted are denied.

**COUNT THREE -**
*Fraud/Constructive Fraud as to All Defendants*
*Failure to Disclose Relationship between Defendants*

49.

Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.

Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.

Defendants deny as stated the allegations contained in paragraph 51 of Plaintiffs' Complaint.

-12-

52.

Defendants deny as stated the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.

Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

## COUNT FOUR -
### Fraud/Constructive Fraud as to All Defendants
### Failure to Properly Credit Patient Accounts

54.

Defendants deny as stated the allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.

Defendants deny the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiffs' Complaint, and thus they are denied.

57.

Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

*Count Five -*
*Negligence as to All Defendants*

58.

Defendants deny the Plaintiffs' attempts to summarize or characterize the duties owed by Defendants under Georgia law.  Any remaining allegations contained in paragraph 58 of Plaintiffs' Complaint not specifically admitted are denied.

59.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiffs' Complaint, and thus they are denied.

60.

Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.

Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint.

*COUNT SIX -*
*Breach of Fiduciary Duty as to All Defendants*

62.

Defendants deny as stated the allegations contained in paragraph 62 of Plaintiffs' Complaint.

-14-

63.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of Plaintiffs' Complaint, and thus they are denied.

64.

Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiffs' Complaint, and thus they are denied.

66.

Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67.

Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

### COUNT SEVEN -
### *Claim for Attorneys Fees as to All Defendants*

68.

Defendants deny the allegations contained in paragraph 68 of Plaintiffs'

-15-

Complaint.

## *COUNT EIGHT -*
### *Punitive Damages as to All Defendants*

69.

Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Complaint.

70.

Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Complaint.

## **IV.  CLAIMS FOR RELIEF**

Defendants deny the Claims for Relief following paragraph 70 of Plaintiffs' Complaint.  Any allegations not specifically admitted are hereby denied.

Respectfully submitted,

CARLOCK, COPELAND & STAIR, LLP

By: _____

JOHANNES S. KINGMA
State Bar No. : 421650
JOHN C. ROGERS
State Bar No.: 612741
LINDSEY P. HETTINGER
State Bar No.: 122433

2600 Marquis Two Tower
285 Peachtree Center Avenue

Atlanta, Georgia  30303
404-522-8220


CARR & PALMER, LLP


By: _____
(Signed with express permission
by Lindsey P. Hettinger)
EMORY L. PALMER
State Bar No. : 560120
4200 Northside Parkway
10 North Parkway Square
Atlanta, GA  30327
(404) 442-9000
(404) 442-9700 (fax)
epalmer@carrpalmer.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2008, a copy of the foregoing *Answer of Defendants Legal Counsel, Inc., Robert D. Stein, and Robert D. Stein d/b/a the Law Offices of Robert D. Stein & Associates* was served by causing a true and accurate copy to be deposited in the United States mail, postage prepaid, addressed as follows:

        Brent J. Savage
        Savage, Turner, Pinson & Karsman
        P.O. Box 10600
        Savannah, GA 31412

        Lloyd D. Murray
        Lloyd D. Murray & Associates
        10164 Ford Ave., Suite A
        Post Office Box 1569
        Richmond Hill, Georgia  31324

        Christian J. Steinmetz, III
        Gannam, Gnann & Steinmetz, LLC
        P.O. Box 10085
        Savannah, Georgia 31412

This 30th day of December, 2008.

        CARLOCK, COPELAND & STAIR, LLP

        By: _____
        LINDSEY P. HETTINGER
        State Bar No.: 122433

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
Telephone:  (404) 522-8220
Facsimile:   (404) 523-2345
..........
P.O. Box 56887
Atlanta, Georgia  30303

## IN THE STATE COURT OF LIBERTY COUNTY
## STATE OF GEORGIA

KENNETH WAITHE and LINDA
WAITHE, Individually and on
behalf of All Others Similarly
Situated,

       *Plaintiffs,*

v.

ARROWHEAD CLINIC, INC.,
ARROWHEAD MANAGEMENT,
INC., HARRY W. BROWN, INC., H.
BROWN MANAGEMENT
COMPANY, LLC., HARRY W.
BROWN, JR., HARRY W. BROWN,
SR., LEGAL COUNSEL, INC.,
ROBERT D. STEIN and ROBERT D.
STEIN d/b/a ROBERT D. STEIN &
ASSOCIATES,

       *Defendants.*

Civil Action No: 08-SV-523

### STIPULATION OF EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT

Pursuant to O.C.G.A. § 9-11-6, counsel for Plaintiffs and Defendants Arrowhead Clinic, Inc., Arrowhead Management, Inc., Harry W. Brown, Inc., H. Brown Management Company, LLC, Harry W. Brown, Jr. and Harry W. Brown, Sr., stipulate that the time for Defendants named herein to move, answer, or otherwise respond to Plaintiffs' Complaint be extended to February 6, 2009. The time for these Defendants to respond to Plaintiffs' First Interrogatories and Plaintiffs' First Request for Documents is also extended to February 6, 2009.

Respectfully submitted this __19__ day of December, 2008.

*T. M. Elliott by Brun W.E.P.*

James C. Grant
Georgia Bar No: 305410
Tracy M. Elliott
Georgia Bar No: 140944
ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000
(404) 881-7777 (Facsimile)

*G. Mason White*

G. Mason White
Georgia Bar No: 754581
BRENNAN, HARRIS & ROMINGER, LLP
Post Office Box 2784
Savannah, Georgia 31402
(912) 233-3399 (Phone)
(912) 236-4558 (Facsimile)

**Attorneys for Defendants Arrowhead
Management, Inc., Arrowhead Clinic, Inc.,
Harry W. Brown, Inc., H. Brown
Management Company, LLC, Harry W.
Brown, Jr., and Harry W. Brown, Sr.**

*L. D. Murray by Brun W.E.P.*

Lloyd D. Murray
Georgia Bar No: 531995
LLOYD D. MURRAY & ASSOCIATES
10164 Ford Avenue, Suite A
Post Office Box 1569
Richmond Hill, Georgia 31324
Brent J. Savage
Georgia Bar No: 627450
SAVAGE, TURNER, PINSON &
KARSMAN
304 East Bay Street
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140
**Attorneys for Plaintiffs Kenneth
and Linda Waithe**

- 2 -

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for all parties in the foregoing matter with a copy of this document by depositing in the United States Mail a copy of same in a properly addressed envelope to:

Brent J. Savage, Esq.
SAVAGE, TURNER, PINSON & KARSMAN
Post Office Box 10600
Savannah, Georgia 31412

Lloyd D. Murray, Esq.
LLOYD D. MURRAY & ASSOCIATES
Post Office Box 1569
Richmond Hill, Georgia 31324-1569

Legal Counsel, Inc.
Wesley C. Hargrave, Esq.
121 North Main Street
Jonesboro, Georgia 30236

Robert D. Stein, Esq.
1497 John Robert Drive
Suite C
Morrow, Georgia 30260

This _____ 19 _____ day of December, 2008.

_____
*Attorney for Defendants Arrowhead
Management, Inc., Arrowhead Clinic, Inc.,
Harry W. Brown, Inc., H. Brown Management
Company, LLC, Harry W. Brown, Jr., and
Harry W. Brown, Sr.*

**BRENNAN, HARRIS & ROMINGER LLP**
Post Office Box 2784
Savannah, GA  31402
(912) 233-3399

IN THE STATE COURT OF LIBERTY COUNTY
STATE OF GEORGIA

2009 JAN -5 AM 10: 10

| | | |
|---|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | Civil Action No. 08-SV-523 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARROWHEAD CLINIC, INC., ARROWHEAD MANAGEMENT, INC., HARRY W. BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC., HARRY W. BROWN, JR., HARRY W. BROWN, SR., LEGAL COUNSEL, INC., ROBERT D. STEIN and ROBERT D. STEIN d/b/a ROBERT D. STEIN & ASSOCIATES, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGEMENT OF SERVICE

Harry W. Brown, Sr., by and through his attorneys of record, hereby

acknowledges service of the above-captioned Complaint and waives process under the

provisions of O.C.G.A. § 9-10-73, and, without waiving any other defenses, agrees that

he has accepted service and process voluntarily on December 30, 2008, and will respond

to the above-captioned Complaint as if served in accordance with law.

Respectfully submitted this **30** day of December, 2008.

James C. Grant
Georgia Bar No. 305410
Tracy M. Elliott
Georgia Bar No. 140944
ALSTON & BIRD LLP

1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000 (Phone)
(404) 881- 7777 (Facsimile)

G. Mason White
Georgia Bar No. 754581
BRENNAN, HARRIS & ROMINGER, LLP
P.O. Box 2784
Savannah, Georgia 31402
(912) 233-3399 (Phone)
(912) 236-4558 (Facsimile)

**Attorneys for Defendants Arrowhead
Management, Inc., Arrowhead Clinic,
Inc., Harry W. Brown, Inc., H. Brown
Management Company, LLC, Harry W.
Brown, Jr., and Harry W. Brown, Sr.**

- 2 -

## CERTIFICATE OF SERVICE

2009 JAN -5 AM 10: 10

I hereby certify that I have this date served a true and correct copy of the

foregoing **ACKNOWLEDGMENT OF SERVICE** by first-class mail, postage prepaid,

addressed as follows:

Brent J. Savage, Esq.
SAVAGE, TURNER, PINSON & KARSMAN
304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412

Lloyd D. Murray
LLOYD D. MURRAY & ASSOCIATES
10164 Ford Ave., Suite A
Post Office Box 1569
Richmond Hill, Georgia 31324

Legal Counsel, Inc.
Wesley C. Hargrave
121 North Main Street
Jonesboro, Georgia 30236

Robert D. Stein, Esq.
1497 John Robert Drive
Suite C
Morrow, Georgia 30260

This 2 day of January 2009, December, 2008.

- 3 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated, )<br><br>     Plaintiff, )<br><br>v. )<br><br>ARROWHEAD CLINIC, INC., ARROWHEAD MANAGEMENT, INC., HARRY W. BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC., HARRY W. BROWN, JR., HARRY W. BROWN, SR., LEGAL COUNSEL, INC., ROBERT D. STEIN and ROBERT D. STEIN d/b/a ROBERT D. STEIN & ASSOCIATES, )<br><br>     Defendants. ) | Civil Action No. _____ |

## DECLARATION OF DR. HARRY W. BROWN, JR.

I, Harry W. Brown, Jr., declare as follows:

1.     I am over 21 years of age and am competent to give this declaration.

2.     All of the statements in this Declaration are based upon my own personal knowledge and my review of documents maintained by Arrowhead Clinic, Incorporated ("ACI") and Harry W. Brown, Inc. ("HWBI"), and I believe them to be true and correct.

3.     I am currently the sole-member and operator of H. Brown Management Company, LLC ("H.Brown"). In my employment capacity I have knowledge of ACI and HWBI's financial records and patient accounts.

4.     H. Brown serves as a management consultant to ACI and HWBI. Harry W. Brown, Inc. ("HWBI") is a corporation operating chiropractic clinics in the Savannah



EXHIBIT B

and Brunswick areas, whereas Arrowhead Clinic, Inc. ("ACI") is a corporation operating chiropractic clinics in the Greater Atlanta area.

5.      ACI and HWBI have, and have had, a number of patients that were also clients of Robert D. Stein and/or Robert D. Stein & Associates ("Stein Firm").

6.      I conducted a thorough review of the business records of ACI as those records are kept in the ordinary course of business. From that review I was able to ascertain that from September 2004 through the end of 2008, 1,521 patients of ACI were also clients of the Stein Firm.

7.      By reviewing the business records of ACI, I have determined that the medical bills incurred by these patients at ACI, to date, total $5,698,627.00.[1]

8.      I conducted a thorough review of the business records of HWBI as those records are kept in the ordinary course of business. From that review I was able to ascertain that from September 2004 through the end of 2008, 769 patients of HWBI were also clients of the Stein Firm.

9.      By reviewing the business records of HWBI, I have determined that medical bills incurred by these patients at HWBI, to date, total $3,349,237.48.

10.      The medical bills of all patients at ACI and HWBI that are also clients of the Stein Firm total $9,047,864.48.

11.      Many of the patients that are clients of the Stein Firm received proceeds from a settlement or judgment in a personal injury lawsuit, and often a portion of these proceeds are used to pay all or a portion of the medical bills incurred at ACI or HWBI.

---

[1]      The medical bill calculations set forth herein were determined by adding the total incurred charges of all patients that have been released from treatment. For any patients that are still undergoing treatment, none of the charges they have incurred have been included.

- 2 -

12.     I also reviewed the business records of ACI to determine the patients for which ACI received payment from the Stein Firm.  From September 2004 through the end of 2008, 1,172 ACI patients actually obtained a settlement or judgment through the Stein Firm's representation.  ACI has received $1,915,400.39 from the Stein Firm in payments for medical bills incurred by these Stein Firm clients that were patients of ACI. These same patients had incurred medical bills totaling $4,539,932.00.

13.     I also reviewed the business records of HWBI to determine the patients for which HWBI received payment from the Stein Firm.  From September 2004 through the end of 2008, 619 HWBI patients actually obtained a settlement or judgment through the Stein Firm's representation.  HWBI has received $1,203,468.73 from the Stein Firm in payments for medical bills incurred by these Stein Firm clients that were patients of HWBI.  These same patients had incurred medical bills totaling $2,811,144.85.

14.     The total of all payments received by ACI and HWBI from the Stein Firm in payment of the medical bills incurred by their clients through 2008 totals $3,118,869.12, and the total medical bills incurred by those same patients totals $7,351,076.85.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2009.

Dr. Harry W. Brown, Jr.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| ARROWHEAD CLINIC, INC., ARROWHEAD MANAGEMENT, INC., HARRY W. BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC., HARRY W. BROWN, JR., HARRY W. BROWN, SR., LEGAL COUNSEL, INC., ROBERT D. STEIN and ROBERT D. STEIN d/b/a ROBERT D. STEIN & ASSOCIATES, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF DR. HARRY W. BROWN, SR.

I, Harry W. Brown, Sr., declare as follows:

1.      I am over 21 years of age and am competent to give this declaration.  I have personal knowledge of the following facts, all of which I believe to be true and correct.

2.      I am a citizen of the State of Florida.

3.      I reside in Daytona Beach Shores, Florida, at property that I own.

4.      I receive my personal mail at this address and maintain a telephone number at this property.

5.      I have been a resident of the State of Florida since 2002, remain a resident today and intend to continue to reside in the State of Florida.



6.      My driver's license is issued by the State of Florida.  A copy of my current driver's license is attached hereto as "Exhibit A."

7.      I file my homestead exemption in the State of Florida.  A copy of my most recent Tax Exemption Renewal is attached hereto as "Exhibit B."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2009.


Dr. Harry W. Brown, Sr.

LEGAL02/31118122v1



Honorable Morgan B. Gilreath, Jr., MA, ASA, CFA
**Volusia County Property Appraiser**
123 W. Indiana Avenue, Room 102
DeLand, Florida 32720-4270

RETURN SERVICE REQUESTED

First Class Presort
US Postage
PAID
Permit #2418
Jacksonville, FL

## RECEIPT FOR 2009 TAX EXEMPTION RENEWAL

| Widow | Widower | Disability | Homestead | Other |
|-------|---------|-----------|-----------|-------|
| $0 | $0 | $0 | $25,000 | $0 |

| Legal Description | Property Control No. |
|---|---|
| UNIT 101 KINGSTON TOWER CONDO PER OR 5230 PG 1221 PER OR 572 5 PG 3521 | 6302-38-00-1010 6288682 |



BROWN HARRY W SR &  NANCY S

32185

DAYTONA BEACH SHORES FL 32118-7703

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KENNETH WAITHE and LINDA ) 
WAITHE, Individually and on behalf of )
All Others Similarly Situated, )
                     )
       Plaintiff, )
                     )
v.                      )    Civil Action No. _____
                     )
ARROWHEAD CLINIC, INC., )
ARROWHEAD MANAGEMENT, INC., )
HARRY W. BROWN, INC., H. BROWN )
MANAGEMENT COMPANY, LLC., )
HARRY W. BROWN, JR., HARRY W. )
BROWN, SR., LEGAL COUNSEL, INC., )
ROBERT D. STEIN and ROBERT D. )
STEIN d/b/a ROBERT D. STEIN & )
ASSOCIATES, )
                     )
       Defendants. )

### <u>DECLARATION OF ROBERT D. STEIN</u>.

I, Robert D. Stein., declare as follows:

1.      I am over 21 years of age and am competent to give this declaration. All of the statements in this Declaration are based upon my own personal knowledge.

2.      I have been a resident of the State of South Carolina since June 24, 2003, I remain a resident today, and I intend to continue to reside in South Carolina.

3.      I reside in Westminster, South Carolina, at a property which I own. I receive my personal mail at this address, and I maintain a phone number at this address.

4.      I file my homestead exemption in the State of South Carolina.

5.      I am registered to vote in the State of South Carolina.



EXHIBIT D

6.     My drivers' license is issued by the State of South Carolina and my vehicles are registered in the State of South Carolina.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 28, 2009.

_____
Robert D. Stein

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the

foregoing **NOTICE OF REMOVAL** by United States First Class Mail, with sufficient

postage affixed thereto, upon the following:

>   Brent J. Savage, Esq.
>   SAVAGE, TURNER, PINSON & KARSMAN
>   304 East Bay Street
>   Post Office Box 10600
>   Savannah, Georgia  31412
>
>   Lloyd D. Murray, Esq.
>   LLOYD D. MURRAY & ASSOCIATES
>   10164 Ford Ave., Suite A
>   Post Office Box 1569
>   Richmond Hill, Georgia 31324
>
>   Johannes Kingma, Esq.
>   John Roberts, Esq.
>   CARLOCK COPELAND
>   2600 Marquis Two Tower
>   285 Peachtree Center Avenue
>   Atlanta, Georgia 30303

This 29 day of January, 2009.

_B. Mason White_