**IN THE UNITED STATED DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

KENNETH WAITHE and LINDA
WAITHE, Individually and on
behalf of All Others Similarly
Situated,

     Plaintiff,

-vs-                                         Civil Action No. 4:09-cv-00021

ARROWHEAD CLINIC, INC.,
ARROWHEAD MANAGEMENT, INC.,
HARRY W. BROWN, INC., H. BROWN
MANAGEMENT COMPANY, LLC.,
HARRY W. BROWN, JR., LEGAL            COMPLAINT- CLASS ACTION
COUNSEL, INC., ROBERT D.
STEIN, and ROBERT. D. STEIN
d/b/a ROBERT D. STEIN &
ASSOCIATES,

     Defendants.

**PLAINTIFFS' MOTION TO REMAND**
**AND INCORPORATED MEMORANDUM OF LAW**

    **COME NOW**, the Plaintiffs KENNETH WAITHE and LINDA WAITHE,

Named Plaintiffs in the above referenced action, and file this

their Motion to Remand, showing the Court as follows:

**MOTION TO REMAND**

**A.    Jurisdictional Facts.**

    1.  This action was filed in the Superior Court of

Liberty County, Georgia, on November 21, 2008.

    2.  Both Plaintiffs, Kenneth and Linda Waithe, are

citizens and residents of the State of Florida.

3.  The original complaint identifies as Defendants the following Georgia entities:  Defendant **ARROWHEAD CLINICS, INCORPORATED**, a Georgia Corporation; Defendant **ARROWHEAD MANAGEMENT, INC.**, a Georgia Corporation; Defendant **HARRY W. BROWN, INC.**, a Georgia Corporation; Defendant **H. BROWN MANAGEMENT COMPANY, LLC** is a Georgia Limited Liability Company; and Defendant **LEGAL COUNSEL, INC.**, is a Georgia Corporation.

4.  The original complaint identifies the following individuals as Defendants: HARRY W. BROWN, JR., is a citizen and resident of Chatham County, Georgia; HARRY W. BROWN, SR., a citizen and resident of Clayton County, Georgia; and Defendant **ROBERT D. STEIN**, an attorney practicing in the state of Georgia.

5.  Since the original filing of the Complaint, Defendant Stein has submitted an affidavit indicating that he is a resident of the State of South Carolina.

6.  Since the original filing of the Complaint, Defendant Harry W. Brown, Sr. has alleged that he is a resident of the State of Florida.

7.  On January 29, 2009, the Defendant Harry W. Brown, Sr., removed this case to the United States District Court for the Southern District of Georgia.  (Doc. 1).  As a basis for this removal, Dr. Brown, Sr. asserted federal jurisdiction under the Class Action Fairness Doctrine of 2005, as codified in 28 U.S.C. § 1332(d).  Specifically, Dr. Brown, Sr. alleged that he was a

- 2 -

diverse defendant as said term is utilized in 28 U.S.C. §
1332(d)(2)(a); and that the amount in controversy exceeded the
$5,000,000.00 jurisdictional threshold.  (Notice of Removal, Doc.
1, at pp. 5-6).

     8.  On February 4, 2009, the Plaintiffs filed their
First Amended and Recast Complaint.  (Doc. 6).  The intent of
this filing was to drop Harry W. Brown, Sr. as a party to this
action.  (First Amended and Recast Complaint, Doc. 6, pp. 1-2).

**B.**    **Basis for Remand.**

The Plaintiffs respectfully request that this Court remand
this Case to the State Court of Effingham County, Georgia, on the
following grounds:

     1.  The removing defendant, Harry W. Brown, Sr., has
been dropped as a party defendant to this action.  Defendant
Stein did not consent to the removal.

     2.  The removing party, Harry W. Brown, Sr., is a
resident of the State of Georgia, and therefor does not have the
standing to file this Notice of Removal.

     3.  The removal is procedurally defective, being filed
more than thirty days after the removing party received service
of the original Summons and Complaint.

     4.  In the event that this Court determines it does
have jurisdiction of this action under 28 U.S.C. § 1332(d)(2)(a),

it should decline to exercise jurisdiction under 28 U.S.C. §
(d)(3).

   **C.   Materials Submitted in Support of Motion for Remand.**

   In support of this motion for Remand, the Plaintiffs present
the following information:

   **Exhibit 1:**    Notice of Substitution of Counsel, filed
                     in the Liberty County Action, dated
                     January 29, 2009

   **Exhibit 2:**    Affidavit of Service, showing service on
                     Harry W. Brown, Sr., by and through
                     "Misty Brown" on December 1, 2008

   **Exhibit 3:**    Rough Draft Transcript of Deposition of
                     Harry W. Brown, Sr., taken February 26,
                     2009

   **Exhibit 4:**    Certified Copy of Complaint in Toler, et
                     al. v. Arrowhead Clinic, et. al., in the
                     State Court of Chatham County, Georgia,
                     Civil Action No. STCV0603262
                     (hereinafter "the Toler Action")

   **Exhibit 5:**    Certified Copy of Answer filed by Harry
                     W. Brown, Sr., in the Toler Action,
                     dated November 29, 2006

   **Exhibit 6:**    Certified Copy of Complaint for
                     Declaratory Judgment in State Farm Fire
                     & Casualty Company v. Toler, et. al., in
                     the Superior Court of Chatham County,
                     Georgia, Civil Action No. CV07-2164-FR
                     (hereinafter "State Farm DJ Action");

   **Exhibit 7:**    Certified Copy of Answer filed on behalf
                     of Harry W. Brown, Sr. in the State Farm
                     DJ Action, filed March 14, 2008.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Standard For Remand.**

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to the appropriate federal court.  "If at any time before final judgment it appears that the case was removed [from state court] improvidently and without jurisdiction, the district court shall remand the case...."  28 U.S.C. § 1447(c).  "It is axiomatic that the jurisdiction of the federal courts is limited, with its scope defined by the Constitution and by statute." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 548 (5th Cir. 1981). "The rule of construing removal statutes strictly and resolving doubts in favor of remand . . . is well-established. . . ." Scott v. ING Clarion Partners, LLC, 2006 U.S. Dist. LEXIS 79224 (N.D. Ga. 2006).

The burden of proof in demonstrating that removal was proper falls with the removing party, and the Court must resolve all disputes and doubts in favor of remand.  Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006) (Class Action Fairness Act case).

**B.   Asserted Basis for Federal Jurisdiction.**

In this action, the removing party, Harry W. Brown, Sr., asserted that jurisdiction was proper in this Court under the Class Action Fairness Act, which was incorporated into 28 U.S.C. § 1332 in 2005.  Federal jurisdiction under this act generally arises in a civil action

> **in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which--**
>
> > **(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;**

28 U.S.C. § 1332(d)(2)(A)-(C). (Emphasis added.)  Thus, original jurisdiction exists only where (1) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; **and** (2) any member of a class of plaintiffs is a citizen of a State different from any defendant. In other words, the party relying upon 28 U.S.C. § 1332(2) for jurisdiction must have **both** elements.  Otherwise, there is no jurisdictional basis. <u>See</u> 28 U.S.C. § 1332(d)(2)(A).

In this case, Brown, Sr. removed arguing that he was a resident of Florida, and was therefore a citizen of a different state than any member of the class of plaintiffs.

**C.   Harry W. Brown, Sr., the Only Party to Remove
this Action, has been Dismissed, and his
Notice of Removal Rendered Moot.**

Prior to his filing an Answer in this action, the Plaintiffs filed and Amended Complaint dropping Harry W. Brown, Sr. as a defendant.  Brown, Sr. is the only party who removed this action, and he did so without the consent of the other defendants. Critically, he did so without the consent of Defendant Stein, who has stated in declaration accompanying Brown, Sr.'s Notice of Removal that he is a resident of the State of South Carolina.

The removal provisions present in the Class Action Fairness Act, 28 U.S.C. § 1332(d), differ from the standard removal provisions in one critical aspect:  in a class action removal, any one defendant can remove the entire action without the consent of the other parties.  Lowery v. Ala. Power Co., 483 F.3d 1184, 1196 (11th Cir. Ala. 2007) (citing 28 U.S.C. § 1453(b)).[1]

_____

[1]   This code section provides:

A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

8 U.S.C.S. § 1453.

In a "standard" situation, the other defendants in the case must consent to the removal.[2]

The argument here is not that there is no diversity jurisdiction under the Class Action Fairness Act. Instead, the argument is that the only party desiring removal, Harry W. Brown, Sr., is no longer a party to this action. The other non-diverse defendants did not join in this removal. The other diverse defendant did not join in the removal. The Plaintiff submits that the case must be remanded as the only party who invoked the right of removal is no longer in the action.

**D.  Harry W. Brown is a Citizen of the State of Georgia, and did not have the Ability to Remove this Case.**

The Plaintiffs next argument is again focused on the propriety of the removal itself. Because Harry W. Brown was a citizen of the State of Georgia, he did not have the ability to remove the action.

For the purposes of diversity jurisdiction, the inquiry is whether the controversy exists between "citizens of different states." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). For the purposes of diversity jurisdiction,

**Citizenship is equivalent to 'domicile'. . .'A person's domicile is the place of 'his true, fixed, and**

---

[2]  Courts have traditionally required the consent of all defendants to the removal petition. See, e.g., Fontenot v. Global Marine, Inc., 703 F.2d 867, 870 (5th Cir. La. 1983).

> **permanent home and principal establishment, and to
> which he has the intention of returning whenever he is
> absent therefrom. . . . Furthermore, a change of
> domicile requires "[a] concurrent  showing of (1)
> physical presence at the new location with (2) an
> intention to remain there indefinitely… ."**

Id. at 1257-1258 (internal citations and punctuation omitted).

The Plaintiffs had the opportunity to depose Harry W. Brown, Sr. on the issue of his domicile.[3]  During this deposition, Brown, Sr. testified that

1.   he has a "second home" in Atlanta, Georgia. (Brown Deposition, Ex. 3, at 7)

2.   he has a residence in the state of Florida. (Brown Depo. at 9).

3.   the last time he spent the night in his Florida home was late December of 2008.

4.   He takes his meals and receives mail at the Atlanta address (Brown Depo. at 10);

5.   He is a licensed chiropractor in the state of Georgia (Brown Depo. at 11);

6.   He receives credit card bills at the Atlanta address, but he receives some at the Florida address (Brown Depo. at 19);

7.   He considers that he became a Florida resident in 2001 (Brown Deposition at 20), and that he has been spending "over seven months a year" in Florida.  (Brown Deposition at 21).

8.   By the time of the deposition, he had been in Georgia continuously since around December 20, 2008. (Brown Deposition at 45).

---

[3]  A "rough draft" copy of this deposition transcript is attached hereto as Exhibit 3.  It has not been reviewed by Dr. Brown, Sr.  The Plaintiffs will place a finalized version of this deposition in the record when it has been prepared.

Brown, Sr. has taken a different position in other litigation.  He has admitted in answers filed in two separate lawsuits in the State of Georgia that he was a resident of the Georgia.  (See Complaint in the Toler Action, Exhibit 4, para. 9; Answer in the Toler Action, Exhibit 5, para. 9 ("Responding to Paragraph 9 of the Plaintiff's Complaint, Defendant admits that he is a citizen and resident of the State of Georgia."); see also Complaint for Declaratory Judgment, Exhibit 6, para. 11; Answer in the State Farm Declaratory Judgment Action, Exhibit 7, para. 11).

Resolution of the inquiry is not simple, as

**Determination of a party's domicile requires a totality of the circumstances" approach weighing a constellation of objective facts, no single one of which is entitled to controlling weight.  Among the numerous indicia considered are the state(s) where civil and political rights are exercised, where taxes are paid, where real and personal property are located, where driver's and other licenses are obtained, where mail is received, where telephone numbers are maintained and listed, where bank accounts are maintained, where places of business or employment are located, and where memberships in local professional, civil, religious or social organizations are established.**

Slate v. Shell Oil Co., 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006).  Dr. Brown, Sr.'s lack of community involvement takes his claim to be a Florida citizen closer to the line.  He does not attend church in Jonesboro, (Brown Deposition, Exhibit 3, at 18); he does not vote (Brown Depo. Exhibit 3, at 48-49), nor is he a

- 10 -

member of any clubs of civil organizations in Georgia.  (Brown Deposition, at 18).  He does, however, go to work "daily" in Georgia.  (Brown Deposition at 21; but see id. at 21 (stating that when he is in Florida, he works there).

At the current time, Brown is domiciled in Georgia.  He intends to remain here for an indeterminate period of time.

**E.    The removal is procedurally defective, being filed more than thirty days after the removing party received service of the original Summons and Complaint.**

The Plaintiffs next submit that the removal is procedurally defective.  Under 28 U.S.C. § 1446(b), a

**(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.**

28 USCS § 1446(b).  The Plaintiffs submit that the Notice of Removal was filed well more than thirty days after Brown, Sr., received proper notice of the pendency of this action through "service or otherwise."

The Eleventh Circuit interprets the phrase "service or otherwise" as something requiring more than the "mere receipt of the complaint unattended by any formal service." Hand v. Cargill Fertilizer, Inc., 157 Fed. Appx. 230, 232 (11th Cir. Fla. 2005)

- 11 -

(citing <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999)).  The "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  <u>Ware v. FleetBoston Fin. Corp.</u>, 180 Fed. Appx. 59, 62 (11th Cir. Ga. 2006) (citing <u>Murphy Bors.</u>).

In this case, a copy of the Summons and Complaint was left with an individual working at the chiropractic clinic, "Misty," on December 1, 2008.  (Affidavit of Service, Exhibit 2).  Brown denies receiving these papers from "Misty," although he does acknowledge that such a woman works at his clinic.  (Brown Depo. at 37).  Brown, Sr. admits learning of the lawsuit in while he was in Florida, but cannot identify the particular date on which he learned of its existence.  (Brown Depo, Ex. 3, at 30; 33).  He admits receiving a copy, but can't identify when.  <u>Id</u>.  Brown, Sr. authorized his son, co-defendant Brown, Jr. to retain attorneys to represent his interests in the civil action, but again, does not recall when he made this authorization.  (Brown, Sr. Depo at 44).

Brown, Sr.'s attorneys did formally request an extension of time to answer or otherwise respond to the Complaint on December

19, 2008.  (A copy of this Stipulation is attached to the Defendants' Notice of Removal).  While his counsel did not formally "acknowledge" service until December 30, 2008, Brown, Sr. clearly had notice of the lawsuit and had read the suit before this acknowledgment.

Since Brown, Sr. admits that he knew of the lawsuit prior to his acknowledgment of service.  He had attorneys representing his interest, and was negotiating with Plaintiff's counsel well more than thirty days prior to his filing of the removal petition. Brown, Sr.  As the party removing this case to federal court, Brown, Sr. should be required to affirmatively state the date and manner on which he received the lawsuit, so that the timeliness of this removal can be evaluated.

**F.   The Court Should Exercise its Discretion to Remand this Case.**

This controversy is a local controversy.  It involves a lawyer, licensed by the State of Georgia, and practicing within its boundaries, taking advantage of a class composed of primarily (and in all probability, the vast majority) residents, who seek chiropractic treatment in the state of Georgia from chiropractors licensed by and operating clinics within the state of Georgia. The relationships at issue - attorney-client and physician-patient, are largely defined by Georgia law and regulations.

When the controversy is so central to the forum state, the Class Action Fairness Act provides the Trial Court with some discretion:

> **(3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--**
>
> > **(A) whether the claims asserted involve matters of national or interstate interest;**
> >
> > **(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;**
> >
> > **(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;**
> >
> > **(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;**
> >
> > **(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and**
> >
> > **(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.**

28 U.S.C. § 1332(d).

Each of these considerations fall in favor of declining jurisdiction.  The Plaintiffs clearly attempted to plead this case in a manner to avoid federal jurisdiction, as they specifically plead that the amount in controversy was less than $5,000,000.  Given the nature of the controversy, the number of class members is substantially larger than the citizens from other states.  During the three year period, a substantially similar case involving the same chiropractic entities has been filed in the State Court of Chatham County, Georgia.  (A certified copy of this Complaint in the <u>Toler</u> action is attached hereto as Exhibit 4).

<b><u>CONCLUSION</u></b>

For the forgoing reasons, the Plaintiffs respectfully request that the Motion for Remand be **GRANTED**, and this case returned to the State Court of Liberty County, Georgia, the Court in which it was originally filed.

THIS THE  **2ND**  DAY OF **MARCH**, 2009.

SAVAGE, TURNER, PINSON & KARSMAN

BY:  /s/ Brent J. Savage
     Brent J. Savage
     Georgia Bar No. 627450

Savage, Turner, Pinson & Karsman
304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412

(912) 231-1140
bsavage@savagelawfirm.net


LLOYD D. MURRAY & ASSOCIATES
Lloyd D. Murray
Georgia Bar No. 531955
10164 Ford Ave., Suite A
Post Office Box 1569
Richmond Hill, Georgia 31324

**IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

KENNETH WAITHE and LINDA
WAITHE, Individually and on
behalf of All Others Similarly
Situated,

     Plaintiff,

-vs-

ARROWHEAD CLINIC, INC.,
ARROWHEAD MANAGEMENT, INC.,
HARRY W. BROWN, INC., H. BROWN
MANAGEMENT COMPANY, LLC.,
HARRY W. BROWN, JR., LEGAL
COUNSEL, INC., ROBERT D.
STEIN, and ROBERT. D. STEIN
d/b/a ROBERT D. STEIN &
ASSOCIATES,

     Defendants.

Civil Action No. 4:09-cv-00021

COMPLAINT- CLASS ACTION

## CERTIFICATE OF SERVICE

     This is to certify that I have on this day served the forgoing document on all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing:

Tracy M. Elliott, Esq.
James C. Grant, Esq.
Alston & Bird, LLP
One Atlantic Center
1201 W. Peachtree St.
Atlanta, GA 30309-3424
404-881-7000
404-881-7777 (fax)

Johannes S. Kingma, Esq.
Carlock, Copeland, Semler &
Stair, LLC
P.O. Box 56887
Atlanta, GA 30343-0887
404-221-2278
404-222-9482 (fax)
jkingma@carlockcopeland.com

John Colquitt Rogers, Esq.
Carlock, Copeland, Semler &
Stair, LLC
P.O. Box 56887
Atlanta, GA 30343-0887
404-522-8220
404-222-9482 (fax)
jrogers@carlockcopeland.com

Mason White, Esq.
Brennan, Harris & Rominger,
LLP
P.O. Box 2784
Savannah, GA 31402-2784
912-233-3399
912-236-4558 (fax)
gmw@bhrlegal.com

Lloyd Dan Murray, Esq.
Murray & Harvey, LLC
10164 Ford Avenue
Suite A
Richmond Hill, GA 31324
912-756-4775
912-756-6310 (fax)

    THIS THE  **2ND**  DAY OF **MARCH**, 2009.

                          SAVAGE, TURNER, PINSON & KARSMAN


                          BY:  /s/ Brent J. Savage
                               Brent J. Savage
                               Georgia Bar No. 627450

Savage, Turner, Pinson & Karsman
304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140
bsavage@savagelawfirm.net