# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated, * * * * | |
| Plaintiffs, * * | |
| vs. * | CV 409-021 |
| ARROWHEAD CLINIC, INC., ARROWHEAD MANAGEMENT, INC., HARRY W. BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC, HARRY W. BROWN, JR., LEGAL COUNSEL, INC., ROBERT D. STEIN, and ROBERT D. STEIN d/b/a/ ROBERT D. STEIN & ASSOCIATES, * * * * * * * * * * | |
| Defendants. * | |

## ORDER

Presently before the Court is Plaintiffs' Motion to Remand. For the reasons stated below, the motion is **DENIED**.

**BACKGROUND**

On November 21, 2008, Plaintiffs Kenneth and Linda Waithe filed this putative class action in the State Court of Liberty

County, Georgia, against six businesses and three individuals, alleging professional negligence, breach of fiduciary duty, negligence, and fraud. Defendant Harry W. Brown, Sr., removed this case to federal court, pursuant to the Class Action Fairness Act of 2005 (CAFA), codified at 28 U.S.C. § 1332(d). Shortly thereafter, Plaintiffs amended their complaint to drop Harry W. Brown, Sr. (Brown), as a defendant in this lawsuit. See Dkt. No. 6. Plaintiffs filed the motion to remand currently under review on March 2, 2009.

**DISCUSSION**

Under CAFA, federal jurisdiction arises in a civil action

> in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

28 U.S.C. § 1332(d)(2)(A). Removal is thus proper where (1) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (2) any member of a class of plaintiffs is a citizen of a State different from any defendant.

Here, Plaintiffs claim that jurisdiction is improper because (1) the amount in controversy does not exceed $5,000,000, (2) Brown – the only party that originally sought

removal - has been dropped as a defendant, (3) Brown is a citizen of Georgia and thus could not properly seek removal, and (4) Brown filed for removal more than thirty days after he received service of the summons and complaint. Finally, Plaintiffs argue that the Court should remand the case in its discretion, even if removal was proper. See Dkt. No. 12.

The burden of establishing federal subject matter jurisdiction generally falls on the party seeking to remove the case to federal court. Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006). The Court thus evaluates each of Plaintiffs' grounds for removal against this standard.

i. **Amount in Controversy**

Where CAFA's amount in controversy requirement is in dispute, the removing party "must prove by a preponderance of the evidence" that the requirement is met. Id. (quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)).

In arguing whether the amount in controversy exceeds $5,000,000, the parties devote a substantial portion of their briefs to interpreting three cases that address what kind of evidence a court may consider in deciding the amount in controversy issue: Williams, 269 F.3d 1316, Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), and Thomas v. Bank of Am. Corp., 570 F.3d 1280 (11th Cir. 2009). The parties vigorously argued their positions in several briefs and gave

oral arguments at hearing on June 1, 2009, based on those cases. On June 8, 2010, however, over a year after the parties filed their final briefs on the issue, the Eleventh Circuit decided <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744 (11th Cir. 2010), which clarifies the case law and simplifies the amount in controversy analysis in this case.

<u>Pretka</u> explains that "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." 608 F.3d at 754. It further provides that "[d]efendants may introduce their own affidavits, declarations, or other documentation." <u>Id.</u> The court in <u>Prekta</u> declines to apply the much more restrictive <u>Lowery</u> rule, distinguishing <u>Lowery</u> based on the fact that the attempted removal there involved a case that was not initially removable but purportedly became removable due to changed circumstances. <u>Id.</u> at 760-62. The court also clarifies <u>Thomas</u>, explaining that removal was improper in that case not because the defendant relied on evidence not contained in the plaintiff's complaint, but because the defendant's notice of removal "did not accurately identify the amount in controversy" and contained virtually "no information" on the issue. <u>Id.</u> at 761 n.19. Following <u>Pretka</u>, it is clear that Defendants in this case are entitled to rely on evidence not incorporated into the complaint.

4

Plaintiffs here allege, among other things, that patients suffered harm "through the overutilization of chiropractic services," by "incurring liability . . . for chiropractic treatment," and as a result of overbilling. See Am. Compl. ¶¶ 45, 51, 55. Plaintiffs seek damages that include those "flowing from [Defendants'] fraudulent conduct, including but not limited to, disgorgement of any attorney's fees and/or payments on medical liens obtained by the Defendants pursuant to their scheme," which allegedly involved the Defendant medical practitioners sending patient information to the Defendant legal professionals and sharing various fees. Id. The money at issue, then, consists of attorney's fees and medical payments Defendants received from individuals who are clients of the Defendant legal practitioners **and** patients of the Defendant medical professionals. Defendants have declared that the common patient-clients have incurred medical charges from medical care provided by Defendants Arrowhead Clinic and Harry W. Brown, Inc., totals $9,047,864.48. Notice of Removal, Dkt. No. 1, at ¶ 22. This total does not include the attorney's fees paid to the Defendant legal practitioners, nor does it include the attorney's fees and punitive damages Plaintiffs also seek. See Blank v. Preventative Health Programs, Inc., 50 F.Supp 416, 421 (S.D. Ga. 1980)("It is well established that attorney's fees and

punitive damages, when allowed by applicable state law, may be included in determining the amount in controversy.").

As a result, Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 in this case.

ii. **Waiver of Ability to Contest Remand**

It is undisputed that Brown was the only party to remove this action but is no longer a party in this lawsuit. Plaintiffs argue that because none of the remaining defendants chose to remove the case, they lack the "standing to oppose its remand." Dkt. No. 24, at 2. Plaintiffs, however, concede that they "have found no authority" supporting their position. Dkt. No. 24, at 3. The Court declines, at this time, to impose a new eligibility requirement on parties seeking to challenge a motion to remand.

iii. **Brown's Domicile in Seeking Removal**

Plaintiffs contend that "[b]ecause Harry W. Brown was a citizen of the State of Georgia, he did not have the ability to remove the action." Dkt. No. 12, at 8. Plaintiffs do not argue that the requisite diversity under CAFA is lacking, merely that Brown was not a diverse party and should thus not have been permitted to seek removal. In contrast to Plaintiffs' position, the language of CAFA and the case law interpreting it clearly establish that "a class action removable under CAFA 'may be removed by any defendant without the consent of all defendants.'

" Lowery, 483 F.3d at 1196 (quoting 28 U.S.C. § 1453(b)). Plaintiffs cite no authority indicating that the removing defendant must be a diverse party.

As such, the Court finds that Brown's purported status as a non-diverse party did not prevent him from seeking removal of this case.

iv. **Timeliness of Removal**

Plaintiffs also claim that the removal of the case was procedurally defective because it was filed more than 30 days after the removing party received service of the summons and complaint. See Dkt. No. 12, at 11.

Under 28 U.S.C. § 1446(b), notice of removal must

> be filed thirty days after the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiffs' argument is premised on the claim that the action of leaving a copy of the summons and complaint "with an individual working at [Brown's place of employment]" triggered the thirty day time limit. Dkt. No. 12, at 12. Plaintiffs also claim that Brown "clearly had notice of the lawsuit and had read the suit" prior to December 30, 2008, when counsel for Brown formally acknowledged service. Id. at 13.

Plaintiff offers no argument as to how leaving a copy of the summons and complaint with one of Brown's employees at his clinic constitutes service. Under Georgia law, service can be effected by "leaving copies [of the summons and complaint] at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" or by delivering such copies "to an agent authorized by appointment or by law to receive service of process." O.C.G.A. § 9-11-4(e)(7). Plaintiffs do not claim to have complied with any of the requirements of § 9-11-4(e)(7), nor do they cite any law indicating that their actions constitute service.

Moreover, Plaintiffs argue that Brown's knowledge of the lawsuit and retention of attorneys triggered the running of the thirty-day time limit. Dkt. No. 12, at 13. It is well established, however, that "a defendant is 'required to take action' as a defendant – that is, bound by the thirty-day limit on removal – 'only upon service of summons or other authority-asserting measure stating the time within which the party served must appear and defend.'" Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1208 (11th Cir. 2008)(quoting Marano Enter of Kansas v. Z-Teca Rests, L.P., 254 F.3d 753, 756 (8th Cir. 2001)). That Brown had knowledge of the lawsuit and retained attorneys do not, in themselves, trigger the thirty-day time limitation on filing notice of removal.

AO 72A
(Rev. 8/82)

8

As a result, Defendants have established by a preponderance of the evidence that December 30, 2008 - when Brown's counsel formally acknowledged the suit - set off the thirty-day time limit for removal. Given that notice of removal was provided within that thirty-day period, Plaintiffs' argument here fails.

v. **Court's Discretion to Remand**

Plaintiffs request that the Court exercise its discretion to decline jurisdiction because this case allegedly involves a "local controversy." Dkt. No. 24, at 5. If the Court does not decline jurisdiction at this time, Plaintiffs also request that the Court "hold this decision pending discovery so as to allow the parties to develop the record on these important issues." Id.

The Court denies both of Plaintiffs' requests. To the extent Plaintiffs uncover relevant evidence during discovery, they may then move for remand at the appropriate time.

**CONCLUSION**

For the reasons stated, Plaintiffs' Motion to Dismiss is **DENIED**.

**SO ORDERED,** this 29th day of December, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA