# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated, | * * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CV 409-021 |
| ARROWHEAD CLINIC, INC., ARROWHEAD MANAGEMENT, INC., HARRY W. BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC, HARRY W. BROWN, JR., LEGAL COUNSEL, INC., ROBERT D. STEIN, and ROBERT D. STEIN d/b/a/ ROBERT D. STEIN & ASSOCIATES, | * * * * * * * * * * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Defendant Harry W. Brown, Jr.'s (Brown) and Defendants Arrowhead Clinic, Inc., Arrowhead Management, Inc., Harry W. Brown, Inc., and H. Brown Management Company, LLC's (collectively, the "Defendant Entities") Motion to Dismiss. For the reasons stated below, the motion is **GRANTED** as to Counts II, III, IV, and VI, and **DENIED** as to Counts V, VII, and VIII. Plaintiffs are **GRANTED** leave to amend as to Count

1

AO 72A
(Rev. 8/82)

III and are instructed to file a second amended complaint within ten days of the date of this order.

**BACKGROUND**

Plaintiffs Kenneth and Linda Waithe were involved in a car accident and scheduled an appointment at the Arrowhead Chiropractic Clinic (the "Hinesville Clinic") in Hinesville, Georgia, to evaluate their injuries. When Plaintiffs arrived at the Hinesville Clinic, an individual purporting to represent Defendants Robert D. Stein and Robert D. Stein & Associates (the "Stein Firm") allegedly solicited Plaintiffs and undertook legal representation of Plaintiffs as to claims arising from the car accident.

Plaintiffs brought this putative class action, alleging that Defendants were involved in the following scheme: a number of chiropractic clinics "associated" or "affiliated" with the Defendant Entities allowed members of the Stein Firm and Defendant Legal Counsel, Inc., to solicit and represent their patients. Am. Compl. ¶¶ 29-33. As part of the scheme, the Defendant attorneys represented the patients in lawsuits arising from their injuries. The Defendant Entities then took substantial portions of whatever settlements resulted from the lawsuits to pay off the excessive chiropractic bills that they allegedly charged the patients. In the process, according to

2

Plaintiffs, Defendants failed to properly credit patient accounts with funds received from third-party payors.

Count I of the complaint makes allegations against Stein, the Stein Firm, and Legal Counsel only and is not considered here. In Count II, Plaintiffs claim that Brown and the Defendant Entities are liable for professional negligence because they disclosed confidential information to the attorneys allegedly involved in the scheme. Id. at ¶ 43. Plaintiffs allege in Count III that Brown and the Defendant Entities are liable for fraud or constructive fraud by failing to disclose their "business relationship" with Stein, the Stein Firm, and Legal Counsel. Id. at ¶ 49. Plaintiffs also allege in Count IV that Brown and the Defendant Entities fraudulently overcharged third-party providers, such as Plaintiffs' insurance carrier, for their chiropractic services. Id. at ¶ 54. In Count V, Plaintiffs claim that Brown and the Defendant Entities are liable for negligence, to the extent that they breached their duties to protect the privacy of their patients and to properly maintain patient accounts so as to avoid overcharges. Id. at ¶ 57. Finally, Plaintiffs in Count VI claim that Brown and the Defendant Entities breached their fiduciary duties to protect their privacy and provide adequate chiropractic services. Id. at ¶¶ 61-63.

**LEGAL STANDARD**

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must construe the plaintiff's complaint in the light most favorable to the plaintiff and accept all well-pleaded facts alleged in the complaint as true. <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Fin. Sec. Assurance, Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001)).

**DISCUSSION**

    i.    **Count II: Professional Negligence**

Plaintiffs allege that "[t]hrough the unauthorized disclosure to attorneys (and members of their staff) of the fact that an individual is seeking treatment from a medical provider, Brown . . . breached the duty to maintain patient confidences."

4

Am. Compl. ¶ 43. Moreover, according to Plaintiffs, "the [Defendant] Entities breached the applicable standard of care by arranging for the patient to meet with an attorney on the premises of the physician's office, before the patient is evaluated by the chiropractor." Id.

In their brief supporting the motion to dismiss, Defendants erroneously argue that the professional negligence claim is actually a medical malpractice claim, such that the professional negligence claim is time-barred under the statute of limitations for medical malpractice claims. See Dkt. No. 7, at 8. Plaintiffs' claim nonetheless fails because under Georgia law, disclosure of confidential patient information does not constitute a claim for professional negligence. In Howell v. Shumans, 636 S.E.2d 182, 182-83 (Ga. Ct. App. 2006), a patient claimed that an employee of her doctor improperly disclosed her medical information to a third party. The Georgia Court of Appeals in that case considered whether O.C.G.A. § 9-11-9.1, which requires the attachment of an expert affidavit with the complaint for "any action for damages alleging professional malpractice," applied in light of the facts alleged. Id. The court concluded that the "complaint did not allege professional negligence," reasoning that "[w]hen a claim is based upon the allegation of a professional's *intentional* act that results in injury," the allegation is not one of professional negligence,

5

such that "an affidavit is not required." Id. at 183 (emphasis in original); see also Johnson v. Rodier, 529 S.E.2d 442, 443 (Ga. Ct. App. 2000)(finding that complaint alleging intentional disclosure of confidential patient information made "no claim . . . based on professional negligence"). The court further explained that, unlike cases where a defendant "was required to weigh alternatives and apply her specialized knowledge and skill," the defendant in Howell "was not weighing medically feasible alternatives when she chose to reveal confidential information." Id.

Applying the reasoning in Howell to the present case, it is clear that Plaintiffs do not state a claim for professional negligence for two reasons. First, Plaintiffs allege that Defendants *intentionally* revealed confidential information. Second, similar to Howell, it is not alleged that Defendants "weigh[ed] medically feasible alternatives" or "appl[ied] specialized knowledge and skill" in committing the alleged wrong. Rather, Defendants allegedly revealed confidential information independent of whatever professional knowledge and skill they rely on in rendering chiropractic services.

As a result, Plaintiff's professional negligence claim fails.

### ii. Count III: Fraud/Constructive Fraud for Failure to Disclose Business Arrangement

Plaintiffs allege that Defendants committed fraud or constructive fraud by allegedly failing to disclose to patients that Brown and the Defendant Entities had a business relationship with Stein, the Stein Firm, and Legal Counsel. See Am. Compl. ¶ 49. Defendants argue that the claim fails for lack of particularity. See Dkt. No. 7, at 18-19.

Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In the Eleventh Circuit, to meet the requirements of Rule 9(b), a complaint may set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same,
> (3) the content of such statements and the manner in which they misled the plaintiff, and
> (4) what the defendants "obtained as a consequence of the fraud."

Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). Plaintiffs' fraud claim fails because they do not state with any particularity the person or party responsible for the alleged omission or omissions, even

7

assuming, without deciding, that the other pleading requirements are met.

Plaintiffs allege that all Defendants are liable for failing to inform patients of the "business relationship" and "fee-sharing arrangement" between the attorney and chiropractic defendants. Am. Compl. ¶¶ 47-51. But conspicuously absent from the complaint is any specific mention of a particular individual or corporate entity actually omitting such information. Plaintiffs repeat the allegation that the "business relationship was not disclosed to the patients/client" but consistently fail to state with particularity who or what failed to make the disclosure at issue. Id. at ¶¶ 49-50.

How Brown and each of the Defendant Entities were responsible for the purported omissions is far from clear. Plaintiffs claim that Arrowhead Clinic, Inc. operates a number of chiropractic clinics, including the clinic the Waithes visited. Id. at ¶ 15. Plaintiffs further claim that Arrowhead Management, Inc., Harry W. Brown, Inc., and H. Brown Management Company, LLC, "are corporate entities established for the purpose of managing Defendant Arrowhead Clinics." Id. at ¶ 17. Defendant Brown, according to the complaint, is a chiropractor "who provides services to patients through Arrowhead Clinic, and are [sic] responsible for implementing policies and procedures utilized by the Arrowhead Clinics." Id. at ¶ 16. How corporate

8

entities – vaguely described as "affiliated with," "associated with," "operating," or "managing" the clinics – have the responsibility to inform patients of an alleged business relationship is unclear. Even less clear is why Defendant Brown, whose job description as stated in the complaint could apply to any individual chiropractor employed at an Arrowhead Clinic, would be responsible for making the disclosures to patients of the various clinics across Georgia.[1] Rather than specify each Defendant's responsibilities and alleged omissions, Plaintiffs make general claims with no particularized allegations as to each individual defendant. See Curtis Inv. Co., LLC v. Bayerische Hypo-und Vereinsbank, AG, 341 F. App'x 487, 493-94 (11th Cir. 2009)(To meet the requirements of Rule 9(b), "in a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud."); see also W. Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008)(stating that under 9(b), "[i]n a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient.").

As a result, Plaintiffs' fraud claim in Count III fails as plead. The Court, however, grants Plaintiffs ten days to file an

---

[1] There is no allegation that Defendant Brown treated Plaintiffs.

9

amended complaint as to Count III. Plaintiffs are instructed to submit particularized allegations of fraud against each Defendant for failure to disclose the alleged business relationship to avoid dismissal.

### iii. Count IV: Fraud/Constructive Fraud for Failure to Properly Credit Patient Accounts

Plaintiffs allege that Defendants failed to properly credit patient accounts with "funds they received from third party providers which were to be utilized for the sole purpose of paying for chiropractic services." Am. Compl. ¶¶ 52-53. Plaintiffs concede, however, that Defendants have repaid the wrongfully billed sums. Plaintiffs in the present lawsuit seek only to recover the interest that had accrued on the sums but that Defendants allegedly have not paid.

Plaintiffs allegations of fraud for failure to properly credit patient accounts and pay full interest on wrongfully billed sums fall well short of stating a claim for fraud. Again, Plaintiffs fail to make allegations against particular defendants, choosing instead to lump the defendants together and make generalized claims. Moreover, Plaintiffs fail to make factual allegations as to each required element of fraud. The elements of the tort of fraud are: "(1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff

AO 72A
(Rev. 8/82)

to act or refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) damage to the plaintiff directly and proximately caused by the reliance." <u>TSG Water Res., Inc. v. D'Alba & Donovan Certified Pub. Accountants, P.C.</u>, 260 F. App'x 191, 199 (11th Cir. 2007). Glaringly absent from the complaint is any allegation of scienter – "the intent to deceive." <u>See Carr v. Mid-Atl. Fin. Servs., Inc.</u>, No. 1:10-CV-00477, 2010 WL 2268260, at *14 (N.D. Ga. July 27, 2010). Plaintiffs' complaint offers no factual evidence indicating that Defendants acted with scienter in allegedly failing to properly credit patient accounts.

Plaintiffs' claim here thus fails.

### iv. Count V: Negligence

Plaintiffs allege that the chiropractic Defendants breached their duties to "protect and respect" the privacy of their patients and to "adequately maintain their patient accounts so as to adequately reflect all funds received in payment for chiropractic services. Am. Compl. ¶¶ 57-58.

Defendants' only argument for dismissal of the negligence claim is as follows: since the professional negligence claim in Count II is time-barred by the statute of limitations for medical malpractice suits and this ordinary negligence claim is

11

duplicative of Count II's professional negligence claim, this claim must also be dismissed as time-barred. See Dkt. No. 7, at 18. Contrary to Defendants' claim, however, Plaintiffs' professional negligence claim in Count II is not time-barred as a medical malpractice suit. Defendants' argument is thus unavailing.

### v.   Count VI: Breach of Fiduciary Duties

Plaintiffs finally allege that Brown and the Defendant Entities owed and breached fiduciary duties to their patients by "disclosing private information" to the legal practitioner Defendants named in this lawsuit. Am. Compl. ¶ 63.

Defendants' argument that this claim should be time-barred as a medical malpractice claim fails for the same reasons as their argument against the ordinary negligence claim. More compelling, however, is Defendants' argument that Plaintiffs fail to state a claim for breach of fiduciary duties because they fail to allege that they had a fiduciary relationship with Brown or the Defendant Entities.

"A fiduciary duty is created by a confidential relationship, which is defined as 'any relationship . . . where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires

12

utmost good faith, such as the relationship between partners, principal and agent, etc.' " <u>Atwater v. Nat'l Football League Players Ass'n.</u>, 1:06-CV-1510, 2009 WL 3254925, at *12 (N.D. Ga. March 27, 2009)(quoting O.C.G.A. § 23-2-58).

"[O]rdinarily, physicians owe a duty to their patients with respect to the care given." <u>Cox v. Athens Reg. Med. Ctr., Inc.</u>, 631 S.E.2d 792, 798 n.14 (Ga. Ct. App. 2006). Plaintiffs acknowledge that they were not personally treated by, nor had even met, Harry W. Brown, Jr. They argue, however, for the first time in their reply brief, that Brown could be liable under O.C.G.A. § 51-12-30, which provides that "a person who maliciously procures an injury . . . is a joint wrongdoer and may be subject to an action either alone or jointly with the person who actually committed the injury." Dkt. No. 10, at 15. In so arguing, Plaintiffs tacitly concede the thrust of Defendants' argument: that the breach of fiduciary duty claim against Brown fails as originally pled in the complaint because there is no allegation of a confidential relationship between Brown and Plaintiffs. Moreover, regardless of whether their claim under § 51-12-30 has merit, Plaintiffs cannot raise a new cause of action against Brown in a reply brief to a motion to dismiss.

Plaintiffs' breach of fiduciary duty claim against the Defendant Entities also fails. Under O.C.G.A. § 23-2-58, a

13

confidential relationship gives rise to a fiduciary duty. The complaint as a whole, at best, alleges that Plaintiffs may have entered into a confidential relationship with some individuals associated with the Hinesville Clinic, although even this is far from clear. But Plaintiffs do not allege that they had a confidential relationship with the Defendant Entities themselves or that the individuals at the clinics have an agency-type relationship with the Defendant Entities that might give rise to vicarious or some other sort of similar liability. As explained, the Defendant Entities consist of various corporate entities that are alleged to have some vague connection to the chiropractic clinics at issue. Plaintiffs repeatedly claim that the clinics are "associated with" or "affiliated with" the Defendant Entities and then state in conclusory fashion that "the [Defendant] Entities owed fiduciary duties to their patients to protect their privacy and to provide adequate chiropractic services." Am. Compl. ¶ 13.

Because Plaintiffs fail to allege a confidential relationship with Defendants that would give rise to a fiduciary duty, the breach of fiduciary duty claim fails.

### vi. Count VII: Attorney's Fees

Defendants object to Plaintiffs' request for attorney's fees based solely on the assumption that "none of Plaintiffs'

14

substantive counts state a claim." Dkt. No. 7, at 22. Because Defendants state a claim for ordinary negligence, Defendants' argument is unavailing.

### vii. Count VIII: Punitive Damages

Under Georgia law, "[n]egligence alone, even gross negligence, is insufficient to support punitive damages. Punitive damages cannot be imposed without a finding of culpable conduct based upon either intentional and willful acts, or acts that exhibit an entire want of care and indifference to the consequence." MDC Blackshear, LLC v. Littell, 537 S.E.2d 356, 361 (Ga. 2000). Although Plaintiffs' only remaining cause of action is for ordinary negligence, Plaintiffs have alleged that Defendants intentionally shared confidential patient information. Plaintiffs could thus prove intentional acts that have the potential to give rise to punitive damages. As a result, Defendant's objection to Plaintiffs' claim for punitive damages fails.

## CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss is **GRANTED** in part, as to Counts II, III, IV, and VI, and **DENIED** in

15

AO 72A
(Rev. 8/82)

part, as to Counts V, VII, and VIII. Plaintiffs are **GRANTED** ten days to file a second amended complaint as to Count III.

**SO ORDERED**, this 12th day of January, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA