## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated,   )<br>)<br>)<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>ARROWHEAD CLINIC, INC.,   )<br>ARROWHEAD MANAGEMENT, INC.,   )<br>HARRY W. BROWN, INC., H. BROWN   )<br>MANAGEMENT COMPANY, LLC.,   )<br>HARRY W. BROWN, JR., LEGAL   )<br>COUNSEL, INC., ROBERT D. STEIN and   )<br>ROBERT D. STEIN d/b/a ROBERT D.   )<br>STEIN & ASSOCIATES,   )<br>)<br>Defendants.   ) | Case No. 4:09-cv00021-LGW-GRS |

## DEFENDANTS ARROWHEAD CLINIC, INC., ARROWHEAD MANAGEMENT, INC., HARRY W. BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC, AND HARRY W. BROWN, JR.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Arrowhead Clinic, Inc., ("ACI"), Arrowhead Management, Inc. ("AMI"), Harry W. Brown, Inc. ("HWBI"), H. Brown Management Company, LLC ("H. Brown"), and Harry W. Brown, Jr. ("Brown") (hereinafter, collectively "Defendants" or "these Defendants"), and, pursuant to Rules 12 and 9 of the Federal Rules of Civil Procedure, move this Court to dismiss this action because Plaintiffs' Second Amended Complaint fails to state any claim upon which relief may be granted and fails to allege fraud with particularity, as set forth in the attached Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.

Respectfully submitted this 14th day of February, 2011.

*/s/ Tracy M. Elliott*
JAMES C. GRANT
Georgia Bar No. 305410
(*admitted pro hac vice*)
TRACY M. ELLIOTT
Georgia Bar No. 140944
(*admitted pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000 (Phone)
(404) 881-7777 (Facsimile)
jim.grant@alston.com
tracy.elliott@alston.com

G. MASON WHITE
Georgia Bar No. 754581
BRENNAN, HARRIS & ROMINGER, LLP
P.O. Box 2784
Savannah, Georgia 31402
(912) 233-3399 (Phone)
(912) 236-4558 (Facsimile)
gmw@bhrlegal.com

**Attorneys for Defendants Arrowhead
Management, Inc., Arrowhead Clinic,
Inc., Harry W. Brown, Inc., H. Brown
Management Company, LLC, and Harry
W. Brown, Jr.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:09-cv00021-LGW-GRS |
| | ) | |
| ARROWHEAD CLINIC, INC., ARROWHEAD MANAGEMENT, INC., HARRY W. BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC., HARRY W. BROWN, JR., LEGAL COUNSEL, INC., ROBERT D. STEIN and ROBERT D. STEIN d/b/a ROBERT D. STEIN & ASSOCIATES, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS**
**ARROWHEAD CLINIC, INC., ARROWHEAD MANAGEMENT, INC.,**
**HARRY W. BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC,**
**AND HARRY W. BROWN, JR.'S MOTION TO DISMISS**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Defendants submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Amended Complaint.

## I. INTRODUCTION

Plaintiffs' Second Amended Complaint fails to remedy the pleading failures of their First Amended and Recast Complaint. Plaintiffs' allegations against AMI, H. Brown and Brown are wholly insufficient to state a claim for relief, and certainly fail to allege fraud with the particularity required by Rule 9(b). Neither AMI nor H. Brown is

*even mentioned* in the fraud count, and the sole allegation against Brown is wholly unsupported, conclusory and insufficient.  Plaintiffs' claim against ACI and HWBI fares no better.  Plaintiffs fail to allege any material representation or omission made by either Defendant, and do nothing to allege the other required elements.  Accordingly, Plaintiffs fail to state a claim for fraud against any of these Defendants, and the claim should be dismissed.

Significantly, Plaintiffs' Second Amended Complaint also abandons any surviving claim from their Amended Complaint.   Because the Second Amended Complaint asserts only a fraud count, dismissal of the fraud count here eliminates any claim for relief in this case against these Defendants.   Accordingly, these Defendants seek dismissal of the entire Second Amended Complaint.

## II.   PLAINTIFFS' FACTUAL ALLEGATIONS AND CLAIMS

### A.   Procedural History

On November 21, 2008, Plaintiffs commenced this putative class action in the State Court of Liberty County, Georgia.  (Doc. 1, Ex. A). Following removal, (Doc. 1), Plaintiffs amended their Complaint ("Amended Complaint") on February 4, 2009.  (Doc. 6).  The Amended Complaint was virtually identical to Plaintiffs' original Complaint, with the only change being that Harry W. Brown, Sr. was dropped as a Defendant.  (Am. Compl., p. 1) ("The purpose of this Amended and Recast Complaint is to drop Harry W. Brown, Sr. as a party defendant to this action.").   Following a brief introductory statement, the entire Original Complaint was restated in the Amended Complaint.

Subsequently, this Court denied Plaintiffs Motion for Remand (Doc. –), and on January 12, 2011, granted in part, and denied in part, these Defendants' Motion to

Dismiss. (Doc. 55). This Court also granted Plaintiffs leave to amend Count III of their Amended Complaint. (Doc. 55). Plaintiffs filed their Second Amended Complaint on January 24, 2011. (Doc. 59). While the Second Amended Complaint specifically incorporates paragraphs 1 through 35 of the Amended Complaint, it does not incorporate any cause of action from their Amended Complaint. Therefore, the Second Amended Complaint, including the paragraphs incorporated from the Amended Complaint, sets forth only one cause of action titled "Count Three (Amended) Fraud/Constructive Fraud as to All Defendants: Failure to Disclose Relationship between Defendants" (the "Fraud Count").[1]

### B.   Plaintiffs' Factual Allegations[2]

Plaintiffs allege that they were injured in an automobile collision on or about January 1, 2005, and subsequently sought medical treatment at the Arrowhead Clinic in Hinesville, Georgia, operated by ACI (Sec. Am. Compl., ¶ 2).[3] Plaintiffs allege that while at the "Arrowhead Clinic" they were approached by an individual representing the

---

[1] Because Plaintiffs' Second Amended Complaint contains paragraphs 1-35, expressly incorporated from the Amended Complaint, as well as setting forth additional paragraphs 1-45 in the Second Amended Complaint, these Defendants will make references to the Amended Complaint, as necessary, for the ease of the Court. (These citations will be as "Am. Compl., incorp., ¶ x"). These Defendants maintain that the Amended Complaint is wholly superseded by the Second Amended Complaint, and these Defendants do not waive or abandon this argument by referencing the Amended Complaint.

[2] Although this Court "must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions," and "unwarranted deductions of fact in a complaint are not admitted as true for purposes of testing the sufficiency of plaintiff[s'] allegations." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260, 1268 (11th Cir. 2009) (citing *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)).

[3] Confusingly, Plaintiffs state similar, but different, allegations as to which Defendants took certain actions. (*Compare* Sec. Am. Compl., ¶ 2 *to*, Am. Compl., incorp., ¶¶19-20 (who owned and operated the chiropractic clinic visited by the Waithes). To the extent there is a conflict, these Defendants will use the allegations expressly set forth in the Second Amended Complaint.

LEGAL02/32439219v2

Stein Firm, and they chose to retain the Stein Firm to represent them.  (Sec. Am. Compl., ¶¶ 5; 12-13).   Plaintiffs allege that they were asked to sign a "Doctor Referral Confirmation" indicating that they had "'asked [their] doctor to recommend attorneys to handle [their] personal injury claim' and that 'after having done so, [they] asked [their] Doctor to arrange an appointment and/or interview with Attorneys Robert D. Stein and Robert W. Mayhue, Jr., or an investigator from their office.'" (Sec. Am. Compl., ¶ 7-8).  Plaintiffs further allege that they did not request a referral, but signed the documents anyway. (Sec. Am.Compl., ¶¶ 7-8).   Plaintiffs also allege they signed an additional document entitled "Attorney Recommendation Form."   The Attorney Recommendation Form states:

> "I have asked my Doctor to recommend Attorneys who handle personal injury cases.  Among others, my doctor has recommended Attorney Robert D. Stein and Attorney Robert W. Mayhue, Jr. . . . I have asked my Doctor to contact these attorneys to meet with me and I agree to speak with Morris Hill, their investigator. I understand that I am doing so without any obligation on my part or on the part of these Attorneys.  I understand that Mr. Hill is an investigator, is not an Attorney, and will give no legal advice during the interview."

(Sec. Am. Compl., ¶ 9).  Plaintiffs allege that they signed the document in order to obtain treatment at the Arrowhead Clinic.  (Sec. Am. Compl., ¶ 11).  Plaintiffs subsequently signed retainer agreements with Defendant Robert D. Stein.  (Sec. Am. Compl., ¶¶ 12, 13).   Plaintiffs nonetheless allege that they were not informed of any "business relationship" between Defendants Harry W. Brown, Inc., Robert D. Stein, the Stein Law Firm, and the Arrowhead Clinic.  (Sec. Am. Compl., ¶ 18).  Plaintiffs allege that the existence of this "business relationship" created a "financial interest" on the part of the

Stein Defendants,[4] ACI and HWBI, and that they were entitled to know of this financial

interest.  (Sec. Am. Compl., ¶¶ 32, 35).

On the basis of the foregoing factual allegations, Plaintiffs pled one Count:

"Fraud/Constructive Fraud" against all Defendants.  (Sec. Am. Compl., ¶¶ 31-45) ("the

Fraud Count").

### III.   ARGUMENT AND CITATION OF AUTHORITY

**A.    Standard of Review**

A complaint may be dismissed if the facts as pled do not state a claim for relief

that is plausible on its face. *Sinaltrainal,* 578 F.3d at 1260; *see Iqbal,* 129 S.Ct. at 1950

(explaining "only a complaint that states a plausible claim for relief survives a motion to

dismiss"); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561-62 (2007) (retiring the prior

"unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).  A

complaint "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombley*, 550 U.S. at 554; *see also*

*Sinaltrainal,* 578 F.3d at 1260-61.  "Factual allegations must be enough to raise a right to

relief above the speculative level."  *Twombley,* 550 U.S. at 554.  A complaint requires

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129

S.Ct. at 1949.  To that end, a plaintiff bears the burden to plead "enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of illegal [conduct]."

*Twombley*, 550 U.S. at 556.   "The mere possibility the defendant acted unlawfully is

insufficient to survive a motion to dismiss.  The well-pled allegations must nudge the

---

[4] Herein, these Defendants refer to Defendants Robert D. Stein, Robert D. Stein d/b/a
Robert D. Stein & Associates, and Legal Counsel, Inc. collectively as "the Stein
Defendants."

claim 'across the line from conceivable to plausible.'" *Sinaltrainal*, 578 F.3d at 1261 (*quoting Twombly,* 550 U.S. at 570 and *citing Iqbal,* 129 S.Ct. at 1949).

In addition, where, as here, Plaintiffs assert a claim for fraud, the fraud allegations are subject to the heightened pleading standard of Rule 9(b), requiring a plaintiff to plead all averments of fraud with particularity. *Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). Where the allegations of fraud do not include the who, what, where, and when of the alleged fraud, the claim for fraud must be dismissed. *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310, 1315 (11th Cir. 2002). Moreover, in a case involving multiple defendants, the requirements of Rule 9(b) demand that "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Curtis Inv. Co., LLC v. Bayerische Hypo-und Vereinsbank, AG,* 341 F. App'x 487, 493-94 (11th Cir. 2009).

**B.    Plaintiffs' Fraud Count Against AMI, H. Brown and Brown fail under both Rule 12(b)(6) and Rule 9(b).**

In their entire Second Amended Complaint, Plaintiffs make one substantive claim against these (or any) Defendants – Fraud. The elements of a claim for fraud are: "(1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) damage to the plaintiff directly and proximately caused by the reliance." *TSG Water Res., Inc. v. D'Alba & Donovan Certified Pub. Accountants*, P.C., 260 F. App'x 191, 199 (11th Cir. 2007). Plaintiffs have failed to state a claim for Fraud against AMI., H. Brown or Brown, and have failed to plead fraud with the particularity required by Fed. R. Civ. P. 9(b).

1.    **Plaintiffs' Fraud Count against AMI, H. Brown and Brown fails to state a claim for which relief can be granted.**

Plaintiffs have failed to allege how AMI, H. Brown or Brown participated in any allegedly fraudulent scheme.    Nowhere do Plaintiffs allege *any* material misrepresentation made by AMI, H. Brown, or Brown or any material fact omitted by them.   Without such a statement or omission, Plaintiffs clearly cannot allege the other requisite elements – scienter, intent to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and resulting damage to plaintiff.   *See Crawford v. Williams*, 375 S.E.2d 223, 224 (Ga. 1989).

The only *factual* allegation in the Second Amended Complaint that even *mentions* AMI or H. Brown states only "upon information and belief" that these entities are corporate entities "established for the purpose of managing Defendant Arrowhead Clinics." (Am. Compl., incorp., ¶ 17).  Plaintiffs in no way allege any participation by AMI or H. Brown in any purported fraud as they are not mentioned in the Fraud Count. (*See* Sec. Am. Compl., ¶¶31-45).  As this Court previously noted, "[h]ow corporate entities … 'managing' the clinics have the responsibility to inform patients of an alleged business relationship is unclear." (Doc. 56, at p. 9).  There is no allegation that Plaintiffs had any relationship with either of these entities, or any theory under which these two Defendants owed them any duty whatsoever.

Similarly, Plaintiffs' sole allegation against Brown states that "[u]pon information and belief, this fraudulent scheme was designed and or created by Harry W. Brown, Jr., through his role in Harry W. Brown, Inc. and Arrowhead Clinics, Inc." (Sec. Am. Compl. ¶ 44).  Again, there is no allegation that Brown met either of the Plaintiffs, treated the Plaintiffs or had any relationship with them or owed them any duty.  Plaintiffs plead

- 7 -

no legal basis requiring Brown to have made any disclosure to Plaintiffs, when he should have made the disclosure, or how he could be liable for failing to do so.  Moreover, Plaintiffs have failed to plead any facts that allow the court to draw the reasonable inference that Brown is liable for the alleged fraud.  *See Sinaltrainal*, 578 F.3d at 1261.  Plaintiffs are required to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949.  They have failed to do so here.

Finally, Plaintiffs fail to present any allegation as to how they were damaged by AMI, H. Brown or Brown. Plaintiffs only claim for damage in their entire Second Amended Complaint is "incurring liability for . . . chiropractic treatment," (Sec. Am. Compl., ¶ 43), and as a result, they allege that they are entitled to "disgorgement" of these fees. (Sec. Am. Compl., ¶ 45).  Yet Plaintiffs nowhere allege that they received chiropractic treatment from AMI, H. Brown, or Brown, or paid any of these three Defendants anything at all.  As a result, there is no allegation of damage caused by AMI, H. Brown, or Brown and Plaintiffs' Fraud Count against these three Defendants fails to state a claim.

**2.**     **Plaintiffs' Second Amended Complaint Fails to Allege Fraud with Particularity against H. Brown, ACI and Brown.**

Even if Plaintiffs have somehow managed to state a claim under Rule 12(b)(6), Plaintiffs have failed to plead their fraud claims against AMI, H. Brown and Brown with the specificity required by Fed. R. Civ. P. 9(b).  For this reason also, the claim should be dismissed.

The Federal Rules of Civil Procedure impose a heightened pleading standard for fraud claims, requiring that "[i]n alleging fraud or mistake, a party must state **with particularity** the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b)

- 8 -

(emphasis added).   Conclusory allegations of fraud are insufficient; facts constituting alleged fraud must be specifically stated.   *U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F. Supp. 1040, 1052 (S.D. Ga. 1990).   "And the complainant must be able to connect the allegations of fraud to the defendant."   *Id.*   In the Eleventh Circuit, Rule 9(b):

> may be satisfied if the complaint sets forth:  (1) precisely what statement were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; and (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotation omitted).   In short, "[Defendants] [are] entitled to know the basic facts-the who, what, when, where-of the fraud that plaintiffs claim it conducted."   *Perry v. Gammon*, 583 F. Supp. 1230, 1234 (N.D. Ga. 1984); *see also U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310, 1315 (11th Cir. 2002) (noting that the Eleventh Circuit "has endorsed the dismissal of pleadings for failing to meet Rule 9(b)'s standards" and affirming the district court's dismissal of the complaint).

Plaintiffs' Fraud Count against these three Defendants falls woefully short of the demanding pleading requirements of Rule 9(b).   Plaintiffs fail to allege that AMI or H. Brown participated in any alleged fraud in *any* capacity.   (Sec. Am. Compl., ¶¶ 31-45) (no mention of AMI or H. Brown).   Plaintiffs have failed to identify the omissions made, the time and place of not making same, the manner in which they misled the Plaintiffs and what these defendants obtained as a consequence of the fraud.   *Brooks*, 116 F.3d at 1371.   Plaintiffs have failed to reveal when, if ever, it was incumbent upon these

LEGAL02/32439219v2

Defendants to reveal any information to them, nor how they should have done so. Plaintiffs clearly have failed to "inform each defendant of the nature of his alleged participation in the fraud." *Curtis Inv. Co., LLC*, 341 F. App'x at 493-494.

Similarly, for Defendant Brown, Plaintiffs have failed to identify any omission made by Brown, when and where it was made, how he misled Plaintiffs and what he obtained via the fraud. *Brooks*, 116 F.3d at 1371. Thus, even if Plaintiffs fraud claim against these three defendants are not dismissed under Rule 12(b)(6), Plaintiffs have failed to satisfy the requirements of Rule 9(b), and should be dismissed for this reason.

## C.    Plaintiffs' Fraud Count against ACI and HWBI fails as well.

Plaintiffs' Fraud Count against ACI and HWBI fares no better. Plaintiffs fail to allege the required elements of fraud against these Defendants – specifically failing to identify any material misrepresentation or omission, an intent to induce, scienter, or reliance. They have certainly failed to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct at 1949.

Count Three of Plaintiffs' Second Amended Complaint purports to state a claim for "fraud/ constructive fraud" against all Defendants. In Count Three, Plaintiffs generally allege that ACI and HWBI entered into a "business relationship" that benefitted them financially - without disclosing this business relationship to their patients/client - and that Plaintiffs were damaged by incurring liability for attorneys' fees and chiropractic treatment. (Sec. Am. Compl., ¶¶ 31-45). Plaintiffs allege that they were entitled to know of ACI and HWBI's financial interest, and that their failure to disclose such a "financial

- 10 -

interest" impacted the ability of each Plaintiff to knowingly enter the physician-patient relationship.  (Sec. Am. Compl., ¶ 35).

### 1. __Plaintiffs fail to identify any material misrepresentation or omission__.

Even accepting Plaintiffs' allegations as true, Plaintiffs have failed to allege any material misrepresentation or omission by these Defendants.  First, there is no basis in law to require the disclosure Plaintiffs request, and an omission only supports actionable fraud if it is a fact that must be disclosed. Secondly, ACI and HWBI have made a full disclosure here.  Defendants presented Plaintiffs with several documents reflecting the "relationship" between the parties, which based on the Plaintiffs' own allegations, amounted to, at most, a non-exclusive referral relationship and a contractual agreement regarding payment of patient medical bills.  There is no material omission to support Plaintiffs' Fraud Count.

#### a. *No legal requirement to disclose any business relationship*

In Georgia, fraud is only actionable when one omits a fact which one has a legal or equitable duty to disclose.  *Eason Pubs., Inc. v. NationsBank of Ga.,* 458 S.E.2d 899, 903 (Ga. App. 1995).  And there is simply no legal requirement in Georgia that a chiropractic clinic must disclose to its patients any existing business relationships it may have with any other entity.

In specifically considering whether a physician had a duty to disclose his cocaine use to a patient, and whether failure to do so constituted fraud, the Georgia Supreme Court held that

> absent inquiry by a patient or client, there is neither a common law nor a statutory duty on the part of either physicians or other professionals to disclose to their patients or clients unspecified life factors which might be subjectively considered to adversely affect the professional's performance.

- 11 -

> It follows that the failure to make such voluntary disclosure cannot provide a basis for a fraud claim. . . .

*Albany Urology Clinic, P.C. v. Cleveland*, 528 S.E.2d 777, 778 (Ga. 2000).  In fact, more recently, the Georgia Supreme Court has held that chiropractors are not even required to disclose to a patient the material risks of medical procedures performed by the chiropractor.  *Blotner v. Doreika,* 678 S.E.2d 80, 82-83 (Ga. 2009) (holding that "there is no statutory or regulatory requirement in Georgia that chiropractors obtain a patient or client's informed consent").  Consequently, if a chiropractor is not required to disclose the material *physical* risks a patient may face by obtaining the chiropractic treatment sought, and physicians are not required to disclose "unspecified life factors which might be subjectively considered to adversely affect the professional's performance," *Albany Urology Clinic*, 528 S.E.2d at 778, there is simply no requirement to make the type of broad disclosure Plaintiffs demand.  Here, there is simply no duty for ACI or HWBI to disclose to its patients any of its other business relationships, even assuming, *arguendo*, that a "business relationship" existed between ACI, HWBI and the Stein Defendants that was not disclosed to Plaintiffs.

### b.  *No material omission*

Secondly, ACI and/or HWBI disclosed to Plaintiffs its relationship with the Stein Defendants.  Plaintiffs were presented with – *and signed* – at least two documents that disclosed that ACI and/or HWBI had some form of a relationship with the Stein Defendants.  These documents reflect that Plaintiffs' doctors recommended Robert Stein, among others, as attorneys who handle personal injury cases.  (See Sec. Am. Compl., ¶¶ 7-10).  Plaintiffs also signed documents authorizing their attorney to pay their medical provider directly from any proceeds obtained through their personal injury lawsuit.  (Sec.

- 12 -

Am. Compl. ¶¶ 14-16).  Therefore, it was fully revealed to Plaintiffs that 1) their attorney had been referred to them by their chiropractor; and 2) if they obtained a recovery in their personal injury lawsuit, their attorney could pay their provider, *i.e.*, the chiropractic clinic, directly.  As a result, there is simply no misrepresentation or omission about the relationship between ACI and/or HWBI and the Stein Defendants, and consequently, no actionable fraud.[5]

### 2.      Plaintiffs fail to allege an intent to induce or scienter.

Even assuming ACI and/or HWBI made a material omission or misrepresentation, Plaintiffs have failed to allege intent to induce reliance or scienter.  Georgia courts have stated that "mere concealment of [a material fact], unless done in such a manner as to deceive and mislead, will not support an action."  *Conner v. Branch*, 364 S.E.2d 890, 891 (Ga. Ct. App. 1988) (citations omitted).  "The element of intention to deceive is as necessary in an action based on concealment as one based on willful misrepresentation." *Id.*  Scienter is necessary to recover in every action for deceit.  *Lively v. Garnick*, 287 S.E.2d 553, 555 (Ga. Ct. App. 1981).  Here, Plaintiffs have wholly failed to plead either an intent to induce or scienter, and consequently, their Fraud Count must be dismissed.

First, Plaintiffs' do not allege any ***intent to induce*** the Plaintiffs to act.  Plaintiffs merely assert that Defendants entered into a "business relationship" that "created a financial interest" and "[t]his business relationship was not disclosed to the

---

[5] Indeed, if Plaintiffs believe that this "business relationship" establishes a "conflict of interest between the attorney's financial interest and the best interest of the client" this "conflict" (if any) was known to them at the time they chose to retain the Stein Defendants, as they acknowledge. (*See* Sec. Am. Compl., ¶¶ 9-10, 14-16, 33).

- 13 -

patients/clients, thereby inducing them to treat with the Chiropractic Defendants[6] without knowledge of their interest in the relationship."  (Sec. Am. Compl., ¶¶ 32, 42).  Plaintiffs fail to allege that these Defendants' intention in not disclosing the alleged "business relationship" was to induce Plaintiffs to seek chiropractic services.  In fact, such an allegation would make little sense in light of the fact that Plaintiffs went to the clinic in Hinesville seeking chiropractic treatment by their own choice.  (*See* Sec. Am. Compl., ¶ 2).  *See Dockens v. Runkle Consulting, Inc.*, 648 S.E.2d 80, 83 (Ga. Ct. App. 2007) (holding that in the absence of specific factual allegations showing that intentionally false statements were made with intent to induce reliance, "the complaint was legally insufficient to present a fraud claim").

Secondly, Plaintiffs fail to allege that these Defendants concealed any material facts in a manner intended to deceive or mislead them.    Plaintiffs nowhere allege that Defendants entered into any alleged "business relationships" with malice and intent to deceive, manipulate or defraud them.  *See Ernst and Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976).   In fact, Plaintiffs allege that ACI presented them with at least two documents disclosing the relationship between ACI and Defendant Robert Stein and/or the Stein Firm.  (Sec. Am. Compl., ¶¶ 7-10).  This fact belies even any inference of an intention to deceive Plaintiffs about a business relationship between ACI and the Stein Defendants.

**3.**    <u>**Plaintiffs fail to allege reliance.**</u>

Finally, assuming *arguendo*, that Plaintiffs have sufficiently pled that there was a

---

[6] These Defendants could not find where this term is defined by Plaintiffs.  Accordingly, these Defendants construe this term to mean ACI and HWBI, as these are the only entities/Defendants of whom Plaintiffs allege they were patients.  (*See* Sec. Am. Compl., ¶ 35).

LEGAL02/32439219v2

knowing omission of material fact made with intent to induce them to enter into the relationship, they must also allege that they relied upon that omission to enter into the attorney-client and chiropractor-patient relationship.  Here, to the contrary, they have made no such claim.

In Plaintiffs' entire Second Amended Complaint, Plaintiffs do not allege that they would *not* have treated at ACI or HWBI had they known of the alleged "business relationship" between ACI and/or HWBI and the Stein Defendants.  They do not allege that they took any action, or refrained from any action, based on their lack of knowledge about the alleged "business relationship." As a result of each of these failures, Plaintiffs have failed to state a claim for fraud and the Fraud Count must be dismissed.

**D.    Because All of Plaintiffs' Other Claims Have Been Abandoned in the Second Amended Complaint, Dismissal of the Fraud Count Results in Dismissal of the Entire Second Amended Complaint.**

In Plaintiffs' Second Amended Complaint, they have abandoned all other causes of action against these Defendants and have elected to exclusively pursue their Fraud claim against these (or any) Defendants.  Accordingly, if the Fraud Count is dismissed, no causes of action remain against these Defendants, and the entire Second Amended Complaint must be dismissed.

"Under the Federal Rules, an amended complaint supersedes the original complaint." *Fritz v. Std. Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Specific claims made against particular defendants in a prior complaint are not preserved unless they are also set forth in the amended complaint. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981).  Stated differently, "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against

his adversary." *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (holding that because amended pleading did not present claim previously presented in original pleading that the claim was no longer a part of the case). While Plaintiffs "could have raised an additional claim by reference, *see* Fed.R.Civ.P. 10(c), [they] w[ere] required to plead the claim with sufficient specificity that [Defendants] could have recognized that an additional claim had been asserted against it." *Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11, 17 (1st Cir. 2003) (holding that Plaintiff abandoned prior claim in an amended pleading); *see also* 5 CHARLES ALLAN WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE § 1326 ("[R]eferences to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation."); *Wolfe v. Charter Forest Behavioral Health Sys., Inc.*, 185 F.R.D. 225, 228-29 (W.D. La.1999) (same). As a result, unless a claim is expressly made in an amended pleading, or specifically and expressly incorporated by reference, it is not a part of an amended pleading.

Here, in their Second Amended Complaint, Plaintiffs state that "[t]he factual allegations contained in paragraphs 1 through 35 of the Plaintiffs First Amended and Recast Complaint (Doc. 6), are incorporated herein by reference. In addition to those factual allegations, the Plaintiffs state the following: 1…." (Sec. Am. Compl., p. 1). Plaintiffs' sole cause of action, or count, asserted in the Second Amended Complaint, *including* the paragraphs incorporated by reference, is "Count Three (Amended) Fraud/Constructive Fraud as to All Defendants." (Sec. Am. Compl., p. 7). Thus, although Plaintiffs were clearly capable of incorporating by reference, Plaintiffs

- 16 -

specifically chose not to incorporate any other cause of action against these Defendants. The incorporation was direct and explicit, and it incorporated only the first 35 paragraphs of the Amended Complaint.  Accordingly, because Plaintiffs have elected to pursue only fraud, and the Fraud Count must be dismissed, the entire Second Amended Complaint should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), 9(b) should be GRANTED.

Respectfully submitted this 14th day of February, 2011.

*/s/ Tracy M. Elliott*
JAMES C. GRANT
Georgia Bar No. 305410
(*admitted pro hac vice*)
TRACY M. ELLIOTT
Georgia Bar No. 140944
(*admitted pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000 (Phone)
(404) 881-7777 (Facsimile)
jim.grant@alston.com
tracy.elliott@alston.com

G. MASON WHITE
Georgia Bar No. 754581
BRENNAN, HARRIS & ROMINGER, LLP
P.O. Box 2784
Savannah, Georgia 31402
(912) 233-3399 (Phone)
(912) 236-4558 (Facsimile)
gmw@bhrlegal.com

**Attorneys for Defendants Arrowhead Management, Inc., Arrowhead Clinic,**

- 17 -

Inc., Harry W. Brown, Inc., H. Brown Management Company, LLC, and Harry W. Brown, Jr.

LEGAL02/32439219v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a true and correct copy of the foregoing **DEFENDANTS ARROWHEAD CLINIC, INC., ARROWHEAD MANAGEMENT, INC., HARRY W. BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC, AND HARRY W. BROWN, JR.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT** via the Court's electronic filing system upon the following counsel of record:

> Brent J. Savage, Esq.
> SAVAGE, TURNER, PINSON & KARSMAN
> 304 East Bay Street
> Post Office Box 10600
> Savannah, Georgia  31412
>
> Lloyd D. Murray, Esq.
> LLOYD D. MURRAY & ASSOCIATES
> 10164 Ford Ave., Suite A
> Post Office Box 1569
> Richmond Hill, Georgia 31324
>
> Johannes Kingma, Esq.
> John Roberts, Esq.
> CARLOCK COPELAND
> 2600 Marquis Two Tower
> 285 Peachtree Center Avenue
> Atlanta, Georgia 30303

This 14th day of February, 2011.


*/s/ Tracy M. Elliott*