UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated, ) ) ) ) Plaintiffs, ) ) v. ) ) ARROWHEAD CLINIC, INC., ) ARROWHEAD MANAGEMENT, INC., ) HARRY W. BROWN, INC., H. BROWN ) MANAGEMENT COMPANY, LLC., ) HARRY W. BROWN, JR., LEGAL ) COUNSEL, INC., ROBERT D. STEIN and ) ROBERT D. STEIN d/b/a ROBERT D. ) STEIN & ASSOCIATES, ) ) Defendants. ) | Case No. 4:09-cv00021-LGW-GRS |

**MOTION *IN LIMINE* TO PRECLUDE CHIROPRACTIC EXPERT TESTIMONY**

Defendants Arrowhead Clinic, Inc., Arrowhead Management, Inc., Harry W. Brown, Inc., H. Brown Management Company, LLC, and Harry W. Brown, Jr. ("Brown/Arrowhead Defendants" or "these Defendants") respectfully request that this Court grant their motion *in limine* to exclude the testimony of Alan Bragman and any other potential chiropractic or medical expert witness of Plaintiffs Kenneth Waithe and Linda Waithe ("Plaintiffs") based on Plaintiffs' failure to comply with the expert disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the expert discovery deadline as set forth in this court's Amended Scheduling Order, entered March 16, 2011 (the "Scheduling Order"). *See* Amended Scheduling Order at p. 1 (Docket No. 80).

## ARGUMENT AND CITATION OF AUTHORITIES

Plaintiffs did not serve Expert Disclosures at any time before the expiration of time set by this court, Friday March 18, 2011. Nonetheless, based on Plaintiffs' arguments in recent briefs, Defendants anticipate that Plaintiffs may attempt to introduce or rely upon testimony from one or more undesignated chiropractic or medical experts concerning matters that were not identified in any expert disclosures. By failing to designate any chiropractic expert witness, Plaintiffs have essentially precluded Defendants from obtaining any opinions by undesignated, undisclosed experts before trial, and have prevented these Defendants from obtaining an expert witness or witnesses in rebuttal. Thus, allowing Plaintiffs to call any chiropractic expert witnesses, or rely upon the testimony of any undisclosed expert witnesses, would unduly prejudice the defense of this action. As such, Defendants move this Court *in limine* to preclude Plaintiffs from introducing any testimony or evidence by any chiropractic or medical expert witnesses at trial or from relying on undisclosed experts' opinions in their filings with this court.

### A. Federal Rules of Civil Procedure require timely disclosure of all expert witnesses and permit sanctions for failure to comply.

Rule 26 requires the disclosure of the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, along with a written report (if required), no later than 90 days before trial, or within court-imposed deadlines. FED. R. CIV. P. 26(a)(2). "The purpose of the Rule 26(a) disclosure requirement is to provide notice to opposing counsel as to what an expert witness will testify." *Silverstein v. Procter & Gamble Mfg. Co.*, 700 F. Supp. 2d 1312, 1320 (S.D. Ga. 2009). These Defendants do not have the benefit of such notice here.

Additionally, under Rule 16(f), the court has the authority to exclude any new testimony by an expert if the party proffering the opinions "fail[s] to obey a scheduling or pretrial order." FED. R. CIV. P. 16(f). Rule 37 also requires the exclusion of expert opinions if disclosures are not timely made unless the failure was substantially justified or is harmless – specifically precluding the use of the witness "to supply evidence on a motion, at a hearing, or at a trial." FED. R. CIV. P. 37(c)(1). The Rule 37(c)(1) sanction is "self-executing . . . without need for a motion" and "automatic." 1993 Amendments to FED. R. CIV. P. 37(c) advisory committee's notes.

More specifically, Rule 37(c)(1) allows for the imposition of sanctions for a party's failure to comply with Rule 26 (a) or (e):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition or instead of this sanction, the court, on motion and after giving opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanction, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(c)(1).

### B.  Plaintiffs did not timely disclose any chiropractic expert, and testimony of any chiropractic expert must be excluded.

In this case, Plaintiffs did not designate any chiropractic or medical expert witness by the deadline set in the court's Amended Scheduling Order – March 18, 2011.[1] Moreover, since the expiration of the expert witness report deadline, Plaintiffs have served their discovery responses without disclosing Dr. Bragman. Plaintiffs did not

---

[1] Notably, Plaintiffs timely designated and disclosed attorney Stanley Karsman as an expert witness in support of their professional negligence claims against co-defendants Robert Stein, Robert D. Stein & Associates, and Legal Counsel, Inc., and filed the report of Mr. Karsman. (Doc. 76).

-3-

include Dr. Bragman in their list of fourteen people with relevant knowledge or information pertaining to the subject matter of the lawsuit in response to Defendants' interrogatories.  *See* Plaintiff's Responses to Arrowhead and Brown Defendants First Interrogatories, Interrogatory No. 5, at pp. 4-6, attached as Exhibit 1.  Nor did the Plaintiffs identify Dr. Bragman in response to Defendants' eleventh request for production, which specifically sought "[a]ny and all documents concerning any expert(s) you intend to call at trial . . . ."  *See* Plaintiffs' Responses to Arrowhead and Brown Defendants First Request for Production of Documents at p. 6, attached as Exhibit 2.  Notably, the Plaintiffs did not specifically reserve the right to supplement their response to request eleven, despite doing so for other enumerated responses.  *Id.*  Notwithstanding the fact that Plaintiffs have not identified Dr. Bragman as an expert, Plaintiffs twice cited his affidavit in a recent pleading.  *See* Response in Opposition to Motion to Dismiss Second Amended Complaint at 10, n.1, 2 (Doc. 81).

   Plaintiffs' failure to disclose is not harmless because prejudice will result to the Defendants in the event that Plaintiffs are permitted to present testimony from an undisclosed expert witness.  *Silverstein*, 700 F. Supp. 2d at 1320.  If Plaintiffs are permitted to rely on testimony of Dr. Bragman or another chiropractic expert, these Defendants, whose own expert disclosures must be filed by April 29, 2011, will be at a tremendous disadvantage because they will have been deprived of the opportunity to retain their own expert to refute the Plaintiffs' expert opinions, or to have had the opportunity to depose Dr. Bragman on his opinions.  Furthermore, Defendants must be able to prepare their trial strategy – or motion for summary judgment – in reliance that no

chiropractic expert testimony will be permitted, given that the Plaintiffs did not identify an expert by the deadline set forth in the Scheduling Order.

Additionally, there is no "substantial justification" for Plaintiffs' failure to properly identify Dr. Bragman or any other chiropractic expert witness. Plaintiffs' deadline for filing expert witness reports was extended from the original scheduling order, *see* Scheduling Order, dated Dec. 9, 2010, (Doc. 53), and Plaintiffs still did not timely designate a chiropractic expert witness. Because Plaintiffs' discovery deficiencies are neither harmless nor substantially justified, the court must exclude any reference to Dr. Bragman's opinion and must prohibit Plaintiffs from presenting expert testimony by any chiropractic or medical expert.

### C. Dr. Bragman's testimony should be excluded because it is irrelevant.

Finally, Dr. Bragman's testimony should be excluded because it is wholly irrelevant to the claims in Plaintiffs' Second Amended Complaint. While Plaintiffs filed the expert affidavit of Alan Bragman, D.O. with their original complaint, they did so because their original complaint asserted a professional negligence claim against the Brown/Arrowhead Defendants.[2] However, since that time, Plaintiffs' professional negligence claims against the Brown/Arrowhead Defendants have been dismissed, (Doc. 55), and Plaintiffs' Second Amended Complaint does not incorporate the Affidavit of Alan Bragman, (Doc. 59). As a result, Dr. Bragman's testimony is wholly irrelevant to any claims in Plaintiffs' Second Amended Complaint and should be excluded for this reason as well.

---

[2] This matter originated in the State Court of Liberty County, Georgia, and the affidavit was filed pursuant to O.C.G.A. § 9-11-9.1.

LEGAL02/32545455v1

## **CONCLUSION**

In light of the foregoing, Defendants respectfully request that the Court GRANT this motion *in limine* and preclude Plaintiffs from calling any chiropractic or medical expert witnesses or offering any chiropractic or medical expert witness to supply evidence on a motion, at a hearing or at a trial.

Respectfully submitted this 4th day of April 2011.

*/s/ James C. Grant*
JAMES C. GRANT
Georgia Bar No. 305410
(*admitted pro hac vice*)
TRACY M. ELLIOTT
Georgia Bar No. 140944
(*admitted pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000 (Phone)
(404) 881-7777 (Facsimile)
jim.grant@alston.com
tracy.elliott@alston.com

G. MASON WHITE
Georgia Bar No. 754581
BRENNAN, HARRIS & ROMINGER, LLP
P.O. Box 2784
Savannah, Georgia 31402
(912) 233-3399 (Phone)
(912) 236-4558 (Facsimile)
gmw@bhrlegal.com

**Attorneys for Defendants Arrowhead Management, Inc., Arrowhead Clinic, Inc., Harry W. Brown, Inc., H. Brown Management Company, LLC, and Harry W. Brown, Jr.**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the foregoing **MOTION *IN LIMINE* TO PRECLUDE CHIROPRACTIC EXPERT TESTIMONY** via the Court's electronic filing system upon the following counsel of record:

> Brent J. Savage, Esq.
> SAVAGE, TURNER, PINSON & KARSMAN
> 304 East Bay Street
> Post Office Box 10600
> Savannah, Georgia  31412
>
> Lloyd D. Murray, Esq.
> LLOYD D. MURRAY & ASSOCIATES
> 10164 Ford Ave., Suite A
> Post Office Box 1569
> Richmond Hill, Georgia 31324
>
> Johannes Kingma, Esq.
> John Roberts, Esq.
> CARLOCK COPELAND
> 2600 Marquis Two Tower
> 285 Peachtree Center Avenue
> Atlanta, Georgia 30303

This 4th day of April 2011.

> */s/  Tracy M. Elliott*
> Tracy M. Elliott