IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARROWHEAD CLINIC, INC., et al.,<br><br>Defendants. | Civil Action No.: 4:09cv21 |

## BROWN/ARROWHEAD DEFENDANTS' MOTION FOR PROTECTIVE ORDER

This case is a commercial case, not a personal injury one. Plaintiffs' have alleged, *inter alia*, that Defendants Arrowhead Clinic, Inc., Arrowhead Management, Inc., Harry W. Brown, Inc., H. Brown Management Company, LLC, and Harry W. Brown, Jr. ("Brown/Arrowhead Defendants") have negligently maintained Plaintiffs' account such that two hundred dollars was wrongfully withheld before it was returned. *See* Plaintiffs' Amended Complaint. If no class is certified, the compensatory damages in this case, according to Plaintiffs' theory, is interest on two hundred dollars ($200) from the period May 31, 2005 to November 2007. Using the pre-judgment interest rate in Georgia, the interest amounts to $33.83. Despite these facts, Plaintiffs' counsel has berated at least one witness and counsel with allegations of criminal conduct, theft and other acts of dishonesty and deceit, such that counsel for Brown/Arrowhead Defendants was forced to terminate the deposition of one employee, Ms. Patricia Jemison. Moreover, on Friday, May 20, at 5:00 p.m., Plaintiffs noticed two additional depositions for Friday, May 23 at noon and 4:00.

Accordingly, Brown/Arrowhead Defendants hereby move the Court for a Protective

Order requiring the depositions of Dawn Renee and Randy Mayer be re-noticed for a date and time at least ten days from the date the notice is served, in order to provide the reasonable written notice contemplated by the Federal Rules. In addition, Brown/Arrowhead Defendants move the Court for a Protective Order ordering that any future depositions in this action be taken before two videographers, at the expense of Plaintiffs' counsel. In support of the Motion, Brown/Arrowhead Defendants show the Court as follows:

## STATEMENT OF FACTS

On May 20, 2011, pursuant to Notice, counsel for Plaintiffs Kenneth and Linda Waithe, Mr. Brent Savage, took the deposition of Ms. Brenda Fortner, a current employee of Defendant Arrowhead Management, Inc. *See* Declaration of Tracy M. Elliott, at ¶ 3 (hereinafter "Elliott Decl."), attached hereto as Exhibit A.[1]

The deposition was attended by counsel for all parties. The Brown/Arrowhead Defendants – and the witness, Ms. Fortner, as a current employee of Defendant Arrowhead Management, Inc. – were represented by Ms. Tracy Elliott, of Alston & Bird, LLP. *See* Elliott Decl. at ¶¶ 1-3. Defendants Robert Stein and Legal Counsel, Inc. ("Stein Defendants") were represented by Ms. Lindsey Hettinger, of Carlock Copeland & Stair. Elliott Decl. at ¶ 4. Nancy Lucas, a court reporter from Esquire Solutions, was also present. Elliott Decl. at ¶ 4. Counsel for Defendants, the court reporter and the witness were present in Atlanta, Georgia, while Mr. Savage participated via videoconference from his office in Savannah, Georgia. Elliott Decl. at ¶ 4.

Throughout the course of the deposition, Mr. Savage leveled seemingly personal attacks at the witness and counsel. Elliott Decl. at ¶ 5. Although the witness is not named in this

---

[1] A Declaration of what transpired at the deposition is provided because the transcript is not yet

2

lawsuit – and is merely a fact-witness employee – Mr. Savage repeatedly and aggressively stated that she "stole" his client's money, and that she must think that it is "ok" to have stolen and kept his client's money.  Elliott Decl. at ¶ 6.[2]  Mr. Savage continually berated the witness stating that she didn't care about "poor people," and that she thought the lawsuit was "a joke."  Elliott Decl. at ¶ 7.  Mr. Savage repeatedly and aggressively stated that her employer was guilty of criminal conduct and faced criminal liability.  Elliott Decl. at ¶ 10.

Although counsel for the Brown/Arrowhead Defendants repeatedly reminded Mr. Savage that the witness was not a 30(b)(6) corporate designee, and was a fact-witness, Mr. Savage continued to suggest to the witness that she had personal culpability for the allegations in the lawsuit against Defendants.  Elliott Decl. at ¶ 8.  Mr. Savage repeatedly told the witness that she didn't care about his clients – apparently because she did not have sufficient knowledge to answer his questions to his satisfaction. Elliott Decl. at ¶ 9.   Mr. Savage repeatedly communicated with the witness directly – at times without even attempting to interpose questions – telling her that counsel's conduct in this case has been "appalling" and falsely stating that counsel has hidden witnesses and documents.  Elliott Decl. at ¶ 13. By the conclusion of the deposition, Mr. Savage was no longer interposing questions to the witness but was merely berating the witness with his statements of the merits of his case, his opinion of the witness's employer, and his opinion of counsel for the Brown/Arrowhead Defendants. Elliott Decl. at ¶ 14.

Furthermore, Mr. Savage repeatedly made offensive and disparaging comments about and to counsel – both on and off the record.  Elliott Decl. at ¶ 11.  Mr. Savage referred to counsel in attendance as "minions" and repeatedly showed contempt and disrespect for the witness, the

---

available.  Counsel will supplement this Motion with the transcript as soon as it is available.
[2] Notably, the witness's testimony in no way supported this position. Elliott Decl. at ¶ 8.

3

parties, and counsel.[3] Elliott Decl. at ¶ 11, and n. 1. Mr. Savage repeatedly showed disdain for the fact that more junior attorneys of the respective law firms were in attendance at this deposition, rather than the partners of the firms. Elliott Decl. at ¶ 12.

By the end of counsel's examination, Ms. Fortner was visibly upset by the continued harassment, and upon conclusion of the deposition immediately began to cry. Elliott Decl. at ¶ 16. The deposition of another witness – Patricia Jemison – was to begin upon the completion of the deposition of Ms. Fortner. Elliott Decl. at ¶ 17. Although the parties and the witness were prepared to proceed with the deposition, counsel for the Brown/Arrowhead Defendants terminated the deposition on the grounds that Mr. Savage was conducting the depositions in a manner to unreasonably harasses the deponent. Elliott Decl. at ¶ 17.

Late in the afternoon of Friday, May 20, 2011, counsel for the Brown/Arrowhead Defendants received notices for the deposition of Dawn Renee, an employee of Arrowhead Management, Inc., to be held on *Friday*, May 23rd at 4:00 p.m., and the notice for the deposition of Randy Mayer, to be held on *Friday*, May 23rd at 12:00 p.m. *See* Notice of Deposition of Dawn Renee, and Notice of Deposition of Randy Mayer, attached hereto as Exhibit B, showing transmittal times of 4:47, 4:57 and 5:37.[4] The Brown/Arrowhead Defendants now seek a Protective Order pursuant to Fed. R. Civ. P. 26(c) and 30(d)(3) for the depositions of Patricia Jemison, Dawn Renee,[5] Randy Mayer, and any future depositions in this action.

### ARGUMENT AND CITATION OF AUTHORITIES

Federal Rule of Civil Procedure 30(d) provides that "at any time during a deposition, the

---

[3] Whether or not these comments are in the record, these comments were made in the presence of the witness and seemed to be designed to either cause the witness to lose confidence in counsel representing her or to otherwise intimidate or harass the witness.
[4] For reasons that are unclear, counsel received the Notice via facsimile three separate times.
[5] Counsel presumes that Plaintiffs' counsel wishes to depose Dawn Renee Webster, an employee

4

deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Moreover, "[i]f the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." *Id.* If such a motion is filed, "the court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c)." *Id.*

Federal Rule of Civil Procedure 26(c) states that "the court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression of undue burden or expense, including one or more of the following: … (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery…." "The burden of showing good cause for a protective order rests on the party requesting relief." *Stamps v. Encore Receivable Management, Inc.,* 232 F.R.D. 419, 423 (N.D. Ga. 2005). Good cause "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 256 (11th Cir.1987). The district court must also "balance the interests of those requesting the order." *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989).[6]

Good cause exists to postpone the depositions of Dawn Renee and Randy Mayer. Counsel and the parties were provided less than 72-hours notice of the proposed date and time for the depositions, *see* Exhibit B, and accordingly, the notice was unreasonable. *See U.S. v. Philip Morris, Inc.*, 312 F.2d 27 (D.D.C. 2004) (holding that deposition subpoenas would be quashed when served three days or less in advance of deposition). Counsel requests that the

---

named in Defendants' supplemental interrogatory responses.
[6] Rule 26 also requires a good faith certification of counsel that the movant has conferred or attempted to confer with other affected parties. Counsel's good faith certification, and Email

depositions be re-noticed for a date and time at least ten days from the date the notice is served, in order to provide the reasonable written notice contemplated by the Federal Rules. *See* Fed. R. Civ. P. 30(b)(1).[7]

Moreover, good cause exists for the Court to provide protection against any further harassing depositions such as occurred on May 20, 2011. The interest of Defendants in preventing any further abuse of witnesses is substantial. During the course of Ms. Fortner's deposition, among other things, Mr. Savage harassed the witness, disparaged her, and presented soliloquies of his opinions of her, her employer and counsel of record in this matter, at times without even attempting to interpose questions. *See* Elliott Decl. at ¶¶ 6-8, 13. Moreover, Mr. Savage repeatedly made false statements to the witness about the conduct of counsel for Brown/Arrowhead Defendants – counsel present to defend this witness in her deposition.[8] Elliott Decl. at ¶ 13. Despite repeated requests of counsel, Mr. Savage could not conduct the deposition of Ms. Fortner in the fashion required by the Federal Rules of Civil Procedure. Elliott Decl. at ¶¶ 8, 12, 15. Consequently, counsel does not believe that any future depositions will be conducted in a less abusive fashion, and counsel was forced to terminate the deposition of Ms. Jemison. *See* Elliott Decl. at ¶ 17.

For Ms. Jemison's deposition, as well as all future depositions in this action, Defendants request an Order requiring that all depositions be taken before two videographers – with one

---

from T. Elliott to B. Savage, dated May 23, is attached hereto as Exhibit C.

[7] Brown/Arrowhead Defendants do not object to holding the depositions promptly and just outside the current discovery period.

[8] At least one court has specifically found this type of behavior "inappropriate." *See Purser v. Trauner, Cohen & Thomas, LLP,* 2007 WL 4458455 at * 3-4, No. 1-07-cv-0395-JOF, (N.D. Ga. Dec. 14, 2007). The court noted it is "inappropriate questioning," for counsel to repeatedly call into question the competency of the witness's counsel and to attempt to create distance between the witness and her counsel. *See id. (*granting a motion for protective order for such conduct, among other egregious behavior). Significantly, the court also noted that this type of conduct

camera on the witness, and the other on Mr. Savage – at Plaintiffs' counsel's expense.[9] This will hopefully ensure that Mr. Savage conducts himself more professionally, or in the alternative, should any future motions be required to curtail Mr. Savage's conduct, the motions will be supported by sufficient evidence to adequately apprise the Court of the egregious nature of counsel's conduct. Such an Order is well within this Court's power to "specif[y] terms" of discovery and to "prescribe[e] a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c).

## CONCLUSION

The Brown/Arrowhead Defendants respectfully request that this Court enter an Order requiring Plaintiffs to notice the deposition of Dawn Renee and Randy Mayer for a date and time at least ten days from the date the notice is served, or a time mutually agreeable to parties and counsel. Furthermore, the Brown/Arrowhead Defendants respectfully request that this Court enter an Order requiring that all future depositions in this action proceed only with the presence of two videographers, with expenses of same to be incurred by Plaintiffs' counsel.[10]

Respectfully submitted this 23rd day of May 2011.

>	/s/ Tracy M. Elliott
>	JAMES C. GRANT
>	Georgia Bar No. 305410
>	(admitted pro hac vice)
>	TRACY M. ELLIOTT
>	Georgia Bar No. 140944
>	(admitted pro hac vice)
>	ALSTON & BIRD LLP
>	1201 West Peachtree Street
>	Atlanta, Georgia  30309-3424
>	(404) 881-7000

---

implicates Georgia Rule of Prof. Conduct 4.2(a). *Id.*
[9] None of the outstanding depositions are currently noticed as videotaped depositions.
[10] A proposed order is attached hereto as Exhibit D.

G. MASON WHITE
Georgia Bar No. 754581
BRENNAN, HARRIS & ROMINGER, LLP
P.O. Box 2784
Savannah, Georgia 31402
(912) 233-3399

*Attorneys for Defendants Arrowhead Clinic, Inc,. Arrowhead Management, Inc., Harry W. Brown, Inc., H. Brown Management Company, LLC, and Harry W. Brown, Jr.*

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing:

Brent J. Savage, Esq.
Savage, Turner, Pinson & Karsman
304 East Bay Street
Post Office Box 10600
Savannah, Georgia 31412

Lloyd D. Murray, Esq.
Lloyd D. Murray & Associates
10164 Ford Avenue, Suite A
Post Office Box 1569
Richmond Hill, Georgia

G. Mason White, Esq.
Brennan, Harris & Rominger, LLP
P.O. Box 2784
Savannah, Georgia 31402

Johannes S. Kingma, Esq.
John C. Rogers, Esq.
Lindsey Hettinger, Esq.
Carlock, Copeland & Stair, LLP
2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303

Submitted this 23rd day of May, 2011.

/s/    *Tracy M. Elliott*