UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| KENNETH and LINDA WAITHE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CV409-021 |
| ) | |
| ARROWHEAD CLINIC, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Alleging unprofessional conduct by plaintiff's counsel during a fact witness deposition, defendants Arrowhead Clinic, Inc., Arrowhead Management, Inc., Harry W. Brown, Inc., H. Brown Management Company, LLC, and Harry W. Brown, Jr. ("Brown/Arrowhead Defendants") move the Court for a protective order.[1] Doc. 92. They want all remaining depositions videotaped at plaintiffs' counsel's expense, and

---

[1] Defendants followed the proper procedure. Under Fed. R. Civ. P. Rule 30(d)(3), a party may move to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." A court may order the deposition terminated "or may limit its scope and manner as provided in Rule 26(c)." Fed. R. Civ. P. 30(d)(3)(B). *See NDK Crystal, Inc. v. Nipponkoa Ins. Co., Ltd.*, 2011 WL 43093 at * 3 (N.D. Ill. Jan. 4, 2011).

they want to reschedule two "short-timed" depositions. *Id.*

Defendants Robert D. Stein, Robert D. Stein d/b/a The Law Offices of Robert D. Stein and Associates, and Legal Counsel, Inc. (the "Stein Defendants") also move for a protective order, insisting that plaintiff's short-timed them on two depositions and thus a more reasonable time frame must be specified. Doc. 91.

The time for plaintiffs to respond to these motions has not yet elapsed. Local Rule 7.5 (14-day response time). Meanwhile the plaintiffs have noticed additional depositions for "Friday, May 23, 2011," a non-existent date (as May 23, 2011 falls on a Monday). Doc. 91 at 3; doc. 92 at 4; doc. 92-2 at 2. Discovery, for that matter, closed May 9, 2011.[2] Doc. 80 at 2.

In any event serious professionalism charges by one lawyer have been leveled against another.[3] *See* doc. 92-1 (T. M. Elliott Declaration).

---

² Apparently counsel agreed to take depositions beyond the discovery period.

³ Such allegations open the door for sanctions. *See, e.g., Redwood v. Dobson*, 476 F.3d 462, 468-69 (7th Cir. 2007) (deposing attorney, the attorney-witness being deposed, and the witness's attorney would each be censured, as discovery sanction, for conduct unbecoming a member of the bar, which occurred during deposition taken in civil rights lawsuit; deposing attorney asked questions with no apparent relevance, such as whether the witness had ever engaged in homosexual conduct and whether

A deposition transcript is needed here:

> The transcript of a deposition is critical, and the absence of pejorative or long-winded statements by the movant is important. The transcript can also be supported by correspondence related to the subject matter of the complaint. It is critical that the papers demonstrate the uncivil conduct is intentional, not inadvertent, and repeated, not isolated. To the extent there are applicable portions of civility codes which could be referenced in the transcript or written communications, as well as in the moving papers, they could convey that the accused conduct violates standards of conduct which the court should not ignore.

5 BUS. & COM. LITIG. FED. CTS. § 60:6 (*Incivility during depositions*) (2d ed. Dec. 2010).

Because a transcript of the May 20, 2011 (allegedly) "unprofessional" deposition is not yet available, the Court stays all depositions until this matter is resolved.

---

witness had been ordered to obtain psychiatric counseling as part of state bar disciplinary proceedings, witness's attorney violated procedural rule in repeatedly instructing witness not to answer, witness feigned an inability to remember and purported ignorance of ordinary words, and mutual enmity did not excuse the breakdown of decorum that occurred at the deposition). Indeed,

> [f]ederal courts have been receptive to motions based on uncivil deposition conduct, sanctioning an attorney who made obstructionist remarks on 91% of the transcript pages and appointing a discovery master to supervise the completion of a deposition of a witness whose lawyer engaged in "Rambo litigation tactics."

5 BUS. & COM. LITIG. FED. CTS. § 60:6 (*Incivility during depositions*) (2d ed. Dec. 2010) (footnotes omitted).

**SO ORDERED** this 24TH day of May, 2011.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA