IN THE UNITED STATES DISTRICT COUNTY
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KENNETH WAITHE and LINDA WAITHE, Individually and on behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    -vs-<br><br>ARROWHEAD CLINIC, INCORPORATED, ARROWHEAD MANAGEMENT, INC., HARRY BROWN, INC., H. BROWN MANAGEMENT COMPANY, LLC., HARRY W. BROWN, INC., HARRY W. BROWN, Sr., HARRY W. BROWN, Jr., AND ROBERT STEIN & ASSOCIATES,<br>            Defendants. | Civil Action No. 4:09-CV-00021 |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS, ARROWHEAD CLINIC INCORPORATED, HARRY W. BROWN, SR. AND HARRY W. BROWN, JR.

COME NOW, Plaintiffs in the above styled case and move for summary judgment as follows:

1.

Plaintiffs are former patients of Brown-Arrowhead Chiropractic Clinic (legally known as Harry Brown, Inc.). They received treatment at a clinic in Hinesville, Georgia starting in January of 2005. There, at their initial visit which cost close to $1,000.00 a piece, they were approached by a runner from co-Defendant, Robert Stein's office. They signed up with this lawyer's runner (See Exhibit "K" attached hereto). Both incurred bills of approximately $3,900.00 for "care" given over a 3 month period (See Exhibit "A" attached

hereto).  This treatment was as a result of a wreck which occurred on January 1, 2005 in Nashville, Tennessee.

2.

Plaintiffs had uninsured motorist coverage/"med pay" on their own vehicles through State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") and group health coverage through Mrs. Waithe's employer, with Blue Cross and Blue Shield (see Intake Forms attached as Exhibit "B").

3.

Brown Arrowhead submitted a number of the same bills for its "care" at its Hinesville clinic to both State Farm and Blue Cross for payment.  Both insurance companies paid all or part of these bills (See Exhibit "C" attached)  It failed to alert Blue Cross that the Waithe's had uninsured motorist coverage/"med pay".  Similarly, it failed to alert State Farm that the Waithe's had other insurance despite State Farm requesting this information (Brown Arrowhead left this portion of the form blank)(See Claims forms to State Farm attached as Exhibit "D").

4.

Brown-Arrowhead knew the Waithes had both State Farm uninsured motorist coverage and Blue cross group health from the beginning of its involvement in the Waithe case (See Exhibits "B" and "C" attached).

5.

Brown-Arrowhead, by its own admission, kept $681.00 too much from their care of the Waithes($200.00 due the Waithes and $481.00 due the insurers).  See Exhibit "E",

excerpts from Brown Jr. Deposition and Exhibit "L", refund to Waithes).

6.

These funds were kept for 29 months and Brown-Arrowhead has admitted in its 30(b)(6) deposition the only reason it paid these monies back was because Plaintiff's counsel supplied them with the Affidavit of Shelah Gibbs (See Exhibits "F" and "G" respectively for the Affidavit of Shelah Gibbs and the experts from 30(b)(6) Deposition of Brown-Arrowhead Clinic acknowledging why it repaid same).

7.

The bottom line is it is conceded Brown-Arrowhead used $681.00 for 29 months and only paid it back when the Waithes' counsel brought it to their attention.  Brown-Arrowhead refuses to pay any interest on these funds it essentially stole—only paying this money back after surreptitiously and illegally taking out an interest-free loan using the Waithes' money.

8.

Brown-Arrowhead refuses to acknowledge responsibility for these bad acts (See Exhibit "H", email to Jim Grant).  The affidavit and deposition of Shelah Gibbs makes it clear that Harry Brown, Jr., a chiropractor and new member of the State Bar of Georgia quarterbacked what must be described as a major felony if Ms. Gibbs is to be believed. As Ms. Gibbs' affidavit and subsequent deposition sets out, Brown-Arrowhead took over a million dollars by knowingly putting over a million dollars owing patients/their insurers in its operating account and then spending it.  Then, in order to cover taking more than $1,000,000.00 of patient/insurer money which took place it its Atlanta clinics, it zeroed out these accounts (See Deposition of Shelah Gibbs attached as Exhibit "J", at pages 63-65, 166-168 and 291 and paragraphs 11 and 12 of her Affidavit, attached as Exhibit "F").

9.

In response to these extremely serious allegations, Brown-Arrowhead tendered its founder, Harry Brown, Sr., and Harry Brown Jr. to respond to its 30(b)(6) Notice (See Exhibit "G", excerpts from 30(b)(6) of Brown-Arrowhead).

10.

Harry Brown, Sr. denied certain of the allegations of Shelah Gibbs' Affidavit (which are irrelevant to this Motion for Summary Judgment).

11.

Harry Brown, Sr. did not known any accounting or i.t. personnel who could address Ms. Gibbs' allegations that:

(a)  the credit balances attached to her affidavit were accurate as to the Savannah offices;

(b)  the credit balances were low as to the Atlanta offices because they had earlier been wiped out.

12.

At this juncture of the Waithe's case, the only issue is Brown-Arrowhead's keeping with no legal right $200.00 from the Waithe's and $481.00 from the Waithe's insurers.

13.

It was conceded it had no right to this money and kept it for 29 months with no right to keep it. Summary Judgment is clearly warranted (In fact, it was so clear, Plaintiffs' counsel asked Brown-Arrowhead's counsel to concede it—this was to no avail—See Exhibit "H".

{end of text this page}

WHEREFORE, Plaintiffs pray this Motion be inquired into and granted and that

Plaintiff be awarded attorneys fees and costs.

***Please note, Exhibit "I" to this Motion does not exist, that letter has been skipped to avoid re-lettering Exhibits***

This 22ND day of June, 2011

/S/ BRENT J. SAVAGE
Brent J. Savage
Georgia Bar No. 627450


SAVAGE, TURNER, KRAEUTER,
PINCKNEY & MADISON
P. O. Box 10600
Savannah, Georgia 31412
(912) 231-1140