UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| KENNETH and LINDA WAITHE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CV409-021 |
| | ) | |
| ARROWHEAD CLINIC, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Once again, a discovery problem has arisen in this case. *See* doc. 67; doc. 124, *reported at* 2011 WL 4048761. This time, the plaintiffs waited until after the discovery deadline expired (doc. 80 at 2; doc. 89 at 1) before noticing a deposition. Doc. 131 at 2-3; doc. 133 at 1-2. Defendants object, and move for a protective order. Doc. 131. They correctly note that plaintiffs should have first moved this Court under Fed. R. Civ. P. 16(b)(4) to amend the scheduling order's discovery deadline to allow the taking of the deposition; additionally, they point out that such a motion must be supported by "good cause." *See Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (scheduling orders may be

modified only "'upon a showing of good cause.'") (quoting Rule 16(b)(4)); *Great Northern Ins. Co. v. Ruiz*, 2010 WL 3074340 at * 1 (S.D. Ga. Aug. 4, 2010).

In reply, plaintiffs now invoke Rule 16(b)(4) in moving to amend the Scheduling Order and thus allow the deposition. Doc. 133. They do this even though (a) they provide no excuse for letting discovery expire and simply noticing a deposition without first moving to extend discovery, and (b) globally dispositive summary judgment motions are pending before the district judge, where nothing prevents them from invoking Fed. R. Civ. P. 56(d) to show that this additional deposition is necessary.

The Court **GRANTS** the defendants' motion for a protective order, doc. 131, and **DENIES** plaintiffs' Rule 16(b)(4) motion, doc. 133.

**SO ORDERED** this 12TH day of January, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA